HUESTON HENNIGAN LLP
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Sourabh Mishra, State Bar No. 305185
smishra@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:   (888) 775-0898

*Attorneys for Plaintiffs Kelly Toys Holdings, LLC;*
*Jazwares, LLC; Kelly Amusement Holdings, LLC;*
*and Jazplus, LLC.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>Defendant. | Case No.  2:24-cv-1169<br><br>**COMPLAINT FOR:**<br><br>**1. Trade Dress Infringement Under the Lanham Act;**<br><br>**2. Common Law Trade Dress Infringement;**<br><br>**3. Copyright Infringement Under the Copyright Act;**<br><br>**4. Common Law Unfair Competition; and**<br><br>**5. California Statutory Unfair Competition.**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT

6509778

Plaintiffs KELLY TOYS HOLDINGS, LLC, JAZWARES, LLC, KELLY AMUSEMENT HOLDINGS, LLC, and JAZPLUS, LLC (collectively, "Kelly Toys") bring this action against Defendant BUILD-A-BEAR WORKSHOP, INC. ("Build-A-Bear") for injunctive relief and damages under the laws of the United States and the State of California, as follows:

## **INTRODUCTION**

1. Plaintiffs are among the world's leading manufacturers and distributors of high-quality plush toys and other consumer products. In 2016, their distinctive line of plush toys branded "Squishmallows" was released. Often referred to as just "Squish," these soft, huggable friends immediately appealed to adults and children alike. Consumers throughout the United States began collecting Squishmallows and even started online communities to track the availability of new Squishmallows as they were released. Celebrities like Lady Gaga and Kim Kardashian have posted their collections of Squishmallows on social media. And major American publications, including *The New York Times*, have profiled the broad popularity of the



- 2 -
COMPLAINT

6509778

Squishmallows products worldwide.  As one consumer remarked about her Squishmallows plush: "It just brings me happiness and that warm and fuzzy feeling."[1]

2.    Squishmallows have become a phenomenon, rapidly experiencing breakaway success and quickly turning into a coveted collectors' item with an avid fanbase.  Indeed, in 2023 Squishmallows was the top-selling toy in the country.[2]

3.    Rather than competing fairly in the marketplace by creating its own unique concepts and product lines, Defendant Build-A-Bear, a company worth over 300 million dollars, decided that it would be easier to simply copy, imitate, and profit off the popularity and goodwill of Squishmallows, all in the hopes of confusing consumers into buying its products instead of Squishmallows.

4.    In January 2024, Build-A-Bear announced the release of its "Skoosherz" plush toys.  As seen below, the Skoosherz toys have the *same* distinctive trade dress as the popular Squishmallows, including: shaped fanciful renditions of animals/characters; simplified Asian style Kawaii faces; embroidered facial features; distinctive and non-monochrome coloring; and velvety velour-like textured exterior. And, likely noticing that consumers refer to Squishmallows as Squish, Build-A-Bear named its line "Skoosherz" to evoke an association with the word "Squish."  If a picture is worth a thousand words, the side by side comparison of Squishmallows against the Skoosherz copycats speaks volumes:

---

[1] Taylor Lorenz, *Squishmallows Are Taking Over*, N.Y. Times (March 16, 2021), https://www.nytimes.com/2021/03/16/style/squishmallows.html.

[2] *Circana Announces Its Annual Global Toy Industry Performance Award Winners*, Circana (Jan. 31, 2024), https://www.circana.com/intelligence/press-releases/2024/circana-announces-its-annual-global-toy-industry-performance-award-winners/.

COMPLAINT

6509778

| Squishmallows Original Product | Skoosherz Copycat Product |
|---|---|



5.     Upon information and belief, in the marketplace, Build-A-Bear has been trying to trick customers looking for Squishmallows into buying its own Skoosherz instead.  Indeed, the similarities have not gone unnoticed—immediately upon their launch, multiple media outlets have already referred to Skoosherz as "Squishmallow-like" and "Squishmallow-adjacent."[3]   Consumers have likewise taken no time to identify Build-A-Bear's attempt to replicate the Squishmallows Trade Dress, commenting that Skoosherz are "like a worse Squishmallow" and that Build-A-Bear is "just trying to copy Squishmallow[s]" and is "ripping off Kellytoys."  Others have noted that Skoosherz "look like cheap squishmallow knockoffs," noting that "they literally used the most popular squishmallow animals/designs."

---

[3] Josh Coulson, *Build-a-Bear Reveals Its Squishmallow-Like Skoosherz Line,* (Jan. 11, 2024), https://www.thegamer.com/build-a-bear-squishmallow-like-skoosherz/.

COMPLAINT

6509778

6.      Build-A-Bear's efforts have created substantial and actual confusion even in the short time that they've been available.  For example, a confused consumer asked on the Build-A-Bear Instagram post announcing its newest line, Skoosherz, "so now ur making squishmallows?"

7.      Build-A-Bear's actions have already caused significant harm.   For example, customer confusion has and will continue to lead to lost potential customers, sales, and market share.

8.      This is a straightforward case of trade dress and copyright infringement.  Kelly Toys Holdings, LLC owns the popular and distinctive trade dress in Squishmallows and Build-A-Bear is willfully infringing those trade dress rights.  Courts regularly find trade dress infringement in similar cases.  *See, e.g.*, *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 714 (9th Cir. 2010) (affirming jury verdict finding trade dress infringement); *MGA Entm't, Inc. v. Multitoy, Inc.*, No. CV04-2524, 2005 WL 8156296, at *3-4 (C.D. Cal. Oct. 11, 2005) (finding that defendant infringed plaintiff toy company's trade dress).  Kelly Toys Holdings, LLC also owns copyrights to certain Squishmallows and Build-A-Bear is likewise willfully infringing on those copyrights by selling its Skoosherz products that copy constituent elements of those copyrights.  Through this action, Kelly Toys seeks monetary and injunctive relief to stop Build-A-Bear's copycat efforts, put an end to consumer confusion, and vindicate the intellectual property rights in Squishmallows.

