HUESTON HENNIGAN LLP
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Sourabh Mishra, State Bar No. 305185
smishra@hueston.com
Brittnee Bui, State Bar No. 333372
bbui@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

*Attorneys for Plaintiffs Kelly Toys Holdings, LLC; Jazwares, LLC; Kelly Amusement Holdings, LLC; and Jazplus, LLC.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>Defendants. | Case No. 2:24-cv-01169-JLS-MAR<br><br>**PLAINTIFFS' OPPOSITION TO BUILD-A-BEAR WORKSHOP, INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:   June 28, 2024<br>Time:   10:30 a.m.<br>Place:  Hon. Josephine L. Staton<br>        Courtroom 8A |
|---|---|

Plaintiffs Kelly Toys Holdings, LLC; Jazwares, LLC; Kelly Amusement Holdings, LLC; and Jazplus, LLC ("Plaintiffs") hereby oppose Defendant Build-A-Bear Workshop, Inc's ("Defendant") request for judicial notice (ECF 27-2, "RJN").

As explained below, Defendant's request inappropriately asks the Court to take notice of images and facts extraneous to the Amended Complaint, facts regarding third parties unrelated to the case, and factual contentions, for the purpose of rejecting Plaintiffs' well-pled allegations. Though each category of documents listed in the RJN is independently objectionable, as detailed further below, Defendants' request also violates controlling Ninth Circuit precedent prohibiting district courts from taking judicial notice of, and assuming the truth of, documents not referenced in the complaint to dispute allegations contained therein. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint—accepted as true at the pleading stage—can easily topple otherwise cognizable claims.").[1]

The Court should deny Defendant's request for judicial notice.

---

[1] *See also Khoja*, 899 F.3d at 998 ("The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.").

A. **Defendant's Exhibits Containing Third-Party Webpages and Purported Excerpts from Pleadings Are Not Proper Subjects of Judicial Notice**

Defendant's RJN seeking judicial notice of documents and facts outside the Amended Complaint reflects a fundamental misapplication of the rules governing judicially noticeable facts. Rule 201 of the Federal Rules of Evidence permits judicial notice of "a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). There are two sources of indisputable facts subject to judicial notice under Rule 201: those that are "generally known within the trial court's territorial jurisdiction" and those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). None of the documents Defendant seeks judicial notice of satisfies either of those criteria.

*First*, Defendant asks the Court to take notice of certain products sold by unrelated third parties to show that "the existence of products that Plaintiffs previously asserted infringe its purported rights in the Squishmallows" and to show they "still are marketed and sold today embodying the same or similar product designs to those shown in Plaintiffs' Squishmallows line[.]" (RJN at 7.) Specifically, Defendant seeks judicial notice of website pages showing products allegedly sold by non-parties Ty, Inc.; Dan-Dee International Ltd.; Squishable; and Kidrobot. (*Id.* at 2.)

As an initial matter, federal courts decline to take notice of items published on a third-party webpage. *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015) ("As a general matter, courts are hesitant to take notice of information found on third party websites and routinely deny requests for judicial notice, particularly when the credibility of the site's source information is called into question by another party.") (collecting cases); *see id.* (declining to take judicial notice of a blog entry, internet article, and the truth of facts contained in press releases); *Tortilla Factory, LLC v. Trader Joe's Co.*, No. 18-cv-2977, 2018 WL 8367468, at *3

(C.D. Cal. Oct. 11, 2018) (declining to take judicial notice of printouts from third-party's website).

But even if the Court chose to take judicial notice of information from a website, which it should not, there is nothing about the screenshots Defendant has provided that would allow the Court to take notice that these third-party products (1) were accused of trade dress infringement, or (2) are encompassed by the Plaintiffs' trade dress definition. These are Defendant's inferences, which cannot be judicially noticed. *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("The truth of the content, and the inferences properly drawn from them [] is not a proper subject of judicial notice under Rule 201.").

Moreover, courts routinely reject the introduction of extraneous materials to bolster a defendant's arguments regarding the sufficiency of a plaintiff's trademark or trade dress. *See Virgin Scent, Inc. v. Bel Air Naturals Care Corp.*, No. 17-cv-8284, 2018 WL 5264145, at *2 (C.D. Cal. Feb. 8, 2018) (declining to take judicial notice of USPTO records because they were offered only for the "improper" purpose of demonstrating "that Plaintiff's mark and trade dress are generic"); *Children's Miracle Network v. Miracles for Kids, Inc.*, No. 18-cv-1227, 2018 WL 8243998, at *2-3 (C.D. Cal. Dec. 6, 2018) (declining to take judicial notice of USPTO results for the purpose of showing that the plaintiff's trademarks were not strong and noting that "this hotly contested question cannot be answered solely by reference to information gleaned from judicially noticeable documents"). This Court should do the same.

