| | |
|---|---|
| 1 | **LEWIS RICE LLC** |
| 2 | Michael J. Hickey, *Pro Hac Vice*<br>mhickey@lewisrice.com |
| 3 | Philip J. Mackey, *Pro Hac Vice*<br>pmackey@lewisrice.com |
| 4 | 600 Washington Avenue, Suite 2500<br>St. Louis, Missouri 63101 |
| 5 | Telephone: (314) 444-7630<br>Facsimile: (314) 612-7630 |
| 6 | **KEESAL, YOUNG & LOGAN** |
| 7 | STACEY M. GARRETT, CASB No. 155319<br>stacey.garrett@kyl.com |
| 8 | 310 Golden Shore, Suite 400<br>Long Beach, California 90802 |
| 9 | Telephone: (562) 436-2000<br>Facsimile: (562) 436-7416 |
| 10 | *Attorneys for Defendant Build-A-Bear Workshop, Inc.* |

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 14 | KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC, | Case No. 2:24-cv-01169 JLS (MARx) |
| 17 | Plaintiffs, | **BUILD-A-BEAR WORKSHOP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)** |
| 18 | vs. | |
| 19 | BUILD-A-BEAR WORKSHOP, INC., | |
| 20 | Defendant. | Date: June 28, 2024<br>Time: 10:30 a.m.<br>Place: Honorable Josephine L. Staton<br>Courtroom 8A |

**Table of Contents**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 3

    A. This Court Has Repeatedly Dismissed Similar Trade Dress Descriptions. .......................................................................................... 3

    B. Plaintiffs Are Required to Clearly Define Their Trade Dress. .............. 4

        1. The Asserted Squishmallows Trade Dress Is Overbroad, Vague, and Generic. ................................................................... 6

        2. Plaintiffs' Squishmallows Product Line Has No Consistent Overall Look and Is Therefore Inadequately Defined. .............. 8

    C. Secondary Meaning Cannot Attach to Commonplace Features. ........ 10

    D. No Substantial Similarity Exists Under Copyright Law. .................... 10

    E. This Court Should Dismiss Plaintiffs' Amended Complaint, With Prejudice, Because Further Amendment Would Be Futile. ................ 12

        1. Trade Dress Futility ..................................................................... 12

        2. Copyright Futility ........................................................................ 13

    F. Build-A-Bear Complied with Local Rule 7-3. .................................... 14

III. CONCLUSION ............................................................................................. 14

# Table of Authorities

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 4

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ................... 5

*Carlini v. Paramount Pictures Corp.*, No. 2:19-CV-08306-SB-RAP, 2021 WL 911684 (C.D. Cal. Feb. 2, 2021), *aff'd,* No. 21-55213, 2022 WL 614044 (9th Cir. Mar. 2, 2022) ........................................................................................................ 13

*Crafty Prods., Inc. v. Michaels Companies, Inc.*, 389 F. Supp. 3d 876 (S.D. Cal. 2019) ........................................................................................................................ 5, 9, 10

*Daniels v. Walt Disney Co.*, 958 F.3d 767 (9th Cir. 2020) ...................................... 11

*Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSx), 2015 WL 12731929 (C.D. Cal. May 8, 2015) .............................................. 3, 5

*Denims v. Ram Imports, Inc.*, No. CV 20-9254 DSF (JCX), 2020 WL 11884712 (C.D. Cal. Dec. 10, 2020) .................................................................... 5

*DuMond v. Reilly*, No. CV 19-8922-GW-AGRX, 2021 WL 4772986 (C.D. Cal. Jan. 8, 2021) ........................................................................................................... 14

*Greenberg v. Johnston*, No. CV-14-046505-MWF (VBKx), 2014 WL 12586252 (C.D. Cal. Oct. 22, 2014) ........................................................... 3, 5

*In re Lusk*, No. SACV160930AGJCGX, 2016 WL 4107671 (C.D. Cal. July 30, 2016) .................................................................................................................. 14

*Kelly Toys Holdings, LLC v. Zuru, LLC*, Case No. 2:23-cv-09255-MCS-AGR (C.D. Cal.) ............................................................................................................... 1

