**LEWIS RICE LLC**
Michael J. Hickey, *Pro Hac Vice*
mhickey@lewisrice.com
Philip J. Mackey, *Pro Hac Vice*
pmackey@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7630
Facsimile: (314) 612-7630

**KEESAL, YOUNG & LOGAN**
STACEY M. GARRETT, CASB No. 155319
stacey.garrett@kyl.com
310 Golden Shore, Suite 400
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorneys for Defendant Build-A-Bear Workshop, Inc.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>Defendant. | Case No. 2:24-cv-01169 JLS (MARx)<br><br>**BUILD-A-BEAR WORKSHOP, INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date: June 28, 2024<br>Time: 10:30 a.m.<br>Place: Honorable Josephine L. Staton Courtroom 8A |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................... 1

II.  ARGUMENT .................................................................................................. 2

    A.   Exhibits A through O to Build-A-Bear's Request for Judicial Notice Are Not Subject to Reasonable Dispute. ................................ 2

        1.   Materials in Pleadings Are Proper for Judicial Notice – Exhibits A and I Through O. ......................................................... 3

        2.   Web Pages of Products on the Market Are Proper for Judicial Notice – Exhibits B Through H and Item 3. ................... 5

    B.   Plaintiffs Incorporated Exhibits A Through D by Consistent Reference to the Squishmallows Product Line. ................................... 7

III. CONCLUSION .............................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Abundant Living Fam. Church v. Live Design*, Inc., No. 5:22-cv-00140-RSWL-MRWx, 2022 WL 14708949 (C.D. Cal. Oct. 24, 2022) .................. 2, 5

*Aguiar v. MySpace LLC*, No. CV-14-05520(SJO)(PJWX), 2017 WL 1856229 (C.D. Cal. May 5, 2017) ........................................................................................ 5

*Baxter v. Intelius, Inc.*, No. SACV09-1031 AG MLGX, 2010 WL 3791487 (C.D. Cal. Sept. 16, 2010) ................................................................................ 2, 5

*Clement 1 LLC v. Scottsdale Ins. Co.*, No. CV 23-3779 PA (JCX), 2023 WL 4492422 (C.D. Cal. July 11, 2023) ................................................................... 7, 8

*Erickson v. Neb. Mach. Co.*, 2015 WL 4089849 (N.D. Cal. 2015) ........................... 5

*Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015) .......... 6

*Interactive Health LLC v. King Kong United States, Inc.*, No. CV 06-1902-VBF(PLAx), 2008 U.S. Dist. LEXIS 126609 (C.D. Cal. Mar. 6, 2008) ........ 8

*Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018) .................... 2, 4, 7, 8

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ........................................ 2

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) ............... 3

*Rosales-Martinez v. Palmer*, 753 F.3d 890 (9th Cir. 2014) .................................. 3, 4

*Royal 4 Sys., Inc. v. RLI Ins. Co.*, No. CV 22-05732-RSWLRAO, 2022 WL 19263327 (C.D. Cal. Dec. 9, 2022) ..................................................................... 7

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ................................................ 2

*United States v. Black*, 482 F.3d 1035 (9th Cir. 2007) ............................................. 3

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) ............................................. 7

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010) ............................................................................................................. 6

*Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956 (C.D. Cal. 2005) ........................ 5

*Wilkins v. VanDiver*, No. 820CV02417JLSDFM, 2022 WL 18229997 (C.D. Cal. Oct. 25, 2022) ................................................................................................ 3

**Rules**

FED. R. EVID. 201(b)(1)-(2) ................................................................................................ 2

Federal Rule of Civil Procedure 11 ..................................................................................... 1

## I. INTRODUCTION

The materials laid out in Build-A-Bear's Request for Judicial Notice (ECF No. 27-2, hereinafter the "Request") were carefully selected to ensure compliance with the Federal Rules and the laws of this Court. In fact, the materials chosen by Build-A-Bear were important for their indisputable nature – conceded by Plaintiffs' Opposition, which is void of any argument that they are inaccurate. *See* ECF No. 29.

