UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                    Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:
    Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING DEFENDANT'S
                             MOTION TO DISMISS (Doc. 27)**

Before the Court is Defendant Build-A-Bear Workshop, Inc.'s motion to dismiss. (Mot., Doc. 27.)  Plaintiffs Kelly Toys Holdings, LLC, Jazwares, LLC, Kelly Amusement Holdings, LLC, and Jazplus, LLC (collectively, "Kelly Toys") opposed, and Build-A-Bear replied.  (Opp., Doc. 30; Reply, Doc. 32.)  Having reviewed the briefs and held oral argument, the Court DENIES Build-A-Bear's motion to dismiss.

I.      **BACKGROUND**

Kelly Toys is a manufacturer and distributor of plush toys and other consumer products.  (FAC, Doc. 25 ¶ 1.)  In 2016, Kelly Toys released a line of plush toys called "Squishmallows."  (*Id.*)  Build-A-Bear, too, is a manufacturer and distributor of plush toys and, in 2024, released a line of plush toys called "Skoosherz."  (*Id.* ¶ 4.)

Kelly Toys alleges that it has a protectible trade dress in its Squishmallows line (*id.* ¶¶ 25–50) and that it owns "registered copyrights in and related to" two of its particular Squishmallows products (*id.* ¶¶ 51, 103).  In its complaint, Kelly Toys includes several examples of particular Skoosherz that it contends infringes on its asserted trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                    Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

dress in its Squishmallows line.  Some of these examples are depicted below—with Squishmallows on the left, and the Skoosherz on the right:



(*Id.* ¶¶ 4, 67; *see also infra* section III.C (providing images of the two products underlying Kelly Toys' copyright-infringement claim).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                         Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

Kelly Toys alleges that its protectible trade dress is composed of the following elements:

- **Element 1:** "[s]ubstantially egg/bell/oval shaped plush toys depicting various similarly shaped abstract/fanciful renditions of animals/characters";

- **Element 2:** "simplified Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys";

- **Element 3:** "embroidered facial features, such as eyes, nostrils, and/or mouths";

- **Element 4:** "distinctive contrasting and non-monochrome coloring"; and

- **Element 5:** "short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel."

(*Id.* ¶¶ 28–50.)  After listing an element, the complaint provides a description of it— alleging Kelly Toys' reasoning behind the design choice, displaying pictures of a Squishmallows product featuring the element, and contrasting the Squishmallows product with plush toys that lack the element.  As to Element 1, for example, the complaint alleges that Kelly Toys sought "to differentiate Squishmallows" from other plush toys that depict "traditional, full-figure animals, with generally full or proportional head sizes, arms, and legs."  (*Id.* ¶¶ 28–29.)  The complaint then illustrates this attempted differentiation by including a photo of a Squishmallows cat side-by-side "traditional, full-figure" cats:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                    Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.



(*Id.* ¶ 30.)

On February 12, 2024, Kelly Toys filed this action against Build-A-Bear, contending that Build-A-Bear's Skoosherz line violated Kelly Toys' intellectual property rights in and related to its Squishmallows line.  (*See* Compl., Doc. 1 at 39 (date and signature).[1])  In its operative complaint, Kelly Toys alleges five causes of action: (1) trade-dress infringement under the Lanham Act; (2) California common-law trade-dress infringement; (3) copyright infringement; (4) California common-law unfair competition;

_____

[1] Earlier that day, Build-A-Bear filed an action in the Eastern District of Missouri, seeking a declaration (1) that Kelly Toys' "claimed trade dress rights in their Squishmallows products are invalid, unenforceable, and unprotectable," and (2) that Skoosherz "do not infringe any of Defendants' claimed trade dress rights in their Squishmallows products."  (*Build-A-Bear Workshop, Inc. v. Kelly Toys Holdings, LLC et al.*, 4:24-cv-00211-MTS (filed Feb. 12, 2024 E.D. Mo.), Doc. 1 ¶ 1 & Doc. 11 ¶ 1.)  Additionally, Build-A-Bear moved in that action for an injunction restraining Kelly Toys "from proceeding with [this] California lawsuit," citing the first-to-file doctrine.  (*Id.*, Doc. 11 ¶ 3 & Doc. 12.)  Build-A-Bear did not, however, move this Court to stay, transfer, or dismiss this action under the first-to-file doctrine; therefore, the Court addresses the merits issues raised in Build-A-Bear's motion to dismiss.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                    Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

