**LEWIS RICE LLC**
Michael J. Hickey, *Pro Hac Vice*
mhickey@lewisrice.com
Philip J. Mackey, *Pro Hac Vice*
pmackey@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7630
Facsimile: (314) 612-7630

**KEESAL, YOUNG & LOGAN**
Ben Suter, CASB No. 107680
ben.suter@kyl.com
Stacey M. Garrett, CASB No. 155319
stacey.garrett@kyl.com
A Professional Corporation
The Waterfront at Catalina Landing
310 Golden Shore, Suite 400
Long Beach, CA 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorneys for Defendant Build-A-Bear Workshop, Inc.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> BUILD-A-BEAR WORKSHOP, INC., <br><br> Defendant. | Case No. 2:24-cv-01169 JLS (MARx) <br><br> **DEFENDANT BUILD-A-BEAR WORKSHOP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

- 1 -

COMES NOW Defendant Build-A-Bear Workshop, Inc. ("Build-A-Bear") and, as set forth more fully below in its Answer and Affirmative Defenses to the Amended Complaint (ECF No. 25, the "Amended Complaint") filed by Plaintiffs Kelly Toys Holdings, LLC, Jazwares, LLC, Kelly Amusement Holdings, LLC, and Jazplus, LLC (collectively "Plaintiffs"), denies all of Plaintiffs' improper claims of trade dress and copyright infringement and unfair competition under federal or state law, and requests this Court dismiss the Amended Complaint, with prejudice. Build-A-Bear further states as follows:

## **INTRODUCTION[1]**

1.     Build-A-Bear denies that Plaintiffs' line of plush toys branded "Squishmallows" are "distinctive" with respect to any asserted trade dress rights. Build-A-Bear further denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith.   Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Amended Complaint and, therefore, denies the same.

2.     Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint and, therefore, denies the same.

3.     Build-A-Bear admits that its market capitalization currently exceeds $300 million.  Build-A-Bear denies the remaining allegations of Paragraph 3 of the Amended Complaint.

4.     Build-A-Bear admits that it announced the release of its line of Skoosherz® plush toys in January 2024. Build-A-Bear admits that Paragraph 4 of the Amended Complaint includes photographs of three of Build-A-Bear's Skoosherz® plush toys.  Build-A-Bear denies that Skoosherz® "have the same distinctive trade dress as the popular Squishmallows," and further denies that the Squishmallows

---

[1] To the extent any headings set forth in Plaintiffs' Amended Complaint purport to set forth allegations of fact, Build-A-Bear hereby denies the same.

product line has any valid or enforceable trade dress associated therewith.  Build-A-Bear denies the remaining allegations of Paragraph 4 of the Amended Complaint.

     5.     Denied.

     6.     Denied.

     7.     Denied.

     8.     Build-A-Bear admits that Plaintiffs purport to allege trade dress and copyright infringement and to seek monetary and injunctive relief, but denies that any of Plaintiffs' claims have merit.  To the extent that the allegations of the second and third sentences of Paragraph 8 of the Amended Complaint set forth legal conclusions, no response is required.  Build-A-Bear denies the remaining allegations of Paragraph 8 of the Amended Complaint.

## THE PARTIES

     9.     Admitted.

     10.     Admitted.

     11.     Admitted.

     12.     Admitted.

     13.     Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Amended Complaint and, therefore, denies the same.

     14.     Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint and, therefore, denies the same.

     15.     Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint and, therefore, denies the same.

     16.     Build-A-Bear admits that it is a company organized under the laws of Delaware with its principal place of business at 415 18th Street, Suite 200, St. Louis, Missouri 63103 and that it sells toys to consumers.  Build-A-Bear denies the

remaining allegations of the first sentence of Paragraph 16 of the Amended Complaint. Build-A-Bear admits the allegations of the second and third sentences of Paragraph 16 of the Amended Complaint.

## JURISDICTION AND VENUE

17.     Build-A-Bear admits that Plaintiffs purport to bring this action under the trademark laws of the United States, 15 U.S.C. § 1125(a), the statutory and common law of trade dress infringement, and the copyright laws of the United States, 17 U.S.C. § 101, *et seq*., but denies that Plaintiffs have properly stated a claim for any such relief. Build-A-Bear denies any remaining allegations of Paragraph 17 of the Amended Complaint.