## THE PARTIES

9.      Plaintiff Kelly Toys Holdings, LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California.

10.     Plaintiff Jazwares, LLC is a Delaware limited liability company with its principal place of business in Broward County, Florida.

11.     Plaintiff Kelly Amusement Holdings, LLC is a Delaware limited liability company with its principal place of business in Syosset, New York.

6509778

12. Plaintiff Jazplus, LLC is a Delaware limited liability company with its principal place of business in Broward County, Florida.

13. Plaintiffs are all affiliated entities, governed by common ownership and intercompany agreements.

14. On March 31, 2020, non-party Kellytoy Worldwide, Inc., the previous holder of the copyrights and trade dress rights at issue, assigned all legal title to the distinctive trade dress associated with the Squishmallows products, as well as all registered copyrights in and related to the Squishmallows products, to Plaintiff Kelly Toys Holdings, LLC.  Accordingly, Plaintiff Kelly Toys Holdings, LLC is the legal owner of registered copyrights in and related to its Squishmallows products and the Squishmallows trade dress.

15. Kelly Toys Holdings, LLC provides the rights to the remaining plaintiffs, Jazwares, LLC, Kelly Amusement Holdings, LLC, and Jazplus, LLC, to sell and distribute the Squishmallows products that incorporate the protected intellectual property rights.  Plaintiffs are all related companies that each independently have the ability to inspect and monitor the Squishmallows products and to maintain the products' quality.  Each plaintiff thus has a cognizable interest in the infringement at issue.

16. Defendant Build-A-Bear is a consumer toy limited liability company organized under the laws of Delaware with its principal place of business at 415 18th Street, Suite 200, St. Louis, Missouri 63103.  Build-A-Bear is registered to do business in California, and has over thirty locations in California, including at least eleven of which are in the Central District of California.  Build-A-Bear is in the business of manufacturing and selling children's toys, including plush toys.

## JURISDICTION AND VENUE

17. This action involves the trademark laws of the United States, 15 U.S.C. § 1125(a), and, specifically, the statutory and common law of trade dress infringement.

6509778

1  This action also involves the copyright laws of the United States, 17 U.S.C. § 101, *et*

2  *seq*.

3      18.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338,

4  and 1367, and 15 U.S.C. §§ 1114, 1116, 1117, 1121, and 1125.  Specifically, the Court

5  has federal question jurisdiction in this case over the claims brought under federal law

6  and supplemental jurisdiction over the claims brought under state law.

7      19.    Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 and

8  1400(a).

9      20.    This Court has personal jurisdiction over Defendant Build-A-Bear based

10 on its contacts with the forum.  Build-A-Bear has purposefully directed its tortious

11 activity at California.  Build-A-Bear has over thirty physical locations in California,

12 including at least eleven within the Central District of California, where Build-A-Bear

13 sells its products, including, upon information and belief, the infringing Skoosherz.

14 The infringing Skoosherz are also available for order online via Build-A-Bear's

15 website and pick up at physical locations in California.  In order to sell Skoosherz in

16 Build-A-Bear's California branches, the infringing articles were either manufactured

17 in or shipped to California.

18     21.    Build-A-Bear knew its actions would cause harm in California.  Build-A-

19 Bear is aware of the locations of its physical storefronts and launched its Skoosherz

20 product with the knowledge that it would be sold in its brick-and-mortar locations,

21 including, upon information and belief, in California.

## BACKGROUND FACTS

### Kelly Toys Launches Its Squishmallows Products

22 Kelly Toys is an innovative and highly successful creator, manufacturer,

25 distributor, and seller of unique plush toys, including its Squishmallows line of plush

26 toys under the SQUISHMALLOWS brand.

27     23.    In 2016, Kelly Toys conceived of and began creating its Squishmallows

28 line of plush toy designs that share common, unique features distinguishing them from

6509778

the goods of others.  Most of these designs are the subject of United States Copyright Registrations or pending applications therefor, and each is sold in commerce under the Squishmallows brand.  In essence, these creative development efforts produced an entirely new class of plush toys that has carved a previously non-existent niche in the marketplace.



24.     Kelly Toys Holdings, LLC is the sole owner of all right, title, and interest in and to the Squishmallows products that possess unique, recognizable and distinguishing features that are common across much of the Squishmallows line.  From 2016 to the present, Kelly Toys has expended large sums of money in developing, advertising and promoting the Squishmallows Trade Dress (defined below), and the product designs embodying it, throughout the United States. In fact, Kelly Toys spends approximately $1,000,000 annually in direct to consumer and business-to-business advertising in connection with its Squishmallows products.

## Squishmallows Has a Distinctive Trade Dress

25.     Due to the distinctive Squishmallows trade dress, coupled with its unique designs, extensive marketing efforts, media coverage, and market penetration, the

6509778

Squishmallows Trade Dress has acquired distinctiveness in the marketplace when applied to plush toys. In fact, because of Kelly Toys' extensive promotional activities and widespread display of plush toys embodying the Squishmallows Trade Dress directed to the public, and as a consequence of Kelly Toys' well-earned reputation for fairness and integrity in dealings with its customers, the relevant consuming public has come to recognize and associate plush toys embodying the trade dress as high quality goods connected with or offered by Kelly Toys. As a result, that trade dress has valuable goodwill and consumer recognition associated with it and has come to symbolize the exemplary reputation of Kelly Toys.