*Second*, Defendant requests the Court take judicial notice of Exhibit A, images it purports to be from other pleadings, and Exhibit O, a document purporting to compile different iterations of the Identified Trade Dress from other pleadings. While courts may take judicial notice of "judicial proceedings in other courts," *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014), that is not what Defendant has asked this Court to do with these exhibits—Defendant asks the Court to take notice of items and excerpts Defendant seemingly cherry-picked and purports to be from

particular filings. *See Carrol Shelby Licensing, Inc. v. Halicki*, No. 20-cv-1344, 2020 WL 7060197, at *3 (C.D. Cal. Nov. 2, 2020) (declining to take judicial notice of exhibits "because they purport to be reproductions of photographs attached to the FAC which are already before the Court, and the RJN does not otherwise adequately authenticate their origin or explain their relevance"). Even if this were a proper way of identifying court records to be noticed, "judicial notice is not a proper basis for rejecting factual allegations appearing in the plaintiff's complaint." *Patel*, 253 F.R.D. at 546 (quoting *CPI Advanced, Inc. v. Kong Byung Woo Comm. Ind., Co.*, 135 F. App'x 81, 82–83 (9th Cir. 2005)). "The truth of the content, and the inferences properly drawn from them [] is not a proper subject of judicial notice under Rule 201." *Id.*

**B.   Defendant's Exhibits Purporting to Show Squishmallows Products Are Not Incorporated by Reference**

Defendant also seeks judicial notice of documents it claims show additional Squishmallows products. (RJN at 2 (categories 2 and 3).) But Defendant's contention that every Squishmallows product has been incorporated by reference is incorrect.

Defendant grossly misreads *Clement 1 LLC v. Scottsdale Ins. Co.*, No. 23-cv-3779, 2023 WL 4492422, at *2 (C.D. Cal. July 11, 2023), and strategically replaces key phrases with "Squishmallow products" to obscure the actual purpose of the law. The quoted portion in its entirety reads:

> "The doctrine prevents plaintiffs from selecting only portions of *documents* that support their claims, while omitting portions of those very *documents* that weaken–or doom–their claims." [] "The Ninth Circuit has extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a *document*, the defendant attaches the *document* to its motion to dismiss, and the parties do not dispute the authenticity of the *document*, even though the plaintiff does not explicitly allege the contents of that *document* in the complaint."

*Id.* at *2 (emphasis added).

There is a significant difference between excerpts from a single document attached to a complaint and hundreds of individual items not referenced in the complaint. The purpose of the incorporation by reference doctrine is to ensure that excerpts from documents are read in their entirety; it is not intended to incorporate every product manufactured by a company bearing the same trademark. Nor is the doctrine intended to incorporate extraneous marketing materials simply because marketing methods have been put at issue.

Put simply, just because the Amended Complaint refers to *some* Squishmallows products does not mean that the entire Squishmallows line of products is judicially noticeable. *Bruton v. Gerber Prod. Co.*, 2014 WL 172111, at *7 (N.D. Cal. Jan. 15, 2014) (declining to take judicial notice of different product labels to dispute factual allegations and establish a change in products because those are questions of fact subject to reasonable dispute); *Reed v. Gen. Mills, Inc.*, 2019 WL 2475706, at *2 (W.D. Wash. June 13, 2019) (declining to take judicial notice of unauthenticated product packaging for products mentioned in the complaint because of factual disputes regarding whether those particular labels were within scope of claim); *Khoja*, 899 F.3d at 1003 ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts.").

***

Defendant seeks judicial notice of third-party webpages, as well as facts and individual products not referenced in the Amended Complaint. These exhibits are not proper subjects of judicial notice, nor were they incorporated by reference in the Amended Complaint. The Court should thus deny Defendant's RJN. *See id.* at 1003-04 (reversing grant of judicial notice at the motion to dismiss stage for abuse of discretion because court assumed the truth of a facts in third party documents even

though "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint").

Dated:  June 7, 2024

**HUESTON HENNIGAN LLP**

By: _____
Moez M. Kaba, State Bar No. 257456
  *mkaba@hueston.com*
Sourabh Mishra, State Bar No. 305185
  *smishra@hueston.com*
Brittnee Bui, State Bar No. 333372
  *bbui@hueston.com*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:   (213) 788-4340
Facsimile:   (888) 775-0898

*Attorneys for Plaintiffs*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiffs certifies that this brief contains 1,669 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 7, 2024            **HUESTON HENNIGAN LLP**

By: _____

Brittnee Bui
*Counsel for Plaintiffs*

- 7 -
PLAINTIFFS' OPPOSITION TO BUILD-A-BEAR WORKSHOP, INC.'S REQUEST FOR JUDICIAL NOTICE