*Kellytoy USA, Inc. et al. v. Dan-Dee Int'l, Ltd. et al.*, Case No. 2:18-cv-05399-JAK (C.D. Cal.) ..................................................................................................... 4

*Kizler v. Budget Fin. Co.*, No. CV 5:20-0296-DOC-KK, 2020 WL 4037212 (C.D. Cal. Apr. 1, 2020) .................................................................................... 13

*Leatherman Tool Grp., Inc. v. Cooper Indus.*, 199 F.3d 1009 (9th Cir. 1999) ......... 7

*Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230 (C.D. Cal. 2014) ....................... 2

*Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904 (9th Cir. 2010) ....................... 10, 12

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) .................................................... 5

*Moroccanoil, Inc. v. Marc Anthony Cosms., Inc.*, 57 F. Supp. 3d 1203 (C.D. Cal. 2014) .................................................................................................................... 8

*Paramount Farms Int'l LLC v. Keenan Farms Inc.*, 2012 WL 5974169 (C.D. Cal. Nov. 28, 2012) ........................................................................................... 8

*Pretty in Plastic, Inc. v. Bunn*, 793 F. App'x 593 (9th Cir. 2020) ..................... 12, 13

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) .............. 13

*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003) ........................................................ 10

*SCG Characters LLC v. Telebrands Corp.*, No. CV1500374DDPAGRX, 2015 WL 4624200 (C.D. Cal. Aug. 3, 2015) ............................................................. 7

*Walker & Zanger, Inc., v. Paragon, Indus. Inc.*, 549 F. Supp. 2d 1168 (N.D. Cal. 2007) ....................................................................................................... 5

*Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205 (2000) .................................. 10

**Statutes**

15 U.S.C. § 1127 ......................................................................................................... 12

17 U.S.C. § 102(a) ...................................................................................................... 12

17 U.S.C. § 102(b) ...................................................................................................... 11

**Other Authorities**

1 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION (5th ed. 2020) ........................................................................... 5, 8

TRADEMARK MANUAL OF EXAMINING PROCEDURE (2023) ........................................ 2

## I. INTRODUCTION

Plaintiffs' Opposition to Build-A-Bear's Motion to Dismiss rehashes the same tired arguments pursued by Plaintiffs case after case for their Squishmallows product line. Fourteen times, Plaintiffs have come up with differing descriptions of their purported unregistered trade dress rights and asserted that their vague, overly broad, and generic descriptions of basic plush toy features are somehow sufficient to survive dismissal. This Court should reject Plaintiffs' improper attempt to essentially claim exclusive rights to cute, squishy, multi-colored, shaped plush toys and dismiss Plaintiffs' Amended Complaint, with prejudice. One more chance is not going to change the fact that Plaintiffs have no cognizable trade dress in their widely varying products.

Most telling about Plaintiffs' Opposition is that it conveniently omits any mention of Judge Scarsi's recent rejection of Plaintiffs' nearly identical trade dress claims for the same Squishmallows product line. As this Court is well aware, Judge Scarsi criticized these same Plaintiffs' claimed trade dress description and accompanying product images as failing to provide the required "level of clarity about the nature and scope of the claimed trade dress" and instead relying on "questionable orientalist tropes" and a description that was "too broad and ambiguous to form the basis of a plausible claim for trade dress infringement," therefore failing the requirement of Federal Rule of Civil Procedure 8. *See* Order on Motion to Dismiss, dated March 5, 2024, *Kelly Toys Holdings, LLC v. Zuru, LLC*, Case No. 2:23-cv-09255-MCS-AGR (C.D. Cal.) (ECF No. 22 herein, p. 5).

In response to Judge Scarsi's dose of reality, Plaintiffs amended their respective complaints against both Zuru and Build-A-Bear, but barely modified their description of their asserted unregistered trade dress. Instead, Plaintiffs added just one word to their trade dress description ("abstract") and deleted three other words ("Asian style" and "oval"). Plaintiffs used the remainder of their amendment to comment on the reasons and intent behind their purported design choices for the

- 1 -

1  Squishmallows products, none of which changed their asserted trade dress
2  description. Plaintiffs doubled down on their overly broad, vague, and generic trade
3  dress description of their Squishmallows product line, which is unsurprising given
4  that, fourteen times over the last number of years, Plaintiffs have concocted multiple
5  variations of their purported, unregistered trade dress, only to fail repeatedly to
6  clearly define their asserted rights.[1] Plaintiffs' express acknowledgement of their
7  difficulty articulating their supposed unregistered rights is becoming more important
8  with every amendment. ECF No. 1, ¶26 (admitting Plaintiffs' alleged trade dress "is
9  not easily reduced to writing").