The bulk of exhibits contain pleadings and orders in ***Plaintiffs'*** other Squishmallows cases, and images and documentation of ***Plaintiffs'*** products asserted in this lawsuit.[1] Moreover, insofar as Plaintiffs conceded that a second amendment of their complaint would be necessary to limit the Squishmallows products asserted against Build-A-Bear in this case, it logically follows that Plaintiffs *did* incorporate by reference the entire Squishmallows product lineup, making it therefore more than reasonable for Build-A-Bear to bring to light *some* of the other Squishmallows products Plaintiffs failed to include in their cherry-picked images. The other product designs, as Plaintiffs well know, refute the assertion of a common, overall look, identifying a single source. Plaintiffs cannot use their entire Squishmallows product line as both a shield and a sword.

Likewise, Plaintiffs want to block this Court from seeing their serial abuse of the judicial process throughout their various Squishmallows cases against multiple plush toy manufacturers. Plaintiffs do not (and cannot) refute the authenticity of the various pleadings and orders set forth in Exhibits A and I through O. Consistent with basic legal principles of estoppel, Plaintiffs cannot now disown their own statements and admissions, sworn to under Federal Rule 11, in cases regarding the same subject matter. The judicial process is not a trial and error game; binding precedent is developed to obviate such abuse.

---

[1] The remaining items requested for judicial notice in Exhibits E–H are simply additional support for Build-A-Bear's arguments regarding the genericness and lack of distinctiveness for Plaintiffs' trade dress, but the Court can readily grant Build-A-Bear's Motion to Dismiss without need to reference these materials.

At the end of the day, Plaintiffs cannot truthfully dispute the accuracy of the various materials set forth in Exhibits A through O, because they are "generally known within the trial court's territorial jurisdiction" and/or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1)–(2). Although Plaintiffs rely heavily on *Khoja v. Orexigen Therapeutics* to implore the Court to deny Build-A-Bear's Request, the Ninth Circuit in *Khoja* plainly opines, "[p]roperly used, this practice has support." 899 F.3d 988, 998 (9th Cir. 2018).

This Court should therefore grant Build-A-Bear's Request.

## II.   ARGUMENT

### A.   Exhibits A through O to Build-A-Bear's Request for Judicial Notice Are Not Subject to Reasonable Dispute.

Federal Rule of Evidence 201(b) "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja, Inc.*, 899 F.3d at 999. A fact is "not subject to reasonable dispute" if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)). Directly on point here, "'[a] court may take judicial notice of matters of public record'" (*i.e.*, Exhibits A, and I-O) (*Id.* (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001))), and "[i]t is common 'for courts to take judicial notice of factual information found on the world wide web'" (*i.e.*, Exhibits B-H) (*Abundant Living Fam. Church v. Live Design*, Inc., No. 5:22-cv-00140-RSWL-MRWx, 2022 WL 14708949, at *5 (C.D. Cal. Oct. 24, 2022) (internal quotations omitted)). Indeed, "[j]udicial notice may be necessary to '[p]revent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims are based.'" *Baxter v. Intelius, Inc.*, No. SACV09-1031 AG MLGX, 2010 WL 3791487, at *1 (C.D. Cal. Sept. 16, 2010) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)).

Plaintiffs themselves can confirm the accuracy of the materials in *at least* Exhibits A through D and I through O. This Court can and should therefore force Plaintiffs to put *all* their cards on the table – rather than relying on cherry-picked portions dwindled down case after case, dismissal after dismissal.