and (5) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code
§ 17200 *et seq*.  (FAC ¶¶ 79–119.)  Kelly Toys seeks injunctive relief, compensatory
damages, Build-A-Bear's profits, punitive damages, litigation costs, and attorney fees.
(*Id.* at 45–48 (prayer for relief).)

Build-A-Bear moved to dismiss.  Build-A-Bear argues that Kelly Toys' trade-
dress claims (and related unfair-competition claims) fail as a matter of law because (1)
Kelly Toys has not and cannot adequately describe its asserted trade dress in the
Squishmallows line; (2) there is not a consistent overall look shared by each and every
one of the 3,000-plus Squishmallows products; and (3) Kelly Toys has not plausibly
pleaded secondary meaning.  (Mot. at 22–28.)  Build-A-Bear argues that Kelly Toys'
copyright claim should be dismissed because, as a matter of law, Build-A-Bear's
products are not substantially similar to Kelly Toys' copyright works.  (*Id.* at 28–30.)
Build-A-Bear asks that any dismissal be with prejudice.  (*Id.* 30–32.)

## II.    <u>LEGAL STANDARD</u>

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all
"well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679
(2009).  However, "courts are not bound to accept as true a legal conclusion couched as a
factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).
The complaint must contain "sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (cleaned up).

In reviewing a motion to dismiss, a district court is typically limited to the facts
stated in the complaint.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912,
925 (9th Cir. 2001).  "A court may, however, consider certain materials—documents
attached to the complaint, documents incorporated by reference in the complaint, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                           Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (cleaned).  Incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (cleaned up).

Judicial notice, by contrast, is established by Federal Rule of Evidence 201, which allows courts to take judicial notice of facts that are "not subject to reasonable dispute" because they (1) are "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

III.    **ANALYSIS**

A.  **Request for Judicial Notice**

Build-A-Bear filed a request for judicial notice in conjunction with its motion to dismiss.  (RJN, Doc. 27-2; see also Opp., Doc. 29; Reply ISO RJN, Doc. 33.)  The Court GRANTS IN PART the request as to pleadings from other actions and images from such pleadings.  (*See* RJN, Exs. A, I–O.)  The Court DENIES IN PART AS MOOT the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                           Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

request as to images from e-commerce websites allegedly depicting Squishmallows because the Court rejects the argument that would have required the Court to consider such materials at the pleading stage.  (*Id.*, Exs. B–D; *see infra* section III.B.2.)  The Court DENIES IN PART the request as to images of non-parties' plush toys and Kelly Toys' non-Squishmallows toys because Build-A-Bear is seemingly offering those images in attempt to refute Kelly Toys' allegations of secondary meaning; if the Court considered the images for that purpose, it would convert this motion to dismiss into a one-sided approximation of summary judgment.  (RJN ¶¶ 3, Exs. E–H; *see infra* section III.B.)

## B.      Lanham Act Trade-Dress Infringement (and Related Claims)

Kelly Toys has plausibly stated a claim for Lanham Act trade-dress infringement, California common-law trade-dress infringement, California common-law unfair competition, and violation of California's Unfair Competition Law.[2]

"Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics."  *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (cleaned up).  To state a claim for trade-dress infringement, a plaintiff must plausibly plead "that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and defendant's products."  *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d

---

[2] California "state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act."  *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994). Therefore, the Court's analysis under the Lanham Act applies with equal force to Kelly Toys' parallel state-law claims.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                                     Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

___

1138, 1145 (9th Cir. 2009).  Build-A-Bear makes three arguments that Kelly Toys lacks a protectible trade dress as a matter of law; the Court addresses them in turn.