18.     Build-A-Bear admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 over actions arising under the trademark and copyright laws of the United States, but denies that this action was properly filed in this Court in view of the action first filed by Build-A-Bear in the United States District Court for the Eastern District of Missouri, *Build-A-Bear Workshop, Inc. v. Kelly Toy Holdings, LLC, et al.*, Case No. 4:24-cv-00211-MTS (E.D. Mo.). Build-A-Bear further admits that Plaintiffs purport to bring their Amended Complaint under the trademark and copyright laws of the United States, but Build-A-Bear denies that Plaintiffs have properly stated a claim for any such relief or have any meritorious claim under the foregoing trademark or copyright laws. To the extent that the allegations of the last sentence of Paragraph 18 of the Amended Complaint set forth legal conclusions, no response is required. Build-A-Bear denies any remaining allegations of Paragraph 18 of the Amended Complaint.

19.     Build-A-Bear admits that Plaintiffs are currently pursuing this matter in the United States District Court for the Central District of California, but denies that this action was properly filed in this Court in view of the action first filed by Build-A-Bear in the United States District Court for the Eastern District of Missouri, *Build-A-Bear Workshop, Inc. v. Kelly Toy Holdings, LLC, et al.*, Case No. 4:24-cv-00211-

MTS (E.D. Mo.). To the extent that the allegations of Paragraph 19 of the Amended Complaint set forth legal conclusions, no response is required.  Build-A-Bear denies any remaining allegations of Paragraph 19 of the Amended Complaint.

20.    Build-A-Bear admits that this Court has personal jurisdiction over it, but denies that this action was properly filed in this Court in view of the action first filed by Build-A-Bear in the United States District Court for the Eastern District of Missouri, *Build-A-Bear Workshop, Inc. v. Kelly Toy Holdings, LLC, et al.*, Case No. 4:24-cv-00211-MTS (E.D. Mo.).  Build-A-Bear further admits that it has over thirty physical stores in California, including at least eleven within the Central District of California and that Build-A-Bear sells its Skoosherz® plush toys at such locations. Build-A-Bear further admits that its Skoosherz® plush toys are available for order online via Build-A-Bear's website and for pick up at physical locations in California and that Build-A-Bear's Skoosherz® plush toys are shipped to California.  Build-A-Bear denies the remaining allegations of Paragraph 20 of the Amended Complaint.

21.    Build-A-Bear admits that it has sold its Skoosherz® plush toys in California.  Build-A-Bear denies the remaining allegations of Paragraph 21 of the Amended Complaint.

## BACKGROUND FACTS

### Kelly Toys Launches Its Squishmallows Products (Denied)

22.    Build-A-Bear admits that Kelly Toys has sold plush toys under the name of Squishmallows but denies such products are unique.  Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Amended Complaint and the preceding heading asserting that "Kelly Toys Launches Its Squishmallows Products", and therefore denies the same.

23.    Build-A-Bear admits that Plaintiffs sell plush products under the Squishmallows name and that photographs of some of these items are shown in Paragraph 23 of the Amended Complaint, but denies that such products are unique or

new or with distinguishing features.  Build-A-Bear further admits that certain designs from the Squishmallows product line are the subject of U.S. Copyright Registrations but denies that such registrations are valid or enforceable.  Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Amended Complaint and, therefore, denies the same.

24.     Build-A-Bear denies that the Squishmallows product line possesses unique, recognizable, or distinguishing features and denies that such features are common across the Squishmallows product line.  Build-A-Bear further denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith.  Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Amended Complaint and, therefore, denies the same.

25.     Build-A-Bear denies that the Squishmallows product line possesses unique or distinct features compared to competing products in the marketplace, including prior to and since 2016.   Build-A-Bear further denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith.  Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 of the Amended Complaint and, therefore, denies the same.

26.     Build-A-Bear denies that the Squishmallows product line bears a common, distinctive overall visual impression, including as compared to competing products in the marketplace, including prior to and since 2017. Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 26 of the Amended Complaint and, therefore, denies the same.

27.     Denied.

A. **Element 1: "Substantially egg/bell/oval shaped plush toys depicting various similarly shaped abstract/fanciful renditions of animals/characters" (Denied)**

28. Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 28 of the Amended Complaint regarding the purported observations of the Squishmallows designers, and therefore denies the same. Build-A-Bear denies the remaining allegations of Paragraph 28 of the Amended Complaint.

29. Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 29 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and therefore denies the same. Build-A-Bear denies the remaining allegations of Paragraph 29 of the Amended Complaint. Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

30. Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 30 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and therefore denies the same. Build-A-Bear denies the remaining allegations of Paragraph 30 of the Amended Complaint. Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

BUILD-A-BEAR'S ANSWER AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT

**B.      Element 2:  "simplified Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys" (Denied)**

31.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 31 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and therefore denies the same.  Build-A-Bear denies the remaining allegations of Paragraph 31 of the Amended Complaint.

32.     Denied.

33.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 33 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and therefore denies the same.  Build-A-Bear denies the remaining allegations of Paragraph 33 of the Amended Complaint.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

34.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 34 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and therefore denies the same.  Build-A-Bear denies the remaining allegations of Paragraph 34 of the Amended Complaint.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

35.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 35 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and therefore denies the same.  Build-A-Bear further denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith.  Build-A-Bear denies the remaining allegations of Paragraph 35 of the Amended Complaint.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

**C.     Element 3:  "embroidered facial features, such as eyes, nostrils, and/or mouths" (Denied)**

36.     Admitted.

37.     Build-A-Bear admits the allegations of the second sentence of Paragraph 37 of the Amended Complaint.  Build-A-Bear denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith.  Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 37 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and therefore denies the same.  Build-A-Bear denies any remaining allegations of Paragraph 37 of the Amended Complaint.

38.     Build-A-Bear denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith.  Build-A-Bear denies the remaining allegations of Paragraph 38 of the Amended Complaint.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line.

**D.    Element 4:    "distinctive contrasting and non-monochrome coloring" (Denied)**

39.    Build-A-Bear admits that some companies use single or complementary colors for plush toys.   Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 39 of the Amended Complaint, including regarding the purported design choices of the Squishmallows designers, and therefore denies the same.

40.    Denied.

41.    Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 41 of the Amended Complaint, including regarding the purported design choices of the Squishmallows designers, and therefore denies the same.   Build-A-Bear further denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith or that the Squishmallows product line has a unique look.   Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

**E.    Element 5:   "short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel" (Denied)**

42.    Build-A-Bear admits that manufacturers of plush toys choose material for the inside and outside of a plush toy.   Build-A-Bear admits that the exterior of a plush toy necessarily defines the look of a toy. Build-A-Bear denies the remaining allegations of Paragraph 42 of the Amended Complaint.

43.    Build-A-Bear admits that a fabric like Velboa is an option for plush toy fabric.   Build-A-Bear is without sufficient knowledge or information to form a belief

about the truth of the remaining allegations of Paragraph 43 of the Amended Complaint and, therefore, denies the same.

44.   Build-A-Bear admits that polyester stuffing is an option for filling the interior of a plush toy.  Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 44 of the Amended Complaint and, therefore, denies the same.

45.   Build-A-Bear admits that Spanboa is an option for exterior plush toy fabric.  Build-A-Bear denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith or that the Squishmallows product line has a unique look.  Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 45 of the Amended Complaint and, therefore, denies the same.

46.   Denied.   Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

47.   Denied.   Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith, that the claimed trade dress has acquired distinctiveness in the marketplace when applied to plush toys, that the relevant consuming public has come to recognize or associate plush toys bearing the claimed trade dress as high quality goods connected with or offered by a single source, and that the claimed trade dress has valuable goodwill associated with it and has come to symbolize the reputation of Plaintiffs.

48.   Denied.   Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith, that the

claimed trade dress is common across the Squishmallows product line, and that the claimed trade dress serves as a distinctive source identifier to the consuming public.

49.    Denied.    Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith and that the claimed trade dress is a non-functional look and feel uniquely associated with a single source.

50.    Denied.    Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith and that the claimed trade dress does not have aesthetic functionality or would not impose disadvantage on competitors by barring them from using features used for many years prior to and since Plaintiffs introduced the Squishmallows product line.

### Kelly Toys Holdings, LLC Owns Copyrights in Squishmallows (Denied)

51.    Build-A-Bear admits that Kelly Toys Holdings, LLC purports to be the owner of registered copyrights in the two designs listed in Paragraph 51 of the Amended Complaint.    Build-A-Bear denies any remaining allegations of Paragraph 51 of the Amended Complaint.