26.     Consistent with that advertising and marketing scope, Kelly Toys sells a broad range of Squishmallows products featuring the iconic trade dress, and whose overall look, feel and image—and in particular but without limitation its shapes, colors, textures and graphics—serve as a distinctive source identifier to the consuming public. Though not easily reduced to writing, these features include: (1) substantially egg/bell/oval shaped plush toys depicting various similarly shaped fanciful renditions of animals/characters; (2) simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell/oval shape of the toys; (3) embroidered facial features, such as eyes, nostrils, and/or mouths; (4) distinctive contrasting and non-monochrome coloring; and (5) short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel (the "Squishmallows Trade Dress").

6509778

1
2
3
4
5
6
7
8
9
10
11
12
13



14   27.   The Squishmallows Trade Dress, when viewed as a whole, presents a

15   non-functional look and feel that is uniquely associated with Squishmallows.  The

16   aesthetic features of the Squishmallows Trade Dress do not have utilitarian

17   functionality, as evidenced and underscored by the following facts: (1) the unique

18   combination of the egg/bell/oval-shaped characters, simplified Kawaii face and

19   repeated egg/bell/oval shapes, embroidered facial features, distinct coloring, and

20   velvety texture yields no utilitarian advantage over other plush toys; (2) there are

21   innumerable alternative stylistic plush toy features available to and used by

22   competitors, including, (i) countless alternative plush toy shapes (e.g. traditional

23   animal designs as opposed to Squishmallows' whimsical, abstract renditions of

24   animals and characters), (ii) numerous alternative means to depict facial features (e.g.

25   plastic or bead eyes, features emulating realistic animals, countless different facial

26   expressions); (iii) myriad alternative shell materials (e.g. terrycloth, long pile plush,

27   velboa, satin), (iv) countless alternative stuffing materials available (e.g. beans, cotton,

28   hard foam, wool, etc.), and (v) innumerable alternative plush designs and combinations

6509778

of features actually used and available in the marketplace; (3) even if there were some utilitarian advantages of the Squishmallows Trade Dress, Kelly Toys' advertising does not tout or market those advantages; and (4) the Squishmallows Trade Dress is not the result from comparatively simple or inexpensive methods of manufactures vis-à-vis other plush toys.

28.     Further, Squishmallows Trade Dress, when viewed as a whole, does not have aesthetic functionality, as protection of the specific combination of these aesthetic features would not impose a non-reputation-related competitive disadvantage against competitors.   Competitors have successfully used innumerable alternative design elements and combinations of those elements, and the specific combination of the Squishmallows Trade Dress features does not serve an aesthetic function wholly independent of any source identifying function.   To the contrary, the Squishmallows Trade Dress was specifically designed to distinguish – and has succeeded in distinguishing – the source of products embodying the Squishmallows Trade Dress from the source of other toys.   Thus, any advantage gained from the specific combination of aesthetic features comprising the Squishmallows Trade Dress is based on Kelly Toys and Squishmallows' reputation, as the specific combination of aesthetic features comprising the Squishmallows Trade Dress is highly distinctive and has become associated in the minds of the consuming public with plush toy products of the highest quality, originating from a single source – Squishmallows.

**Kelly Toys Holdings, LLC Owns Copyrights in Squishmallows**

29.     Additionally, Kelly Toys Holdings, LLC is also the owner of registered copyrights in and related to its Squishmallows products (the "Squishmallows Works"), including listed those in the below chart:

6509778

| Copyrighted Works | Copyright Number |
|---|---|
|  | VA0002346938 |
|  | VA0002096026 |

## Squishmallows Are Distinctive and Popular

30.     Kelly Toys and its predecessor have, beginning in 2016 and continuing without interruption, expended a great deal of time, effort, and money in the promotion of its Squishmallows line.   And due to Kelly Toys' distinctive designs, robust marketing efforts, media coverage, and market penetration, the Squishmallows Trade Dress has acquired distinctiveness in the marketplace when applied to plush toys.   As a further result of Kelly Toys' extensive promotional activities and widespread display of its Squishmallows directed to the public and as a result of its fairness and integrity mentioned above, the relevant consuming public has come to recognize and associate plush toys embodying the Squishmallows Trade Dress as high quality goods connected with or offered by a single source.   The Squishmallows Trade Dress thus embodies valuable goodwill and consumer recognition associated with it and has come to symbolize valuable goodwill and reputation.

31.     In addition to being original and inherently distinctive, the Squishmallows Trade Dress is also widely recognized by consumers.   A simple

6509778

Internet search using the Google search engine yields, for example, about 56,200,000 "hits" for the search term "Squishmallows."

32. Beyond marketing and selling Squishmallows through thousands of retail stores nationwide, Kelly Toys additionally markets and sells its Squishmallows via its website www.squishmallows.com and on www.jazwares.com/brands/squishmallows, featuring dozens of copyright-protected photographs of its plush toys and models holding its Squishmallows.

33. Kelly Toys also actively engages in promoting its line of Squishmallows products through its numerous social media accounts, including on Instagram, TikTok, Facebook, and Twitter. Indeed, Kelly Toys' legion of loyal fans of its line of Squishmallows have been extremely engaged on social media, including TikTok, Instagram, and Facebook, demonstrating their awareness and affection for Kelly Toys' Squishmallows. Squishmallows videos have been viewed more than 11 billion times on TikTok and fans have posted Squishmallows content more than 1 million times on Instagram.

34. Kelly Toys' Squishmallows have become a phenomenon—they have turned into a collectors' item, with their avid fanbase searching high and low to collect as many of the over 3,000 different Squishmallows characters as possible.