10  To that point, Plaintiffs' fourteen different failed attempts to set forth viable trade dress descriptions illuminate why Plaintiffs failed to acquire (or even *attempt* to acquire) a federal registration for their asserted trade dress. Plaintiffs obviously cannot develop a singular drawing or description of the claimed trade dress to satisfy the U.S. Trademark Office and obtain an actual registration. *See* ECF No. 27, pp. 24-25; *see also* TRADEMARK MANUAL OF EXAMINING PROCEDURE (2023) ("TMEP") §807.01 (requiring a single drawing for a single trademark application); TMEP §1202.02(c)(i) (requiring trade dress drawings to use solid lines for claimed product design elements, dotted lines for unclaimed portions); TMEP §1202.02(c)(ii) (requiring trade dress application to specify "which elements on the drawing constitute the mark and are claimed as part of the mark and which are not."). For example, Plaintiffs' first purported element ("substantially egg/bell/oval shaped plush toys depicting various similarly shaped abstract/fanciful renditions of animals/characters") would require *at least* three drawings because it not only

---

[1] Ironically, Plaintiffs rely in part on the *Lepton Labs* case at page 11 of their Opposition to inaccurately assert Build-A-Bear is "fault[ing]" Plaintiffs for "providing [a] more detailed description[] of their trade dress," but merely a few sentences after their citation, that court notes "a plaintiff cannot adopt a shifting-sands approach to pleading its alleged trade dress," which *is* what Build-A-Bear is faulting Plaintiffs for doing. *Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014).

includes at least three different shapes (egg, bell, and oval), but also includes terms without singular, objective criteria, such as "abstract" and "fanciful." Further, no applicant could reasonably include in a singular drawing "abstract/fanciful renditions of animals/characters," which is based on subjective imagination without any objective metes and bounds. Plaintiffs cannot register their asserted trade dress because Plaintiffs cannot objectively define their claimed trade dress features, either before the U.S. Trademark Office or in this Court.

Plaintiffs' confusing, circular arguments both distort and ignore reality but ultimately do not change the fact that Plaintiffs are required to clearly define their claimed trade dress, which they have failed to do. *See, e.g.*, *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, No. CV 15-769 PSG (SSx), 2015 WL 12731929, at *3 (C.D. Cal. May 8, 2015) ("A plaintiff should **clearly articulate its claimed trade dress** to give a defendant sufficient notice.") (emphasis added); *Greenberg v. Johnston*, No. CV-14-046505-MWF (VBKx), 2014 WL 12586252, at *2 (C.D. Cal. Oct. 22, 2014) (same). Plaintiffs' claims must be dismissed.

Plaintiffs' copyright claims similarly fail on their face because Plaintiffs' copyrighted works lack any substantial similarity to Build-A-Bear's frog and axolotl plush toys, aside from the fact they both depict the idea of these animals, which Plaintiffs concede is not copyrightable subject matter.

This Court should therefore dismiss Plaintiffs' trade dress and copyright claims (and the related state and common law claims), with prejudice, barring Plaintiffs from amending again based on the futility of any further amendments.

## II.  ARGUMENT

### A.  This Court Has Repeatedly Dismissed Similar Trade Dress Descriptions.

Throughout their Opposition, Plaintiffs make no mention of their ongoing case against Zuru, nor do they even attempt to distinguish the merits of Judge Scarsi's Order (ECF No. 22) granting dismissal just three months ago.