### 1. Materials in Pleadings Are Proper for Judicial Notice – Exhibits A and I Through O.

The Ninth Circuit has consistently held that district courts may take judicial notice of judicial proceedings in other courts. *See, e.g., Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("[i]t is well established that we may take judicial notice of judicial proceedings in other courts."); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of, *inter alia*, the plaintiff's briefs from another case stating "[w]e may take judicial notice of court filings and other matters of public record" because those documents are "the proper subject of judicial notice"); *Wilkins v. VanDiver*, No. 820CV02417JLSDFM, 2022 WL 18229997 (C.D. Cal. Oct. 25, 2022) ("Courts 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Plaintiffs not only defined the purported unregistered Squishmallows trade dress as that which is shown in their asserted images, but also presented many different trade dress definitions throughout pleadings in other courts. Again, as stated with regard to the images Plaintiffs asserted in other courts, Plaintiffs' asserted unregistered trade dress definitions are directly related to the rights Plaintiffs claim to own, if any, and Plaintiffs' inability to prove said rights. Moreover, the pleadings containing Plaintiffs' claimed unregistered trade dress definitions are a matter of public record. Further, Exhibits I through O also include orders rendered by various courts (again, matters of public record), including the Central District of California,

BUILD-A-BEAR'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:24-CV-01169

in each of Plaintiffs' various Squishmallows cases, hardly lacking in accuracy or authenticity, and instead establishing that Plaintiffs have no cognizable rights.

Attempting to avoid Build-A-Bear's meritorious request for judicial notice of the judicial proceedings from other Squishmallows cases, Plaintiffs argue at page 3 of their Opposition that Build-A-Bear cherry-picked excerpts from filings to create Exhibits A and O. In reality, Build-A-Bear's excerpts were provided for the Court's convenience. Furthermore, *all* of the pleadings containing the fourteen asserted unregistered trade dress definitions compiled in Exhibit O *are* provided in full (not merely excerpted) in Exhibits I through N – a fact conveniently disregarded by Plaintiffs. Ironically, Plaintiffs accuse Build-A-Bear of cherry-picking, when that is exactly what Plaintiffs are doing, as illustrated through the images provided in Exhibits A through D, but omitted from Plaintiffs' Amended Complaint.

Finally, although "a court cannot take judicial notice of disputed facts contained in [] public records," it is hardly reasonable for Plaintiffs to dispute their own pleadings and court orders dismissing those pleadings. *Khoja*, 899 F.3d at 999. (citing *Lee*, 250 F.3d at 689). That said, Build-A-Bear is not asking this Court to take notice of every fact contained in each of the pleadings submitted. Quite the contrary, Build-A-Bear is simply asking this Court to take notice of their existence, and, more specifically, the existence of the images found throughout the various pleadings, various asserted unregistered trade dress definitions proffered by Plaintiffs, judicial rulings on Plaintiffs' rights, and other quotes asserted in Plaintiffs' pleadings called out in Build-A-Bear's Motion to Dismiss (ECF No. 27).

As discussed above, courts routinely take judicial notice of judicial proceedings in other courts. *E.g., Rosales-Martinez*, 753 F.3d at 894. Accordingly, Exhibits A and I through O are properly subject to judicial notice.

## 2. *Web Pages of Products on the Market Are Proper for Judicial Notice – Exhibits B Through H and Item 3.*

Exhibits B through D and Item 3 relate to the existence of numerous Squishmallows products online in the public marketplace at retailers such as Amazon, Walmart, and Target and on Plaintiff Jazwares, LLC's own website, that are not included in Plaintiffs' Complaint. "It is common 'for courts to take judicial notice of factual information found on the world wide web.'" *Abundant Living Fam. Church*, 2022 WL 14708949, at *5 (internal quotations omitted); *see also Aguiar v. MySpace LLC*, No. CV-14-05520(SJO)(PJWX), 2017 WL 1856229, at *9 n.6 (C.D. Cal. May 5, 2017) (judicially noticing website screen shots).

The facts presented in Exhibits B through D and Item 3 (images in Build-A-Bear's Motion to Dismiss) are relevant to Build-A-Bear's argument that Plaintiffs' asserted definition of its trade dress (which Plaintiffs' assert is embodied within its Squishmallows product line) is insufficient where Plaintiffs' definition is overly broad and vague and in fact is not found in every product within the Squishmallows product line.