### 1.  Adequacy of the Description of the Asserted Trade Dress

First, Build-A-Bear argues that Kelly Toys is unable "to formulate a list of the elements that make up its [asserted] trade dress"; accordingly, in Build-A-Bear's view, Kelly Toys' "asserted trade dress is amorphous" and "vague."  (Mot. 22–25.)  The Court rejects this argument.

In its complaint, Kelly Toys provides a five-element definition of its asserted trade dress and explains each of those elements—often by alleging the reasoning behind its design choices and including photos comparing Squishmallows to plush toys lacking the elements of its asserted trade dress.  (*See* FAC ¶¶ 28–50; *supra* section I (listing elements and describing Kelly Toys' illustration of Element 1).)  This is sufficient at the pleading stage to put Build-A-Bear on notice of the "total image, design, and appearance" that Kelly Toys contends is a protectible trade dress.  *Clicks Billiards*, 251 F.3d at 1257; *see, e.g.*, *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, 2015 WL 12731929, at *4 (C.D. Cal. May 8, 2015) (concluding asserted trade dress was sufficiently described in light of "five bullet point[]" list of elements and "three images"); *Lepton Labs, LLC v. Walker*, 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014) ("no question" that asserted trade dress was plausibly pleaded where the plaintiff "set forth a list of nine features" and alleged that "the particularized combination of all of th[ose] elements" amounted to a protectible trade dress).

In its motion, Build-A-Bear urges this Court to follow the approach taken in *Kelly Toys Holdings, LLC et al v. Zuru, LLC* ("Zuru"), No. 2:23-cv-09255-MCS-AGR (filed November 2, 2023), where the court dismissed Kelly Toys' complaint with leave to amend.  (*See* Mot. at 27–28; Reply at 8.)  However, with respect to the discernability of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                              Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

the asserted trade dress, the complaint in this action does not suffer from the same
infirmity as the complaint in *Zuru*.  There, the court's order concluded that Kelly Toys'
trade-dress description did not put the defendant on notice because of a lack of
explanation—noting, for example, that the "'simplified Asian style Kawaii faces'
descriptor says nothing about what it means." (*Zuru*, Doc. 32 at 5.)  That conclusion
followed from the complaint in *Zuru*: The complaint in that case nowhere described what
a "Kawaii face[]" even is.  (*See id.*, Doc. 1 ¶¶ 3, 24–25, 43 (using that descriptor without
elaboration).)  But that court's lack-of-explanation conclusion has no bearing here.
Taking that same element as an example, the complaint before the Court alleges that
Kelly Toys drew on Kawaii, a "design [style] originated in Asia" and "not a popular
choice in American plush toys," to create "simplified faces for animals and characters
that used simple shapes and marks, such as round black eyes, rather than the natural
shapes associated with the [traditional] animals or characters."  (FAC ¶¶ 33–35.)  Thus,
while the plaintiffs in this case and *Zuru* are the same, the allegations being evaluated are
materially different with respect to this argument.[3]

    Additionally, Build-A-Bear contends in passing that the "claimed elements" of
Kelly Toys' trade dress allegedly "existed in numerous products long before the creation
of the Squishmallows product and remain ubiquitous today." (Mot. at 23.)  As an initial
matter, the Court denied Build-A-Bear's request for judicial notice as to the exhibits
underpinning this factual contention.  (*See id.* (citing Exhibits G and H); *supra* section
III.A.)  Moreover, "the focus" of trade-dress analysis "is not on the individual elements
of the trade dress, but rather on the overall visual impression that the combination and
arrangement of those elements create."  *Orgain, Inc. v. N. Innovations Holding Corp.*,

---

[3] Moreover, the *Zuru* court recently evaluated an amended complaint that, like the
complaint before the Court here, has "10 pages of descriptors . . . elaborating on the individual
elements that compose the proposed trade dress." (*Zuru*, Doc. 41 at 7.)  As to that amended
complaint, the *Zuru* court concluded that "the trade dress description is sufficient to survive a
Rule 12(b)(6) motion." (*Id.*)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                                     Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

2021 WL 1321653, at *13 (C.D. Cal. Mar. 22, 2021) (Staton, J.) (cleaned up).  Like the plaintiff in *Orgain*, Kelly Toys "does not contend that competitors should be precluded from using any individual element comprising its claimed trade dress.  Rather, [Kelly Toys] claims exclusive rights only as to this specific combination of elements comprising the claimed trade dress."  *Id.* (citation omitted); (*see* FAC ¶ 47 ("These elements together create an overall visual impression distinct from other toys in the industry.").)