### Squishmallows Are Distinctive and Popular (Denied)

52.    Build-A-Bear is without sufficient knowledge and information to form a belief about the truth of the allegations of the first sentence of Paragraph 52 of the Amended Complaint, and therefore denies the same.    Build-A-Bear denies the remaining allegations of Paragraph 52 of the Amended Complaint.    Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith, that the claimed trade dress has acquired distinctiveness in the marketplace when applied to plush toys, that the relevant consuming public has come to recognize or associate plush toys bearing the claimed trade dress as high quality goods connected with or offered by a single source, and that the claimed trade dress embodies and symbolizes valuable goodwill and reputation.

53. Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith and that the claimed trade dress is original or inherently distinctive. Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of the second sentence of Paragraph 53 of the Amended Complaint, and therefore denies the same. Build-A-Bear denies the remaining allegations of Paragraph 53 of the Amended Complaint.

54. Build-A-Bear admits that Plaintiffs Kelly Toys Holdings, LLC and Jazwares, LLC appear to sell certain Squishmallows at retail locations and/or on websites. Build-A-Bear is without sufficient knowledge or information to form a belief about the remaining allegations of Paragraph 54 of the Amended Complaint and, therefore, denies the same.

55. Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 55 of the Amended Complaint and, therefore, denies the same.

56. Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 56 of the Amended Complaint and, therefore, denies the same.

57. Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 57 of the Amended Complaint and, therefore, denies the same.

58. Build-A-Bear denies that the Squishmallows product line has obtained secondary meaning in the marketplace. Build-A-Bear is without sufficient knowledge or information to form a belief about the remaining allegations of Paragraph 58 of the Amended Complaint and, therefore, denies the same.

59. Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 59 of the Amended Complaint and, therefore, denies the same.

60.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 60 of the Amended Complaint and, therefore, denies the same.

61.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 61 of the Amended Complaint and, therefore, denies the same.

62.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 62 of the Amended Complaint and, therefore, denies the same.

63.     Build-A-Bear denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith or that consumers associate the Squishmallows product line with the claimed trade dress.  Build-A-Bear is otherwise without sufficient knowledge or information to form a belief about the remaining allegations of Paragraph 63 of the Amended Complaint and, therefore, denies the same.

### Build-A-Bear's Infringing Skoosherz Products (Denied)

64.     Admitted.

65.     Build-A-Bear admits that it announced the release of its line of pre-made Skoosherz® plush toys in January 2024.  Build-A-Bear denies the remaining allegations of Paragraph 65 of the Amended Complaint.

66.     Denied.

67.     Build-A-Bear admits that photographs of five of its Skoosherz® plush toys appear in Paragraph 67 of the Amended Complaint.  Build-A-Bear denies the remaining allegations of Paragraph 67 of the Amended Complaint.

68.     Build-A-Bear admits that it has used a Chinese manufacturer to manufacture its Skoosherz® plush toys.  Build-A-Bear denies the remaining allegations of Paragraph 68 of the Amended Complaint.

69.     Denied.

70.     Build-A-Bear admits that photographs of certain of its advertising with respect to its Skoosherz® plush toys appears in Paragraph 70 of the Amended Complaint and further admits using the words "squish" and "most squishable" in certain of its advertising, but denies that Plaintiffs have the right to exclude anyone from using the words "squish" or "squishable".  Build-A-Bear denies the remaining allegations of Paragraph 70 of the Amended Complaint.

71.     Build-A-Bear admits that the product details for its Skoosherz® Axolotl uses the word "squishable" but denies that Plaintiffs have the right to exclude anyone from using the word "squishable".  Build-A-Bear denies the remaining allegations of Paragraph 71 of the Amended Complaint.

72.     Build-A-Bear admits that a photograph of certain of its advertising with respect to its Skoosherz® plush toys appears in Paragraph 72 of the Amended Complaint.  Build-A-Bear denies the remaining allegations of Paragraph 72 of the Amended Complaint.

73.     Denied.

74.     Build-A-Bear is without sufficient knowledge or information to form a belief about the accuracy or authenticity of the social media posts set forth in Paragraph 74 of the Amended Complaint, and therefore denies the same. Build-A-Bear denies the remaining allegations of Paragraph 74 of the Amended Complaint.