35. Indeed, sales of Squishmallows have increased over 300% in 2022 alone, with sales soaring to over $200 million worldwide.

36. Further adding to their recognition and secondary meaning in the marketplace, Squishmallows have been featured in over 300 publications, including magazines, press articles, reviews, and videos, including many mainstream media publications such as the Washington Post, the New York Times, TIME Magazine, Forbes, The Guardian, the New York Post, the Costco Connections Magazine, People Magazine, Seventeen Magazine, and many others. By way of example, the Washington Post characterized Squishmallows as "the hottest toy on the market" and

6509778

described its avid fanbase as follows: "The fandom is often likened to the Beanie Baby craze — and on its way to be an enduring brand like Hello Kitty and Pokémon."[4]



37.    The New York Times has proclaimed that "Squishmallows are Taking Over,"[5] Forbes named them "2022's Must-Have Christmas Toy,"[6] and The Guardian has recognized the toy's rise in popularity on social media, writing that "Squishmallows go from TikTok sensation to top Christmas toy."[7]

---

[4] Jaclyn Peiser, *Adults Are Driving Sales of the Hottest Toy on the Market: Squishmallows*, Wash. Post. (June 25, 2023), https://www.washingtonpost.com/business/2023/06/24/squishmallows-toy/.

[5] Taylor Lorenz, *Squishmallows Are Taking Over*, N.Y. Times (March 18, 2021), https://www.nytimes.com/2021/03/16/style/squishmallows.html.

[6] Mark Faithfull, *Squishmallows Going Viral, Warren Buffet and 2022's Must-Have Christmas Toy,* Forbes (Dec. 13, 2022), https://www.forbes.com/sites/markfaithfull/2022/12/13/squishmallows-going-viral-warren-buffett-and-2022s-must-have-christmas-toy/?sh=692f77db22ad.

[7] Zoe Wood, *Squishmallows Go From TikTok Sensation to Top Christmas Toy*, Guardian (Dec. 9, 2022), https://www.theguardian.com/business/2022/dec/09/squishmallows-go-from-tiktok-sensation-to-top-christmas-toy.

6509778

38.     Squishmallows' widespread popularity is further demonstrated by its recent October 2023 feature on the cover of Costco Connections, the magazine circulated monthly to nearly 15 million Costco members nationwide with advertisements for products sold at Costco, raving that "Squishmallows have taken over the toy world," and that "as toy stores go, the marshmallow-like plush toy's meteoric rise to the top of the $100 billion global toy market is one for the ages."[8]

39.     Squishmallows' fandom ranges across all ages, from children to teens to adults.  Celebrities like Kim Kardashian and Lady Gaga have identified themselves as avid devotees of the brand, and have published messages and photos of their Squishmallows collections on their social media accounts:



---

[8] Mark Caldwell, *Soft Sell*, Costco Connection, Oct. 2023, at 22, https://mobilecontent.costco.com/live/resource/img/static-us-connection-october-23/US_October_Connection_2023.pdf.

6509778



40.    In September of 2022, Squishmallows was awarded the "People's Choice" awards by The Toy Foundation, and in both 2022 and 2023 won the coveted "Toy of the Year" and "Plush Toy of the Year" awards. Squishmallows are so popular that they have been identified as the most popular toy brand across 41% of the U.S. states—far ahead of other well-known mega brands like Hot Wheels, Lego, Nintendo Switch, Nerf, and Play-Doh.

41.    Due to Squishmallows' massive success and popularity, consumers associate the high-quality Squishmallows toys with the Squishmallows Trade Dress.

### Build-A-Bear's Infringing Skoosherz Products

42.    True to its name, Build-A-Bear is best known for providing a place for people to create their own customizable toys. Build-A-Bear offers a number of premade, unstuffed plush animals and characters that consumers can stuff themselves to build their own toy. Consumers can also customize their plush toy, for example by buying it clothes and accessories, or purchasing audio recordings to incorporate inside the toy.

43.    On January 11, 2024, Build-A-Bear launched "Skoosherz," a line of plush toys that copies and imitates Squishmallows. The Skoosherz products are a radical departure from the company's typical products. Indeed, they lack all the customizable aspects that Build-A-Bear is known for. Consumers cannot go into a Build-A-Bear

6509778

Workshop and build their own Skoosherz.  Instead, Skoosherz are pre-made and available for purchase in the same way any traditional manufacturer would sell a toy.

44.    Instead of maintaining its original idea of allowing consumers to create their own toys, Build-A-Bear now seeks to trade off the goodwill of Squishmallows by marketing obvious copycat products—plush toys that look almost identical to popular Squishmallows.  To be clear, Build-A-Bear is not licensed or otherwise authorized by Kelly Toys to market or distribute products embodying the copyrighted designs or the Squishmallows Trade Dress.

Skoosherz toys have the *same* distinctive trade dress as the popular Squishmallows, including: shaped fanciful renditions of animals/characters; simplified Asian style Kawaii faces; embroidered facial features; distinctive and non-monochrome coloring; and velvety velour-like textured exterior.  Side by side comparisons of Squishmallows and copycat Skoosherz products plainly show how striking the similarities are:

COMPLAINT

6509778

| Squishmallows Original Product | Skoosherz Copycat Product |
|---|---|



6509778

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Squishmallows Original Product | Skoosherz Copycat Product |

6509778

45.     Not only has Build-A-Bear purposely copied the Squishmallows Trade Dress, it uses one of the *same* suppliers to manufacture Skoosherz that Plaintiffs use to create Squishmallows.  Upon information and belief, Build-A-Bear commissioned a Chinese manufacturer that has rights to manufacture Squishmallows to produce the copycat Skoosherz.  Upon information and belief, Build-A-Bear received notice and knows that Skoosherz are improper Squishmallows copycats.  Yet Build-A-Bear brazenly ignored the warning and produces the toys anyway.

**Consumer Confusion**

46.     Not only do Skoosherz visually and tactilely simulate Squishmallows, but Build-A-Bear has also tried to trick customers looking for Squishmallows into buying Skoosherz instead.  By naming its products that so closely resemble Squishmallows "Skoosherz," Build-A-Bear has taken steps to ensure that customers seeking out Squishmallows (often referred to as "Squish") become mistaken by the confusingly similarly named Skoosherz instead.

47.     Build-A-Bear has sought to market off of this association, portraying its Skoosherz as the "most squishable," and advertising that consumers can "Squish" them, plainly seeking to create an association between the infringing Skoosherz and the wildly popular Squishmallows, or "Squish:"

- 20 -
COMPLAINT

6509778








6509778



48.    Build-A-Bear's descriptions of individual Skoosherz toys similarly seek
create an association with Squishmallows, noting that they are "squishable."  For
example, the product details for Build-A-Bear's axolotl state:



- 22 -
COMPLAINT

6509778

49.   Build-A-Bear also markets its Skoosherz line in a strikingly similar fashion to Squishmallows, as depicted below:

**Original Squishmallows**          **Copycat Skoosherz**

 

50.   Skoosherz products create a likelihood of confusion with original Squishmallows products.  In fact, there is evidence of *actual* consumer confusion.  For example, on a recent promotional Skoosherz Instagram post, a user asked whether Build-A-Bear was now making Squishmallows:



51.   Other consumers have also noted how similar Skoosherz are to Squishmallows.  Indeed, as shown below, the official Build-A-Bear Instagram account was forced to clarify that these were indeed Skoosherz, not Squishmallows, when a commentor posted "SQUISHMALLOW!? !?" to Build-A-Bear's promotional video of Skoosherz.  This led another poster to jokingly direct that the "build a bear social media employee [should] like this comment if ur being held hostage," jestingly

6509778

suggesting that the Build-A-Bear Instagram administrator was being forced to clarify that these were "*Skoosherz" and not Squishmallows against their will:



52.    These users were not alone.  Build-A-Bear's Instagram post announcing its new Skoosherz line is riddled with posts calling them "knockoff Squishmallows" and noting the obvious similarities between these new products and the well-known Squishmallows:

6509778

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





6509778

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







6509778

53.     Other consumers noted that Skoosherz are "like a worse Squishmallow," even noting that Skoosherz chose to copy several of the most popular Squishmallows characters.  Still others highlight the fact that Skoosherz represent a radical departure from Build-A-Bear's traditional model of building a custom toy, referring to them as "soulless ripoff[s]":

 **lairviniaa** · 10 hr. ago

I'm sorry but I really can't see the appeal 😬 like I collect both squishmallows and bab but these designs are just lazy and look like cheap squishmallow knockoffs (they literally used the most popular squishmallow animals/designs) and like I don't understand why they'd make these (besides wanting an easy cash grab) they have none of the features that make babs special and unique, they didn't even make clothes for them and they're overpriced too (and imo they're not even cute 😬) I mean if you enjoy them I'm happy for you i don't wanna ruin the fun but its just a no from me

 **stabby_coffin_salt** · 2 days ago

It's like a worse Squishmallow. I'd rather just get one of those Squishem's or whatever they're called (they have one that's a plague doctor).

These knockoffs remind me of those TY squish things. Can't stand the lack of quality or thought.

The cow is kinda cute I guess?

 ⇧ 177 ⇩    Reply    Share   ···

 **saredarebear** · 4 hr. ago

I feel like if they were going to make something resembling squishmallows they could at least make it so you "build" it and make a line of clothing for it so it does not feel like such a a soulless ripoff. It's cute, but Build a Bear has something that is pretty unique and I do not understand why these were released the way they were.

 ⇧ 3 ⇩   Reply   Share   ···

54.     Build-A-Bear's actions have caused and will continue to cause significant harm.  As a result of consumer confusion, Kelly Toys has lost and will continue to lose potential customers, sales, and market share.

55.     In sum, Build-A-Bear's willful conduct has damaged and will continue to irreparably damage the reputation, business, and goodwill of Kelly Toys.  And, unless enjoined, Build-A-Bear will continue to further escalate its infringing activities.

6509778

## **FIRST CAUSE OF ACTION**

### **(Trade Dress Infringement – 15 U.S.C. § 1125)**

56.    Kelly Toys repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

57.    Kelly Toys Holdings, LLC owns and has a protectable interest in the Squishmallows Trade Dress.

58.    As owner of all rights, title and interest in and to the Squishmallows Trade Dress, Kelly Toys Holdings, LLC has standing to maintain an action for trade dress infringement under the Lanham Act including, 15 U.S.C. § 1125.

59.    The Squishmallows Trade Dress is nonfunctional and highly distinctive and has become associated in the public mind with plush toy products of the highest quality and reputation finding their origin in a single source, the Squishmallows brand.

60.    The Squishmallows Trade Dress has acquired secondary meaning based upon, at least in part, the amount and manner of advertising of products embodying the Squishmallows Trade Dress, the volume of sales, as well as the length and manner of use of the products.

61.    The Squishmallows Trade Dress is nonfunctional because its distinctive aesthetic features yield no utilitarian advantage, there are innumerable alternative stylistic plush toy features available to competitors, even if there were some utilitarian advantages of the design, Kelly Toys' advertising does not tout or market those advantages, and the Squishmallows Trade Dress is not the result from comparatively simple or inexpensive methods of manufacture.  Furthermore, protection of the specific combination of the aesthetic features consistent across Squishmallows brand plush toys would not impose a non-reputation-related competitive disadvantage against competitors, as there are innumerable alternative design elements and combinations of those elements for competitors to utilize.  The combination of the Squishmallows Trade Dress features does not serve an aesthetic function wholly independent of any source identifying function; rather, the highly distinctive

6509778

Squishmallows Trade Dress is intended to distinguish Kelly Toys products from those of competitors.

62.     Without Kelly Toys' authorization or consent, and having knowledge of Kelly Toys Holdings, LLC's prior rights in the Squishmallows Trade Dress, Defendant has designed, manufactured, distributed, advertised, offered for sale and/or will continue to design, distribute, advertise, offer for sale, and sell replicas of the Squishmallows Trade Dress to the consuming public in direct competition with Kelly Toys, in or affecting interstate commerce.

63.     Build-A-Bear's infringing designs are, each alone and together, confusingly similar to the Squishmallows Trade Dress.  Defendant's use of the Squishmallows Trade Dress has caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, irreparable injury to goodwill and reputation associated with the Squishmallows Trade Dress.

64.     Defendant's use of the Squishmallows Trade Dress thus constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

65.     As a direct and proximate result of Build-A-Bear's unlawful conduct, it has misappropriated Kelly Toys Holdings, LLC's rights in the Squishmallows Trade Dress, as well as the goodwill associated therewith, and has diverted sales and profits from Kelly Toys to Build-A-Bear.  Thus, as a direct and proximate result of Defendant's acts of willful infringement, Kelly Toys has suffered and/or will suffer irreparable damage to its valuable brand and reputation, and other damages in an amount to be proven at trial, including Defendant's profits and Kelly Toys' lost profits.

66.     Defendant's actions described above will cause, have caused, and will continue to cause irreparable damage to Kelly Toys, unless Defendant is enjoined by this Court.  Kelly Toys has no adequate remedy at law with regard to Defendant's infringing conduct.  Accordingly, Kelly Toys is entitled to a permanent injunction, pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendant and its agents,

servants, and employees, and all persons acting thereunder, in concert with, or on its behalf, from using Kelly Toys' Squishmallows Trade Dress, or any colorable imitation or variation thereof, in connection with the sale and/or marketing of any products.

67. Defendant's aforesaid acts are exceptional within the meaning of 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (California Common Law Trade Dress Infringement)

68. Kelly Toys repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

69. Kelly Toys Holdings, LLC is the owner of all right, title, and interest in and to the Squishmallows Trade Dress used by Kelly Toys by virtue of its extensive manufacture and sale of products embodying such trade dress as set forth in the preceding paragraphs of the Complaint.

70. Kelly Toys' common law trade dress is distinctive, and furthermore, has acquired secondary meaning.  Kelly Toys has continuously used its Squishmallows Trade Dress to identify its goods in California and elsewhere, and to distinguish them from goods of a different origin.  As such, there are common law rights to the Squishmallows Trade Dress.

71. The Squishmallows Trade Dress is nonfunctional and highly distinctive and has become associated in the public mind with plush toy products of the highest quality and reputation finding their origin in a single source, Kelly Toys.

72. The Squishmallows Trade Dress has acquired secondary meaning based upon, at least in part, the amount and manner of advertising of products embodying the Squishmallows Trade Dress, the volume of sales, as well as the length and manner of use of the products.

73. The Squishmallows Trade Dress is nonfunctional because its distinctive aesthetic features yield no utilitarian advantage, there are innumerable alternative stylistic plush toy features available to competitors, even if there were some utilitarian

- 30 -
COMPLAINT

6509778

advantages of the design, Kelly Toys' advertising does not tout or market those advantages, and the Squishmallows Trade Dress is not the result from comparatively simple or inexpensive methods of manufacture.  Furthermore, protection of the specific combination of the aesthetic features consistent across Squishmallows products would not impose a non-reputation-related competitive disadvantage against competitors, as there are innumerable alternative design elements and combinations of those elements for competitors to utilize.  The combination of the Squishmallows Trade Dress features does not serve an aesthetic function wholly independent of any source identifying function.  Rather, the highly distinctive Squishmallows Trade Dress is intended to distinguish Kelly Toys' plush toys from those of competitors.

74.   The infringing products advertised, distributed, offered for sale, and sold by Defendant incorporate matter constituting replicas and imitations of Kelly Toys' common law trade dress.  Such unauthorized use by Defendant of Kelly Toys' common law trade dress constitutes common law trade dress infringement and has already caused, and will likely continue to cause, confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and is causing purchasers to believe such products are authentic products of Kelly Toys when, in fact, they are not.

75.   Upon information and belief, Defendant has willfully and intentionally misappropriated aspects of Kelly Toys' common law trade dress with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to palm off its goods as those of Kelly Toys, and as such, Defendant has committed trade dress infringement under the common law.

76.   By such actions in infringing Kelly Toys' common law trade dress, Defendant is improperly trading upon the reputation and goodwill, and is impairing valuable rights in, such trade dress.

6509778

77. Upon information and belief, Defendant has committed the above alleged acts in conscious disregard of Kelly Toys' rights, and Kelly Toys is therefore entitled to punitive damages pursuant to the common law of the State of California.

78. Kelly Toys has no adequate remedy at law. The conduct of Defendant has caused and, if not enjoined, will continue to cause, irreparable damage to the rights in and business, reputation, and goodwill of the Squishmallows Trade Dress.

## **THIRD CAUSE OF ACTION**

### **(Federal Copyright Infringement – 17 U.S.C. § 501(a))**

79. Kelly Toys Holdings, LLC repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

80. Kelly Toys Holdings, LLC is the exclusive owner of the Squishmallows Works.

81. On information and belief, Defendant had actual notice of Kelly Toys Holdings, LLC's exclusive rights in and to the Squishmallows Works.

82. Defendant did not attempt and therefore inherently failed to obtain Plaintiffs' consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Kelly Toys Holdings, LLC's Squishmallows Works.

83. Without permission, Defendant knowingly and intentionally reproduced, copied, and displayed the Squishmallows Works by manufacturing, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling infringing products which bear such Squishmallows Works, or artwork that is, at a minimum, substantially similar to the Squishmallows Works. For example:

6509778

| Copyrighted Works | Copyright Number | Infringing Build-A-Bear Product |
|---|---|---|
|  | VA0002346938 |  |
|  | VA0002096026 |  |

84.    Defendant's unlawful and willful actions as alleged herein constitute infringement of the Squishmallows Works, including exclusive rights to reproduce, distribute and/or sell such Squishmallows Works in violation of 17 U.S.C. § 501(a).

85.    Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Kelly Toys Holdings, LLC in an amount as yet unknown but to be proven at trial, for which Kelly Toys Holdings, LLC has no adequate remedy at law, and unless enjoined, Defendant will continue to cause substantial and irreparable harm to Kelly Toys Holdings, LLC.

86.    Based on Defendant's wrongful conduct, Kelly Toys Holdings, LLC is entitled to injunctive relief, Kelly Toys Holdings, LLC's actual damages and lost profits, and Defendant's profits arising from Defendant's conduct complained of herein, including any profits that are attributable to the infringement and are not taken into account in computing the actual damages, in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

6509778

## FOURTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

87.    Kelly Toys repeats, realleges, and incorporates each and every allegation made above as if fully set forth herein.

88.    This claim arises under the common law of the State of California relating to unfair competition.

89.    Defendant's infringing products incorporate matter constituting reproductions, copies, and/or colorable imitations of Kelly Toys' Squishmallows Trade Dress.  Defendant's unauthorized use of Kelly Toys' Squishmallows Trade Dress constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of Defendant's products and to cause purchasers to believe that Defendant's products are authentic products of Kelly Toys when in fact, they are not.

90.    Upon information and belief, Defendant has intentionally appropriated Kelly Toys' Squishmallows Trade Dress with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent of palming off its goods as those of Kelly Toys.  Defendant has thus committed unfair competition under the common law of the State of California.

91.    By its actions in infringing Kelly Toys' Squishmallows Trade Dress, Defendant is improperly trading upon the reputation and goodwill, and impairing valuable rights in, the Squishmallows Trade Dress.

92.    Upon information and belief, said activities of Defendant have caused, and if not enjoined, will continue to cause, irreparable harm and damage to the rights in the Squishmallows Trade Dress and to business reputation and goodwill.

93.    Upon information and belief, Defendant has engaged in the unlawful conduct alleged herein intentionally, maliciously, fraudulently, and oppressively entitling Kelly Toys to punitive damages in an amount to be determined at trial.

6509778

1
2
3

### FIFTH CAUSE OF ACTION

**(California Statutory Unfair Competition –**

**Cal. Bus. & Prof. Code § 17200, *et seq.*)**

4      94.     Kelly Toys repeats, realleges, and incorporates each and every allegation
5   made above as if fully set forth herein.

6      95.     By reason of the foregoing, Defendant has been and is engaged in
7   "unlawful, unfair or fraudulent business practices" in violation of Cal. Bus. & Prof.
8   Code **§** 17200 *et seq*.

9      96.      The Squishmallows Trade Dress constitutes a protectable property right.
10  Defendant's infringement of the Squishmallows Trade Dress will and has caused an
11  impairment and diminishment of Plaintiffs' rights.  Indeed, the activities of Defendant
12  have caused and, if not enjoined, will continue to cause irreparable harm and damage
13  to the rights in the Squishmallows Trade Dress and to business reputation and
14  goodwill.  Kelly Toys has no adequate remedy at law for these wrongs and injuries.
15  The damage to Kelly Toys includes harm to its goodwill and reputation in the
16  marketplace that money cannot compensate.  Accordingly, Kelly Toys is entitled to a
17  permanent injunction restraining and enjoining Defendant and its agents, servants,
18  employees, and all persons acting thereunder, in concert with, or on its behalf, from
19  using the Squishmallows Trade Dress, or any colorable imitation or variation thereof,
20  in connection with the sale and/or marketing of any products.  Kelly Toys is further
21  entitled to recover its costs and attorneys' fees incurred in bringing and prosecuting
22  this action.

23
24
25
26
27
28

6509778

## **PRAYER FOR RELIEF**

WHEREFORE, Kelly Toys prays for judgment against Defendant as follows:

a.     That Defendant, its officers, members, directors, agents, servants, employees, successors, licensees, representatives, assigns, and all persons acting in concert or participation with them, be permanently enjoined and restrained from:

(i)   Manufacturing, distributing, advertising, offering to sell or selling its infringing products or any colorable imitations of the Squishmallows Trade Dress or the Squishmallows Works;

(ii)   Using the Squishmallows Trade Dress or any confusingly similar trade dress in connection with plush or other toys;

(iii)   Using the Squishmallows Trade Dress, or any confusingly similar trade dress, in connection with the advertisement, offer to sell, or sale of any toy products;

(iv)   Using imitations of the Squishmallows Works in connection with plush toys or other goods;

(v)   Infringing or contributing to infringement of Kelly Toys Holdings, LLC's copyrights or trade dress, or otherwise engaging in unfair competition with Kelly Toys in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead, or deceive suppliers, purchasers, or any member of the public into thinking that Defendant or any of its products are affiliated with Kelly Toys or that Kelly Toys has otherwise sponsored, approved, or licensed any products or services of Defendant;

(vi)   Engaging in any other activity constituting unfair competition with Kelly Toys, or constituting infringement of the Squishmallows Trade Dress or Squishmallows Works; and

(vii)   Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in

- 36 -
COMPLAINT

6509778

subparagraphs (i) through (vi) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vi) above.

b.     That Defendant be directed to file with the Court and serve on Kelly Toys, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

c.     That Kelly Toys Holdings, LLC has superior rights to exclusive use in the Squishmallows Works and the Squishmallows Trade Dress in connection with toys vis-à-vis Defendant;

d.      That the Court direct any third parties providing services to Defendant in connection with any infringing and/or enjoined conduct, including social media platforms (*e.g.*, Instagram, Facebook, Twitter), online marketplaces (*e.g.*, Amazon, Etsy, eBay, Alibaba), online payment providers, including credit card companies (*e.g.*, PayPal, Visa) and other service providers (*e.g.*, Google, GoDaddy, LiveChat, Shopify) to cease providing services to Defendant in connection with the offer for sale and sale of the infringing products or any other products using, infringing, or embodying the Squishmallows Trade Dress or the Squishmallows Works;

e.     That Defendant be required to pay Kelly Toys such damages as it has sustained as a consequence of Defendant's infringement of the Squishmallows Trade Dress and the Squishmallows Works and trebling of those damages under 15 U.S.C. § 1117;

f.     Adjudge that the Defendant, by its unauthorized use of Kelly Toys' Squishmallows Trade Dress and Squishmallows Works for plush toys, and other acts as it may have undertaken relating to the Squishmallows Trade Dress and/or Squishmallows Works, has violated Kelly Toys' rights under 15 U.S.C. § 1125(a), 17 U.S.C. § 501(a), under California state law (including, without limitation, Cal. Bus. &

Prof. Code § 17200 *et seq.*), and under common law, and that they have done so willfully;

g.      Direct Defendant to provide Kelly Toys with an identification in writing of any and all entities that are presently using the Squishmallows Trade Dress or Squishmallows Works on Defendant's behalf and inform them that they must immediately cease such use;

h.      Direct Defendant to immediately recall any and all merchandise previously provided to any entity embodying or using the Squishmallows Trade Dress or the Squishmallows Works;

i.      Enter an order, pursuant to 15 U.S.C. § 1118, directing Defendant to deliver for destruction all products, brochures, marketing materials, decals, stickers, signs, prints, packages, receptacles, wrappers, boxes, and advertisements in their possession or under its control, embodying any unauthorized copy of the Squishmallows Trade Dress or any of the Squishmallows Works, or any simulation, reproduction, counterfeit, copy, confusingly similar likeness, or colorable imitation therefor, and all plates, molds, matrices, programs, and other means of making the same;

j.      That Defendant provide Kelly Toys in writing with the following information relating to Defendant's goods marketed, advertised, offered for sale, or sold under either or both of the Squishmallows Trade Dress and/or Squishmallows Works:

> (i)      the name, address, and telephone number of each and every United States entity to whom Defendant has made available or otherwise provided any such products;
>
> (ii)     the total number of units distributed and sold;
>
> (iii)    the total number of units remaining in inventory; and

6509778

          (iv)    a full accounting as to the precise dollar amount of such products made available or provided and the profits recognized by Defendant in connection with such actions;

k.    Direct Defendant to pay the costs of corrective advertising;

l.    Direct Defendant to pay Plaintiffs' attorneys' fees and costs incurred in initiating and prosecuting this action;

m.    Direct Defendant to pay punitive damages and exemplary damages according to proof;

n.    That Kelly Toys recover its actual damages, Kelly Toys' lost profits, and Defendant's profits arising from Defendant's conduct complained of herein, including any profits that are attributable to the infringement and are not taken into account in computing the actual damages;

o.    That the Court award enhanced and treble damages;

p.    That Kelly Toys be awarded interest, including pre-judgment interest, on the foregoing sums;

q.    That the Court direct such other actions as it may deem just and proper to prevent the public from deriving the mistaken impression that and products or services offered, advertised, or promoted by or on behalf of Defendant is authorized by Kelly Toys or related in any way to Kelly Toys' products or services; and

r.    For such other and further relief as the Court may deem just and proper.

Dated: February 12, 2024         **HUESTON HENNIGAN LLP**

By: */s/ Moez M. Kaba*
    Moez M. Kaba, State Bar No. 257456
    *mkaba@hueston.com*
    Sourabh Mishra, State Bar No. 305185
    *smishra@hueston.com*
    523 West 6th Street, Suite 400
    Los Angeles, CA 90014

COMPLAINT

6509778

1

2

Telephone:     (213) 788-4340
Facsimile:     (888) 775-0898

3

*Attorneys for Plaintiffs*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 40 -
COMPLAINT

6509778

**DEMAND FOR JURY TRIAL**

Kelly Toys hereby demands a trial by jury.

Dated:  February 12, 2024                    **HUESTON HENNIGAN LLP**


By:  */s/ Moez M. Kaba*
       Moez M. Kaba, State Bar No. 257456
        *mkaba@hueston.com*
       Sourabh Mishra, State Bar No. 305185
        *smishra@hueston.com*
       523 West 6th Street, Suite 400
       Los Angeles, CA 90014
       Telephone:    (213) 788-4340
       Facsimile:     (888) 775-0898

       *Attorneys for Plaintiffs*

6509778