In his Order, Judge Scarsi roundly criticized Plaintiffs' "questionable" trade dress descriptions which did not do "much to describe the asserted trade dress" and expressly warned Plaintiffs "that a subsequent pleading containing another ***ill-defined*** trade dress description may result in a final dismissal of the trade dress claims." *Id.*, pp. 5, 7 (emphasis added). Rather than heeding Judge Scarsi's advice, Plaintiffs' revised trade dress descriptions in the Zuru case (and here) do nothing to "describe the asserted trade dress," but instead explain *why* Plaintiffs made certain design choices – as if that matters. *Compare* ECF No. 25, pp. 9–17 *with* ECF No. 27-2, Exhibit K, pp. 151–160; *see also* ECF No. 22, p. 5. Zuru's motion to dismiss Plaintiffs' "amended" claims are currently pending before Judge Scarsi.

Likewise, this Court previously dismissed similarly overbroad, unspecific claims of unregistered trade dress asserted in the Squishmallows product line in a case involving another plush toy manufacturer, Dan-Dee, which similarly confirmed Plaintiffs' lack of protectable rights and their repeated, failed attempts to clearly define their asserted rights. *See Kellytoy USA, Inc. et al. v. Dan-Dee Int'l, Ltd. et al.*, Case No. 2:18-cv-05399-JAK (C.D. Cal.).

This Court should dismiss Plaintiffs' overly broad, vague, and generic trade dress claims.

### B.   Plaintiffs Are Required to Clearly Define Their Trade Dress.

Plaintiffs falsely suggest that neither the U.S. Supreme Court nor the Ninth Circuit have spoken to pleading requirements in trade dress cases. In fact, as pointed out by Judge Scarsi in his March 5, 2024 Order in the Zuru case (ECF No. 22, p. 4), the pleading requirements for trade dress infringement are no different than other cases: under Rule 8(a), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). Rule 8(a) ensures that a complaint "fully sets forth who is being sued, for what relief, and on what

theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Rule 8 may be violated "when a pleading says *too little*," or "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (emphasis in original). A complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011).

This Court has also repeatedly required (including in three of Plaintiffs' Squishmallows cases[2]) that a plaintiff clearly define the elements of its claimed trade dress because, without a clear delineation, a defendant is not properly put on notice of what the elements are needed to analyze infringement or validity. *See Deckers Outdoor Corp.*, 2015 WL 12731929, at *3 ("A plaintiff should clearly articulate its claimed trade dress to give a defendant sufficient notice."); *Greenberg*, 2014 WL 12586252, at *2 (same); 1 J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §8:3 (5th ed. 2020) ("MCCARTHY") ("there is no reason why the plaintiff cannot define a list of elements … Only then can the court and the parties coherently define exactly what the trade dress consists of and determine whether that trade dress is valid").

Indeed, courts routinely dismiss trade dress claims at the pleadings stage for failing to clearly articulate trade dress definitions, including as to product lineups. *See Crafty Prods., Inc. v. Michaels Companies, Inc.*, 389 F. Supp. 3d 876, 882–84 (S.D. Cal. 2019) (dismissing trade dress claim on a line of products that "differ[ed] vastly" and "share[d] little in common"); *R & A Synergy LLC v. Spanx, Inc.*, No. 2:17-cv-09147-SVW-AS, 2019 WL 4390564, at *4–5 (C.D. Cal. May 1, 2019) (dismissing overbroad articulation of product lineup); *Walker & Zanger, Inc., v. Paragon, Indus. Inc.*, 549 F. Supp. 2d 1168, 1176 (N.D. Cal. 2007) (same); *Denims*

---

[2] ECF No. 22, pp. 4–5; ECF No. 27-2, Exhibit I, pp. 31–32; *id.*, Exhibit M, pp. 30–31.

*v. Ram Imports, Inc.*, No. CV 20-9254 DSF (JCx), 2020 WL 11884712, at *2–4 (C.D. Cal. Dec. 10, 2020) (dismissing overbroad articulation).

### 1. The Asserted Squishmallows Trade Dress Is Overbroad, Vague, and Generic.

At odds with this precedent, Plaintiffs' Opposition fails to explain how Plaintiffs' claimed trade dress is not overbroad, vague, or generic on its face. As pled, Plaintiffs' Claimed Squishmallows Trade Dress is a mish-mash of ill-defined features, including:

- "***substantially egg/bell/oval shaped plush toys depicting various similarly shaped abstract/fanciful renditions of animals/characters***" (which combines various shapes, vague language, and overbroad descriptors without any objective means to analyze);

- "***simplified Kawaii[3] faces***" (which has no bright-line, understood, or non-vague meaning);

- "***embroidered facial features***" (an overbroad, generic plush toy feature[4]);

- "***non-monochrome coloring***" (meaning "multiple colors" – another overbroad and generic plush toy feature[5]); and

---

[3] Plaintiffs purport to define "Kawaii" as "employ[ing] simple features to create a cute, lovable, or innocent look" with non-limiting "example[s]." ECF No. 25, ¶33. "Cute," "lovable" and "innocent" are likewise vague and immeasurable. Injecting even more confusion, Plaintiffs attempt to distinguish the Squishmallows products' "simplified" Kawaii style from "pure Kawaii," whatever these mean. *Id.*, ¶34.

[4] *See R & A Synergy*, 2019 WL 4390564, at *4 (discussing that genericness can be found where "the product design is so common in the industry that it cannot be said to identify a particular source").

[5] *See id.* (determining that plaintiff's trade dress was generic because the definition of its trade dress product design was "far too overbroad and generalized" where it "[did] not describe[] any particular color, shape, fabric, or arrangement of materials … with sufficient specificity").

- "***velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel***" (another plainly vague and overbroad descriptor with no objective means to analyze[6]).

ECF No. 25, pp. 9-17 (emphasis added). These purported elements fail to set forth objective criteria to properly put a defendant on notice as to the asserted rights, as Rule 8 requires. Moreover, the Ninth Circuit has confirmed that merely assembling unprotectable, generalized elements in a predictable way is nothing more than "semantic trickery to say that there is still some sort of separate 'overall appearance'" that is protectable. *Leatherman Tool Grp., Inc. v. Cooper Indus.*, 199 F.3d 1009, 1013 (9th Cir. 1999).

Plaintiffs' so-called ten pages of added "detail" (ECF No. 30, p. 9) actually reinforce that Plaintiffs do not – and cannot – adequately define their asserted trade dress. This "detail" merely discusses ***why*** Plaintiffs chose certain design elements, but utterly fails to explain ***what*** the elements are (*i.e.*, specific descriptions of color, shape, fabric, or arrangement of materials). ECF No. 25, pp. 9–17; *see also R & A Synergy*, 2019 WL 4390564, at *4. In *Therabody*, repeatedly cited by Plaintiffs for the proposition that Plaintiffs need not delineate their trade dress with precision, the Court specifically discussed how the plaintiff in that case did fully articulate the elements of its trade dress – a singular, distinctive shade of blue. *See Therabody, Inc. v. DJO, LLC*, No. CV 21-9327-GW-RAOx, 2022 WL 17360133, at *3 (C.D. Cal. June 1, 2022). Yet here, Plaintiffs insist on attempting to acquire trade dress protection on plush toys for colors ***generally***, shapes ***generally***, embroidered facial features ***generally***, and soft, squeezable material ***generally***. Plaintiffs have not

---

[6]*See id.*; *see also SCG Characters LLC v. Telebrands Corp.*, No. CV 15-00374 DDP (AGRx), 2015 WL 4624200, at *7 (C.D. Cal. Aug. 3, 2015) ("For example, the elements of 'brightly colored fur' and 'exaggerated anatomical features' should be more clearly described.").

clearly articulated the Claimed Squishmallows Trade Dress within the standards of Rule 8.

### 2. Plaintiffs' Squishmallows Product Line Has No Consistent Overall Look and Is Therefore Inadequately Defined.

Where, as here, a plaintiff claims trade dress over an entire product line, "the proponent faces the 'particularly difficult challenge' of proving the validity of a broadly defined trade dress which is **common to all items in the series or line**." MCCARTHY §8:5.50 (emphasis added); ECF No. 27, pp. 14-15. Although Plaintiffs argue that the "consistent overall look" test has not made its way to the Ninth Circuit, the two cases Plaintiffs cite for this proposition actually apply this very test. *See Moroccanoil, Inc. v. Marc Anthony Cosms., Inc.*, 57 F. Supp. 3d 1203, 1223-24 (C.D. Cal. 2014); *Paramount Farms Int'l LLC v. Keenan Farms Inc.*, 2012 WL 5974169, *3 (C.D. Cal. Nov. 28, 2012).

Ignoring their own citations, Plaintiffs proceed to argue that they "seek protection only for the Identified Trade Dress, ***not*** designs for every Squishmallows-branded product ever sold." ECF No. 30, p. 7 (emphasis in original). However, Plaintiffs' pleadings are void of any limitation to these so-called "main products at issue." ECF No. 30, p. 8. Rather, Plaintiffs' pleadings include images of 100+ varying Squishmallows products, and include references to their 3,000+ products driving their so-called popularity. *See* ECF 25, ¶56. If Plaintiffs only intend to assert protection over certain Squishmallows products (and not others), Plaintiffs would need to so specify rather than forcing Build-A-Bear to painstakingly sift through Plaintiffs' over 3,000+ product designs to see if ***any*** defined group of products practice the Claimed Squishmallows Trade Dress.

Even if the Amended Complaint was limited to a certain set of products (which it is not), the Squishmallows designs depicted in the images cherry-picked by Plaintiffs clearly do not share all asserted elements of the Claimed Squishmallows Trade Dress:



ECF No. 25, ¶23; ECF No. 27, pp. 18–20.  What's more, Plaintiffs later concede the inaccuracy of their arguments by asking this Court to allow them to file yet another amendment to limit their claims to specific products in the line.  ECF No. 30, pp. 17–18 ("Therefore, Plaintiffs could, if required, ***amend to narrow the list of Squishmallows that practice the Identified Trade Dress***.") (emphasis added).  This is a striking concession that: (1) the Claimed Squishmallows Trade Dress is not found across the entire product line; and (2) the Amended Complaint fails to specifically articulate the products that it applies to – because there is no consistent overall look across the product line to adequately define the trade dress as identifying a single source of the goods.

With no consistent look across the Squishmallows product line, the *Crafty Prods.* case instructs that "[t]he clear differences in the 'design' of the products are an issue."  389 F. Supp. 3d at 881-82. Analogously, Squishmallows "differ vastly" and are "made of different materials" (some products have longer fabric threading, others shorter), "are different shapes" (some are round, triangular, square, or figure-8

shaped), and "have different designs" (spanning various animals, food, drinks, and fictional characters). *Id.* at 883.

Plaintiffs' Squishmallows products set forth in the Amended Complaint wholly undermine the assertion of a single product image recognizable by the consuming public as having a distinctive, **source-identifying** appearance. *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 211 (2000); *Crafty Prods.*, 389 F. Supp. 3d at 881–83. Consequently, Plaintiffs' claims should be dismissed, with prejudice.

### C. Secondary Meaning Cannot Attach to Commonplace Features.

Plaintiffs mischaracterize Build-A-Bear's arguments related to secondary meaning and inherent distinctiveness. Dismissal is warranted due to the overbroad and vague trade dress definition under Rule 8, but it does not require the Court to make any merits-based determinations as to other matters of trade dress validity. Build-A-Bear's Motion simply points out that a combination of clearly generic features like "embroidered facial features" could not possibly be source-identifying, whether through acquired or inherent distinctiveness, because everyone in the industry has already implemented such features. This is an uncontroversial proposition which is supported by cases in this very Court. *See, e.g., R & A Synergy*, 2019 WL 4390564, at *4 ("For these reasons, generic product designs are unprotectible even upon a showing of secondary meaning.") (quotation omitted).

### D. No Substantial Similarity Exists Under Copyright Law.

Likewise, Plaintiffs' arguments regarding its copyright claims on two accused Build-A-Bear plush toys are unconvincing. Plaintiffs concede that basic depictions of a frog and an axolotl are not protectable under Copyright Law. *See* ECF No. 30, p. 16; *Satava v. Lowry*, 323 F.3d 805, 810, 813 (9th Cir. 2003) ("objective 'facts' and ideas are not copyrightable … ideas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them"); *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 917 (9th Cir. 2010),

*as amended on denial of reh'g* (Oct. 21, 2010) ("The key question always is: Are the works substantially similar beyond the fact that they depict the same idea?"). In their attempt to find *any* common features among the products, Plaintiffs argue that Build-A-Bear "copied" the "egg/bell/oval shape" with "not proportional" limbs and "simplified Kawaii-style facial features." ECF No. 30, p. 16. In other words, all four products (depicted below) are cute, round, plush toys with small limbs, which is an *idea* and not copyrightable subject matter. *See* 17 U.S.C. §102(b) (copyright protection does not "extend to any *idea* … regardless of the form in which it is described, explained, illustrated, or embodied in such work") (emphasis added); *Daniels v. Walt Disney Co.*, 958 F.3d 767, 772 (9th Cir. 2020) ("The notion of using a color to represent a mood or emotion is an idea that does not fall within the protection of copyright.").

| Plaintiffs' Deposit Copy "Frog" | Build-A-Bear's Skoosherz™ Spring Green Frog |
|---|---|
|  | |

| Plaintiffs' Deposit Copy "Axolotl" | Build-A-Bear's Skoosherz™ Pink Axolotl |
|---|---|
|  | |

Plaintiffs conflate trade dress and copyright laws by injecting elements of the Claimed Squishmallows Trade Dress into their argument against dismissal of the copyright claims—the former protecting source identification and the latter protecting original works of authorship. *See* 15 U.S.C. §1127; 17 U.S.C. §102(a). When considering the simple question "[a]re the works substantially similar beyond the fact that they depict the same idea" (*i.e.*, a frog and an axolotl), the answer is clearly "no" based on the face of Plaintiffs' Amended Complaint. *Mattel*, 616 F.3d at 917. Because Plaintiffs' copyrighted works depict animals found in nature, "the copyright protection would be thin, meaning that protection would be afforded against only virtually identical copying." *Pretty in Plastic, Inc. v. Bunn*, 793 F. App'x 593, 594 (9th Cir. 2020) (quotations omitted). Plaintiffs' copyrighted works and Build-A-Bear's two accused products are not substantially similar, as shown in the Amended Complaint itself, and therefore Plaintiffs' copyright claims fail, as a matter of law.

### E. This Court Should Dismiss Plaintiffs' Amended Complaint, With Prejudice, Because Further Amendment Would Be Futile.

#### 1. Trade Dress Futility

According to Plaintiffs, Build-A-Bear has "argued disingenuously that Plaintiffs have taken 'fourteen bites at the apple'" (ECF No. 30, p. 17 n.7), although that is precisely what Plaintiffs have done. Throughout each proceeding, Plaintiffs have had to recraft and reshape their Claimed Squishmallows Trade Dress due to the continued inadequacies in their overly broad, vague descriptions. Plaintiffs should not be able to use the judicial system to re-tool their Claimed Squishmallows Trade Dress while simultaneously arguing that others in the industry are on notice of these ever-changing elements. At some point, the madness must end. If Plaintiffs cannot clearly define their own asserted rights, it is obviously impossible for competitors like Build-A-Bear to know what those claimed rights are and guide their actions accordingly.

Divorced from their own pleadings, Plaintiffs also unsuccessfully try to distinguish *Sleep Sci. Partners* and *Sugarfina* to avoid their tacit admission that the Claimed Squishmallows Trade Dress is **still** subject to change. ECF No. 25, ¶48 ("***in particular but without limitation*** its shapes, colors, textures and graphics—serve as a distinctive source identifier to the consuming public") (emphasis added); *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-cv-4456-RSWL-JEM, 2017 WL 4271133, at *4 (C.D. Cal. 2017) (dismissing plaintiff's trade dress claim in part because plaintiff alleged a list of elements its trade dress ***may*** include); *Sleep Sci. Partners v. Lieberman*, No. 09-04200 CW, 2010 WL 1881770, at *3 (N.D. Cal. 2010) ("Plaintiff employs language suggesting that these components are only some among many, which raises a question of whether it intends to redefine its trade dress at a future stage of litigation."). Proving Build-A-Bear's point, Plaintiffs ask this Court for yet another chance. *See* ECF No. 30, at pp. 17-18. Plaintiffs' fourteen descriptions to date have set a precedent of their own – absent dismissal with prejudice, history will continue to repeat itself, and Plaintiffs will be unable to craft a sufficient description. Amendment is futile, and this Court should not endorse Plaintiffs' continued, serial abuse of the judicial process. *See Kizler v. Budget Fin. Co.*, No. CV 5:20-0296-DOC-KK, 2020 WL 4037212, at *3 (C.D. Cal. Apr. 1, 2020); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### 2. Copyright Futility

Plaintiffs' copyrighted works and the two accused Build-A-Bear Skoosherz™ products cannot change, meaning there is no way for Plaintiffs to amend around the lack of substantial similarity as a matter of law. *See Carlini v. Paramount Pictures Corp.*, No. 2:19-cv-08306-SB-RAP, 2021 WL 911684, at *14 (C.D. Cal. Feb. 2, 2021), *aff'd,* No. 21-55213, 2022 WL 614044 (9th Cir. Mar. 2, 2022); *Pretty in Plastic*, 793 Fed. Appx. at 594 (affirming district court's dismissal, with prejudice,

because the copyright protection was "at best – 'thin,'" given that the work "depict[ed] a unicorn as the mythical creature is often portrayed" and because "there [we]re notable differences between [the works]"); *DuMond v. Reilly*, No. CV 19-8922-GW-AGRx, 2021 WL 4772986, at *24 (C.D. Cal. Jan. 8, 2021).

Build-A-Bear should not be forced to continue to expend resources, to its undue prejudice, when Plaintiffs cannot plead a legitimate trade dress or copyright claim. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). This Court should dismiss Plaintiffs' Amended Complaint, with prejudice.

### F. Build-A-Bear Complied with Local Rule 7-3.

Plaintiffs' assertion of noncompliance with the Local Rules is hyper-technical at best and violative of the spirit of the Local Rules at worst. Build-A-Bear had multiple communications with Plaintiffs in accordance with Local Rule 7-3 regarding its Motion to Dismiss Plaintiffs' initial Complaint, which is virtually the same as their Amended Complaint, such that Build-A-Bear's second Motion to Dismiss similarly seeks to dismiss all of Plaintiffs' claims on nearly all of the same grounds as before. *See* ECF Nos. 21, 27. When Build-A-Bear attempted to meet and confer a second time on these same issues, Plaintiffs admit that they already disagreed with the merits of Build-A-Bear's motion (ECF No. 30, p. 19), and refused to engage in further discussion on it. Plaintiffs clearly had no interest in discussing the merits of Build-A-Bear's motion or to "promote private resolution of issues and civility among counsel." *In re Lusk*, No. SACV 16-0930 AG (JCGx), 2016 WL 4107671, at *1 (C.D. Cal. July 30, 2016) (declining to deny motion on asserted noncompliance with Local Rule 7-3). This Court should not deny Build-A-Bear's meritorious motion based on Plaintiffs' disingenuous elevation of form over substance.

### III. CONCLUSION

Plaintiffs cannot cure the deficiencies of their Amended Complaint as to their asserted trade dress and copyright claims. This Court should end Plaintiffs' improper

campaign attempting to monopolize the market for cute, squishy plush toys and dismiss Plaintiffs' Amended Complaint, with prejudice.

    DATED: June 14, 2024

Respectfully submitted,

**LEWIS RICE LLC**

By: */s/ Michael J. Hickey*

Michael J. Hickey, *Pro Hac Vice*
mhickey@lewisrice.com
Philip J. Mackey, *Pro Hac Vice*
pmackey@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7630
Facsimile: (314) 612-7630

**KEESAL, YOUNG & LOGAN**
STACEY M. GARRETT, CASB No. 155319
stacey.garrett@kyl.com
310 Golden Shore, Suite 400
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorneys for Defendant Build-A-Bear Workshop, Inc.*

### WORD COUNT CERTIFICATION

I hereby certify that, according to Microsoft Word's Word Count function, the foregoing Memorandum is less than 4,200 words.

                                                                     */s/ Michael J. Hickey*
                                                                       Michael J. Hickey