Similarly, Exhibits E through H relate to the existence of numerous products available in the public marketplace that Plaintiffs previously accused of infringing Plaintiffs' purported unregistered rights in the Squishmallows product line or exemplify a similar product design to that which Plaintiffs have asserted against Build-A-Bear, and are likewise the appropriate subject of judicial notice.[2] *See MySpace LLC*, 2017 WL 1856229, at *9 n.6 (taking judicial notice of website screen shots); *see also Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005) (taking judicial notice of Amazon webpage and non-party website); *Baxter*, 2010 WL 3791487, at *2 (granting request for judicial notice of a webpage); *Erickson*

---

[2] Discussed above, Exhibits E through H are relevant to Build-A-Bear's argument that Plaintiffs' definition of its trade dress is generic, making it impossible to differentiate between stuffed animals that would be deemed infringing and those that would not be.

1  *v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. 2015) (finding webpages
2  available on the Internet Archive's Wayback Machine are subject to judicial notice).

3       Notably, the historical existence of products sold by Ty, Inc. ("Ty") and Dan-Dee International Ltd. ("Dan-Dee") that Plaintiffs accused of infringement of the asserted unregistered Squishmallows trade dress is *not* subject to *reasonable* dispute by Plaintiffs because the infringement accusations are a matter of public record (*see supra*, Section II.A.1).  Contrary to Plaintiffs' assertions at page 3 of its Opposition, Build-A-Bear has provided information for the Court to properly see that such Ty and Dan-Dee products *were* accused of infringement.  Plaintiffs' arguments to the opposite are not well-taken.

      Moreover, the continued existence of those same products is likewise subject to judicial notice because the Central District of California continuously takes judicial notice of web page screen captures, and Plaintiffs can easily confirm that the products shown in the web page captures are the exact same products Plaintiffs accused. Plaintiffs' citation to *Gerritsen* at page 2 of their Opposition is inapposite to this Court's determination where the *Gerritsen* Court denied judicial notice of facts contained in press releases and news articles online through Wikipedia, Answers.com, Deadline.com, and Slashfilm.com, which do not readily identify their sources. *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028-29 (C.D. Cal. 2015).  However, the Court continued on to say "to the extent the court can take judicial notice of press releases and news articles, it can do so only to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"  *Id.* at 1029 (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)).  Thus, although Build-A-Bear emphasizes that the web pages it seeks judicial notice of are not news articles containing an endless string of factual matter subject to debate, especially articles found on Wikipedia that may be readily modified by *anyone* with a computer, even Plaintiffs' own cases dictate that Build-A-Bear's Request was proper insofar as it

1  merely seeks judicial notice of the products that were "in the public realm at the
2  time." *Id.*  As this Court knows, the webpages contain product offerings, making it
3  hard to understand how Plaintiffs could debate any "fact" on the page.

4        Consequently, the existence of numerous other Squishmallows products
5  available on the public market, the existence of products that Plaintiffs previously
6  asserted infringe its purported unregistered rights in the Squishmallows product line,
7  and the existence of numerous products that were marketed and sold (before 2016)
8  and still are marketed and sold today embodying the same or similar product designs
9  to those shown in Plaintiffs' Squishmallows product line – are readily verifiable by
10 "sources whose accuracy cannot reasonably be questioned" and/or Plaintiffs
11 themselves, and are therefore not subject to any reasonable dispute.  The Court should
12 therefore grant Build-A-Bear's Request as to Exhibits B through H and Item 3.

### B. Plaintiffs Incorporated Exhibits A Through D by Consistent Reference to the Squishmallows Product Line.

15       Furthermore, "[i]f a document is not attached to a complaint, it may be
16 incorporated by reference 'if the plaintiff refers extensively to the document or the
17 document forms the basis of the plaintiff's claim.'" *Royal 4 Sys., Inc. v. RLI Ins. Co.*,
18 No. CV 22-05732-RSWLRAO, 2022 WL 19263327, at *3 (C.D. Cal. Dec. 9, 2022)
19 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  Incorporation
20 by reference, "'prevents plaintiffs from selecting only portions of documents that
21 support their claims, while omitting portions of those very documents that weaken–
22 or doom–their claims.'" *Clement 1 LLC v. Scottsdale Ins. Co.*, No. CV 23-3779 PA
23 (JCX), 2023 WL 4492422, at *2 (C.D. Cal. July 11, 2023) (quoting *Khoja*, 889 F.3d
24 at 1002).

25       Throughout their Amended Complaint, Plaintiffs consistently reference the
26 3,000+ Squishmallows products, include images depicting over 100 different
27 Squishmallows designs, and refer to the "distinctive line of plush toys branded
28 'Squishmallows.'" *See, e.g.*, ECF No. 25, ¶¶1, 14, 23, 48, 56, 58, and 61.  Indeed,

1  the only usage of limiting terminology is found in Plaintiffs' reference to the "certain
2  Squishmallows" which they assert against Build-A-Bear for their copyright claims,
3  demonstrating that Plaintiffs know how to limit their pleadings to certain products,
4  but specifically chose not to in association with their trade dress claims. *See id.*, ¶8
5  ("Kelly Toys Holdings, LLC also owns copyrights to **certain** Squishmallows")
6  (emphasis added).

7        Plaintiffs have resorted to accusing Build-A-Bear of "grossly misread[ing]"
8  *Clement 1 LLC* by arguing (at pages 4 to 5 of its Opposition) that consistent reference
9  to and depiction of the Squishmallows product line (which purportedly encompasses
10 Plaintiffs' asserted unregistered trade dress) is not the same as depicting or referring
11 to a portion of a document. However, the Court's opinion in *Clement 1 LLC* should
12 not be narrowly read to only allow application of the incorporation by reference
13 doctrine to "documents." No. CV 23-3779 PA (JCX), 2023 WL 4492422 (C.D. Cal.
14 July 11, 2023). Doing so would allow, as here, a Plaintiff to impermissibly avoid
15 dismissal of its trade dress claims in a product lineup by including an incomplete and
16 misrepresented portion of that lineup, which is contrary to the spirit of the doctrine.
17 *See Interactive Health LLC v. King Kong United States, Inc.*, No. CV 06-1902-
18 VBF(PLAx), 2008 U.S. Dist. LEXIS 126609, at *7 (C.D. Cal. Mar. 6, 2008) ("when
19 a plaintiff seeks protection for an entire line of products, the plaintiff must
20 demonstrate the trade dress signifies an overall look that is consistent throughout the
21 entire line."); *Clement 1 LLC*, 2023 WL 4492422, at *2 ("The doctrine prevents
22 plaintiffs from selecting only portions of documents that support their claims, while
23 omitting portions of those very documents that weaken—or doom—their claims.")
24 (quoting *Khoja*, 899 F.3d at 1002) (internal quotations omitted).

25       Thus, under the incorporation by reference doctrine, Exhibits A through D and
26 I through O, which show additional Squishmallows products in the Squishmallows
27 product line that are not directly shown in the Complaint but are apparently integral
28 to Plaintiffs' asserted trade dress definition (including those set forth in the pleadings

from Exhibits I through O), should be deemed incorporated by reference into the Amended Complaint.

### III. CONCLUSION

Plaintiffs cannot maintain their shifting sands strategy by making assertions against one manufacturer, but subsequently disowning those assertions against the next manufacturer. As a consequence to the pleadings in their Amended Complaint (ECF No. 25), the Court take judicial notice of, or alternatively deem incorporated by reference into Plaintiffs' Amended Complaint, the facts and exhibits identified above.

Respectfully submitted,

DATED: June 14, 2024            **LEWIS RICE LLC**

By:  */s/ Michael J. Hickey*

Michael J. Hickey, *Pro Hac Vice*
mhickey@lewisrice.com
Philip J. Mackey, *Pro Hac Vice*
pmackey@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7630
Facsimile: (314) 612-7630

**KEESAL, YOUNG & LOGAN**
STACEY M. GARRETT, CASB No. 155319
stacey.garrett@kyl.com
310 Golden Shore, Suite 400
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorneys for Defendant Build-A-Bear Workshop, Inc.*

## WORD COUNT CERTIFICATION

I hereby certify that, according to Microsoft Word's Word Count function, the foregoing Memorandum is less than 4,200 words.

*/s/ Michael J. Hickey*
Michael J. Hickey