Relatedly, Build-A-Bear argues that, under the Ninth Circuit's decision in *Leatherman Tool Group, Inc. v. Cooper Industries, Inc.*, 199 F.3d 1009, 1013 (9th Cir. 1999), a plaintiff cannot "merely assembl[e] unprotectable, generalized elements in a predictable way" and contend that the overall look of those elements is a protectible trade dress. (Mot. at 27; Reply at 11.)  To begin, whether the elements of Kelly Toys' asserted trade dress are "assembl[ed] . . . in a predictable way" is a question of fact ill-fit to being decided at the pleading stage.  And the portion of *Leatherman* that Build-A-Bear relies on concerned the defendant's argument in that action that the trade dress the plaintiff asserted was *functional*—an argument that Build-A-Bear does not raise in its motion to dismiss here:

> Leatherman is correct that trade dress must be viewed as a whole, but where the whole is nothing other than the assemblage of functional parts, and where even the arrangement and combination of the parts is designed to result in superior performance, it is semantic trickery to say that there is still some sort of separate "overall appearance" which is non-functional.

*Leatherman*, 199 F.3d at 1013; (*see generally* Mot; Reply).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                              Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

For the above reasons, the Court concludes that Kelly Toys has adequately described its asserted trade dress.

### 2.  Purported "Consistent Overall Look" Requirement

Second, Build-A-Bear argues that, to assert a protectible trade dress arising from the Squishmallows line, Kelly Toys must plausibly allege a "trade dress [that] is *common to all items in the series or line*." (Mot. at 14–15 (quoting Thomas McCarthy, Trademarks and Unfair Competition § 8:5.50 (5th ed. 2020).) There are over 3,000 items in the Squishmallows product line. (FAC ¶ 56.) In its motion, Build-A-Bear goes through some portion of those 3,000-plus Squishmallows with a fine-tooth comb to point out differences between Squishmallows products that, in its view, undermine any consistent overall look to the Squishmallows product line:

> In the examples [cited in the motion], the Squishmallow snouts are all different (*e.g.*, circular, oval, triangular, and "comma" shaped), with some containing a nose attached to a curved mouth (dogs, panda, mouse, lion), one containing a nose and separate mouth (baby yoda), some containing nostrils only (unicorn, camouflage, flying pig, giraffe, zebra, bull), some having beaks (birds), and some lacking a snout altogether (burger, mushroom, apple, clown fish). . . . [Squishmallows] run the gamut from various shades of black, brown, tan, white, pink, purple, blue and gray, and including colors and prints found in nature, such as grey (mouse), orange and white (clown fish), green (frog), pink (pig), and zebra and giraffe prints for the corresponding animals. Indeed, some are one color (*i.e.*, monochrome), such as the blue loch ness monster and the pink shrimp. Even the embroidered, purportedly "Kawaii" eyes have no discernible consistency: some eyes have eyelashes (the claw machine and flying pig), some have "closed" eyes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                              Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

(unicorn, pumpkin spice latte, rainbow mane lion, and blue
bird), and some are winking (*i.e.*, one eye open and one eye
closed) (mushroom, elephant, and avocado).  Some of the toys
have contrasting, semi-circular "bellies," whereas others do
not, and some have a contrasting irregularly-shaped panel
covering the belly of the toy (panda, baby yoda).  The various
"appendages" also differ between the toys depicted above, with
horns, manes, and differently shaped ears placed on different
parts of the toys (floppy, round, folded, not folded, or none at
all).  Multiple toys lack appendages (frog, mushroom, burger).

(*Id.* at 19 (citations omitted).)  These alleged differences, Build-A-Bear contends, mean
that Kelly Toys can assert no trade dress protection *whatsoever* in its Squishmallows line
or a subset thereof.  (*See* Reply at 14 ("Plaintiffs' Squishmallows products set forth in the
Amended Complaint wholly undermine the assertion of a single product image
recognizable by the consuming public as having a distinctive, *source-identifying*
appearance.  Consequently, Plaintiffs' claims should be dismissed with prejudice.").)

        The Court declines to impose Build-A-Bear's highly fact-intensive, all-or-nothing
test at the pleading stage.  "The Ninth Circuit has not addressed whether it endorses the
'consistent overall look' test."  *Paramount Farms Int'l LLC v. Keenan Farms Inc.*, 2012
WL 5974169, at *2 (C.D. Cal. Nov. 28, 2012); *see also Moroccanoil, Inc. v. Marc
Anthony Cosms., Inc.*, 57 F. Supp. 3d 1203, 1223 (C.D. Cal. 2014) (similar).  And Build-
A-Bear does not make any argument as to why this Court should impose the muscular,
pleading-stage version of the consistent-overall-look requirement—that it advances.  (*See*
Mot. at 9, 14.[4])

---

        [4] In response to Kelly Toys' point that there is no binding Ninth Circuit precedent
applying the consistent-overall-look test, Build-A-Bear argues that the "test has . . . made its way
to the Ninth Circuit," citing district court decisions applying the test.  (Reply at 12.)  There is a
significant difference between a requirement adopted by the Ninth Circuit (binding on this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                               Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

Indeed, the version of the consistent-overall-look test that Build-A-Bear advances is ill-fit to the pleading stage.  Clarifying which of the 3,000-plus Squishmallows falls within Kelly Toys' asserted trade dress is a "permissible aim of discovery." *Therabody, Inc. v. DJO, LLC*, 2022 WL 17360133 (C.D. Cal. June 1, 2022).  Through interrogatories and other forms of discovery, Build-A-Bear can discern exactly which Squishmallows products Kelly Toys contends meets its asserted trade-dress definition and exactly which Skoosherz products it contends infringes on that asserted trade dress.  And the Court, if Build-A-Bear were to so move, can then address this issue at summary judgment with the benefit of a developed factual record.  *See Chihuly, Inc. v. Kaindl*, 2006 WL 83462, at *4 (W.D. Wash. Jan. 11, 2006).  Refinement of a trade-dress theory over the course of litigation is not uncommon.  *See Orgain*, 2021 WL 1321653, at *2 (the plaintiff, by summary judgment, had narrowed its claim from "a number of different product lines" that the defendants contended "varied drastically and lack[ed] a unifying theme" to just the products in the plaintiff's "flagship plant-based powder" line).

Finally, dismissing at the pleading stage would be particularly inapt here—given that, as explained in the following section, Kelly Toys has alleged several instances of consumers associating the overall look and feel of Skoosherz with Kelly Toys' Squishmallows line.  Trade dress in general and Build-A-Bear's consistent-overall-look argument specifically is about source-identification—whether a trade dress is "recognizable by the consuming public as having a distinctive, *source-identifying* appearance." (Reply at 14.)  It would be premature to find as a matter of law that there is no overall look and feel to at least some portion of the Squishmallows line when Kelly Toys has alleged instances of actual consumers attaching such source-identifying significance to Kelly Toys' asserted trade dress.

---

Court) and a requirement applied by other district courts in the Ninth Circuit (persuasive precedent only).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                               Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

### 3.  Secondary Meaning

Third, Build-A-Bear argues that Kelly Toys has not pleaded secondary meaning. (Mot. at 25–26.)  Build-A-Bear's argument squarely fails.

Secondary meaning is "a mental recognition in buyers' and potential buyers' minds that products connected with the [trade dress] are associated with the same source." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (cleaned up).  "Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Id.*  Actual confusion is an important "indicium of secondary meaning." *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 987 (9th Cir. 1995) (holding that it was error for the trial court to not include actual confusion in a jury instruction listing the considerations for determining whether secondary meaning existed).

Build-A-Bear faults Kelly Toys for "plead[ing] as facts" in support of alleged secondary meaning "its efforts to market the product and its purported sales volume." (Mot. at 26.)  But these allegations map directly onto two considerations the Ninth Circuit has approved for assessing secondary meaning: the "amount and manner of advertising" and the "amount of sales and number of customers." *Art Attacks*, 581 F.3d at 1145. Moreover, Kelly Toys has pleaded that consumers associate its asserted trade dress with Squishmallows.  For example, Kelly Toys alleges that social-media users commented on Build-A-Bear Skoosherz posts:

- "so now [you're] making [S]quishmallows?";

- "SQUISHMALLOW!?!?";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                               Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

- "ripping off Kellytoys [sic]"; and

- "[b]asically [S]quishmallows."

(FAC ¶¶ 73–75.)  For the foregoing reasons, Kelly Toys has plausibly pleaded secondary meaning.[5]

### C.  Copyright Infringement (and Related Claims)

Kelly Toys has plausibly pleaded a copyright-infringement claim.

The Ninth Circuit "uses a two-part test to assess substantial similarity.  The first part, known as the extrinsic test, assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression.  The second part, referred to as the intrinsic test, tests for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance."  *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 941 (9th Cir. 2023) (cleaned up).

"District courts apply only the extrinsic test at the pleadings stage, as the intrinsic test is reserved exclusively for the trier of fact."  *Id.*  (cleaned up).  Moreover, "it is generally disfavored for copyright claims to be dismissed for lack of substantial similarity at the pleading stage."  *Id.* at 945.  That is because, "[i]n many cases, application of the

---

[5] Build-A-Bear also argues that Kelly Toys' trade dress fails as a matter of law because Kelly Toys' asserted trade dress is, in Build-A-Bear's view, generic.  Build-A-Bear does not thoroughly explain its genericness argument, but that argument appears to collapse into its argument regarding the alleged lack of secondary meaning: "Genericness can occur if the definition of a product design is overbroad or too generalized or if the product design is so common in the industry that it *cannot be said to identify a particular source*."  (Mot. at 26 (emphasis added) (cleaned up).)  Therefore, that argument fails for the same reasons explained above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                     Date: July 15, 2024
Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

extrinsic test requires analytical dissection of a work and expert testimony because most judges are not sufficiently trained in the specifics of the art form at issue to make reliable conclusions about similarity." *Id.* (cleaned up).  Therefore, the Ninth Circuit has only "occasionally affirmed the dismissal of copyright infringement under Rule 12(b)(6)," with those occasional instances coming where "nothing disclosed during discovery could change the court's conclusion" or where the "works are so dissimilar by plain sight that any person observing them could confidently conclude that they do not share substantial similarities."  (*Id.*)

In this action, Kelly Toys alleges that Build-A-Bear's axolotl and frog products infringe on Kelly Toys' copyrighted axolotl and frog works:

| Deposit Copies of Copyrighted Works | Copyright Number | Infringing Build-A-Bear Product |
|---|---|---|
|  | VA0002346938 |  |
|  | VA0002096026 |  |

(FAC ¶ 106.)

Build-A-Bear argues that Kelly Toys' copyright claim should be dismissed because Kelly Toys has not plausibly pleaded substantial similarity between its copyrighted works and Build-A-Bear's Skoosherz.  (Mot. at 28–30.)  Specifically, Build-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:24-cv-01169-JLS-MAR                                    Date: July 15, 2024

Title:  Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.

A-Bear contends that, once non-protectible elements are filtered out (*e.g.*, that frogs are generally green), "the two works are not substantially similar as a matter of law, as seen in the side-by-side comparison." (*Id.* at 29.)  In opposition, Kelly Toys points out similarities apart from the overlapping subject-matter: (1) the "egg/bell/oval shape"; (2) "limbs that are not proportional to what a consumer would expect" the animal to look like in real life; and (3) "simplified Kawaii-style facial features." (Opp. at 22.)  Given these similarities, this case is not an instance where the "works are so dissimilar by plain sight that any person observing them could confidently conclude that they do not share substantial similarities." *Hanagami*, 85 F.4th at 941.  Therefore, dismissal of Kelly Toys' copyright claim is not appropriate.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Build-A-Bear's motion to dismiss.

Initials of Deputy Clerk: cr