75.     Build-A-Bear is without sufficient knowledge or information to form a belief about the accuracy or authenticity of the social media posts set forth in Paragraph 75 of the Amended Complaint, and therefore denies the same. Build-A-Bear denies the remaining allegations of Paragraph 75 of the Amended Complaint.

76.     Build-A-Bear is without sufficient knowledge or information to form a belief about the accuracy or authenticity of the social media posts set forth in Paragraph 76 of the Amended Complaint, and therefore denies the same. Build-A-Bear denies the remaining allegations of Paragraph 76 of the Amended Complaint.

77.     Denied.

78.   Denied.

## FIRST CAUSE OF ACTION

## (Trade Dress Infringement – 15 U.S.C. § 1125) (Denied)

79.   Build-A-Bear restates and incorporates by reference its answers to Paragraphs 1 through 78 of the Amended Complaint as if fully set forth herein.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Denied.

## SECOND CAUSE OF ACTION

## (Alleged California Common Law Trade Dress Infringement) (Denied)

91.   Build-A-Bear re restates and incorporates by reference its answers to Paragraphs 1 through 90 of the Amended Complaint as if fully set forth herein.

92.   Denied.

93.   Denied.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Denied.

99.   Denied.

100.   Denied.

101.   Denied.

## THIRD CAUSE OF ACTION

**(Alleged Federal Copyright Infringement – 17 U.S.C. § 501(a)) (Denied)**

**(Kelly Toys Holdings, LLC Only)**

102.   Build-A-Bear restates and incorporates by reference its answers to Paragraphs 1 through 101 of the Amended Complaint as if fully set forth herein.

103.   Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 103 of the Amended Complaint and, therefore, denies the same.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied

108.   Denied.

109.   Denied.

## FOURTH CAUSE OF ACTION

**(Alleged California Common Law Unfair Competition) (Denied)**

110.   Build-A-Bear restates and incorporates by reference its answers to Paragraphs 1 through 109 of the Amended Complaint as if fully set forth herein.

111.   Build-A-Bear admits that Plaintiff purports to bring a claim under the common law of the State of California relating to unfair competition and that this claim is purportedly not based on any copyrights. Build-A-Bear denies the remaining allegations of Paragraph 111 of the Amended Complaint.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

## FIFTH CAUSE OF ACTION

### (Alleged California Statutory Unfair Competition –

### Cal. Bus. & Prof. Code § 17200, *et seq*.) (Denied)

117.   Build-A-Bear restates and incorporates by reference its answers to Paragraphs 1 through 116 of the Amended Complaint as if fully set forth herein.

118.   Build-A-Bear admits that Plaintiffs' Fifth Cause of Action is purportedly not based on any copyrights. Build-A-Bear denies the remaining allegations of Paragraph 118 of the Amended Complaint.

119.   Denied.

## PRAYER FOR RELIEF

As to the allegations in the Prayer for Relief of the Amended Complaint, Build-A-Bear denies that Plaintiffs are entitled to any of the requested relief including any monetary damages and injunctive relief, and denies any and all allegations set forth in Paragraphs a. through s. (including the romanette subparts thereof) of the Prayer for Relief. Build-A-Bear specifically denies any unfair competition and trade dress infringement in violation of the Lanham Act and California law, and any copyright infringement in violation of the Copyright Act, including any allegations that Build-A-Bear's actions constitute violations—willful or otherwise—of state or federal law. Build-A-Bear respectfully requests that the Court deny any relief stated in Plaintiffs' Request for Relief, and that Plaintiffs' Amended Complaint and any relief sought therein is denied in its entirety.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

In response to Plaintiffs' Amended Complaint, Build-A-Bear asserts the following affirmative and other defenses, without assuming the burden of proof when such burden would otherwise be Plaintiffs'.

## FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a claim against Build-A-Bear upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs lack valid trade dress rights in the Squishmallows product line because Plaintiffs' claimed trade dress is functional, both aesthetically and otherwise.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs lack valid trade dress rights in the Squishmallows product line because Plaintiffs fail to articulate a specific, protectable trade dress but instead use terms to describe its claimed trade dress that are overly vague, broad and open-ended.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs lack valid trade dress rights in the Squishmallows product line because the claimed trade dress lacked secondary meaning before Build-A-Bear's accused products entered the market.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs lack valid trade dress rights and copyrights in the Squishmallows product line because Plaintiffs' alleged trade dress and copyrights are generic. For example, such claimed trade dress and asserted copyright features were present in a number of products, including Build-A-Bear products, before and during the time period in which Plaintiffs adopted the claimed trade dress and asserted copyrighted features, and the claimed trade dress and asserted copyrighted features describe an unprotectable and ubiquitous type of plush product.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Build-A-Bear Skoosherz® plush toys accused of infringement do not infringe any claimed trade dress rights of Plaintiffs in the Squishmallows product line, nor do the Build-A-Bear Skoosherz® plush toys create a likelihood of confusion as to the affiliation, connection, or association of Build-A-Bear with another person, or as to the origin, sponsorship, or approval of Build-A-Bear's goods by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The Build-A-Bear Skoosherz® plush toys accused of infringement do not infringe Plaintiffs' asserted copyrighted designs, nor were the Build-A-Bear Skoosherz® plush toys based in any manner or copied or derived from Plaintiffs' asserted copyrighted designs.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The Amended Complaint, and each and every purported claim for relief therein, are barred by the doctrines of waiver, estoppel, and laches, wherein, among other things, Plaintiffs have failed to enforce their claimed trade dress and copyrights against third parties which continue to market plush products bearing the claimed trade dress and asserted copyrighted features to the extent they can be understood, and yet Plaintiffs continue to assert exclusive rights in their Squishmallows products line, which assertions have themselves varied in litigation.

## NINTH AFFIRMATIVE DEFENSE

9.      The Amended Complaint, and each and every purported claim for relief therein, is barred by the doctrine of unclean hands, wherein, among other things, Plaintiffs have failed to enforce their claimed trade dress and copyrights against third parties which continue to market plush products bearing the claimed trade dress and asserted copyrighted features to the extent they can be understood, and yet Plaintiffs continued to assert exclusive rights in their Squishmallows product line.

### **TENTH AFFIRMATIVE DEFENSE**

10.     Plaintiffs lack valid trade dress rights in the Squishmallows product line because the claimed trade dress is not used across the Squishmallows product line.

### **ELEVENTH AFFIRMATIVE DEFENSE**

11.     The Amended Complaint, and each and every purported claim for relief therein, is barred on the grounds that Plaintiffs' alleged trade dress and copyrights seek to protect ideas and concepts.

### **TWELFTH AFFIRMATIVE DEFENSE**

12.     Plaintiffs' claims should be dismissed or stayed in favor of the action first filed by Build-A-Bear in the United States District Court for the Eastern District of Missouri, *Build-A-Bear Workshop, Inc. v. Kelly Toy Holdings, LLC, et al.*, Case No. 4:24-cv-00211-MTS (E.D. Mo.).

### **PRAYER FOR RELIEF**

WHEREFORE, Build-A-Bear respectfully requests judgment in its favor, that Plaintiffs recover nothing on their Amended Complaint, that the Amended Complaint be dismissed on the merits, with prejudice, that the Court deem the claims exceptional pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505, award Build-A-Bear its costs and attorneys' fees as the prevailing party, and that the Court grant Build-A-Bear such other and further relief as the Court deems just and proper under the circumstances.

### **JURY DEMAND**

Build-A-Bear demands a trial by jury on any and all claims or issues in this action so triable pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment of the United States Constitution.

DATED: July 29, 2024

**LEWIS RICE LLC**

By:  */s/ Michael J. Hickey*

Michael J. Hickey, *Pro Hac Vice*
mhickey@lewisrice.com
Philip J. Mackey, *Pro Hac Vice*
pmackey@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone:  (314) 444-7630
Facsimile:  (314) 612-7630

**KEESAL, YOUNG & LOGAN**
Ben Suter, CASB No. 107680
ben.suter@kyl.com
Stacey M. Garrett, CASB No. 155319
stacey.garrett@kyl.com
A Professional Corporation
The Waterfront at Catalina Landing
310 Golden Shore, Suite 400
Long Beach, CA 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorneys for Defendant Build-A-Bear Workshop, Inc.*

BUILD-A-BEAR'S ANSWER AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT