1  **LEWIS RICE LLC**
   Michael J. Hickey, *Pro Hac Vice*
2  mhickey@lewisrice.com
   Philip J. Mackey, *Pro Hac Vice*
3  pmackey@lewisrice.com
   600 Washington Avenue, Suite 2500
4  St. Louis, Missouri 63101
   Telephone: (314) 444-7630
5  Facsimile: (314) 612-7630

6  **KEESAL, YOUNG & LOGAN**
   Ben Suter, CASB No. 107680
7  ben.suter@kyl.com
   Stacey M. Garrett, CASB No. 155319
8  stacey.garrett@kyl.com
   A Professional Corporation
9  The Waterfront at Catalina Landing
   310 Golden Shore, Suite 400
10 Long Beach, CA 90802
   Telephone: (562) 436-2000
11 Facsimile: (562) 436-7416

12 *Attorneys for Defendant/Counterclaim-Plaintiff*
   *Build-A-Bear Workshop, Inc.*
13

14                UNITED STATES DISTRICT COURT
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
15

16 KELLY TOYS HOLDINGS, LLC;          Case No. 2:24-cv-01169 JLS (MARx)
   JAZWARES, LLC; KELLY
17 AMUSEMENT HOLDINGS, LLC;
   and JAZPLUS, LLC,                   **DEFENDANT BUILD-A-BEAR**
18                                     **WORKSHOP, INC.'S AMENDED**
              Plaintiffs,              **ANSWER AND AFFIRMATIVE**
19                                     **DEFENSES TO PLAINTIFFS'**
                                       **AMENDED COMPLAINT AND**
20 vs.                                 **COUNTERCLAIMS FOR**
                                       **DECLARATORY JUDGMENT**
   BUILD-A-BEAR WORKSHOP,
21 INC.,
                                       **DEMAND FOR JURY TRIAL**
22            Defendant.

23

24

25

26

27

28

COMES NOW, Defendant Build-A-Bear Workshop, Inc. ("Build-A-Bear"), and, as set forth more fully below in its Amended Answer and Affirmative Defenses to the Amended Complaint (ECF No. 25, the "Amended Complaint") filed by Plaintiffs Kelly Toys Holdings, LLC, Jazwares, LLC, Kelly Amusement Holdings, LLC, and Jazplus, LLC (collectively "Plaintiffs") and Counterclaims for Declaratory Judgment, denies all of Plaintiffs' improper claims of trade dress and copyright infringement and unfair competition under federal or state law, requests this Court dismiss the Amended Complaint, with prejudice, and declare that Plaintiffs have no viable intellectual property rights, or, if Plaintiffs do have any such rights, declare that Build-A-Bear has not infringed the same. Build-A-Bear further states as follows:

## INTRODUCTION[1]

1.     Build-A-Bear denies that Plaintiffs' line of plush toys branded "Squishmallows" are "distinctive" with respect to any asserted trade dress rights. Build-A-Bear further denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith. Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Amended Complaint and, therefore, denies the same.

2.     Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint and, therefore, denies the same.

3.     Build-A-Bear admits that its market capitalization currently exceeds $300 million. Build-A-Bear denies the remaining allegations of Paragraph 3 of the Amended Complaint.

4.     Build-A-Bear admits that it announced the release of its line of Skoosherz® plush toys in January 2024. Build-A-Bear admits that Paragraph 4 of the Amended Complaint includes photographs of three of Build-A-Bear's Skoosherz®

---

[1] To the extent any headings set forth in Plaintiffs' Amended Complaint purport to set forth allegations of fact, Build-A-Bear hereby denies the same.

plush toys. Build-A-Bear denies that Skoosherz® "have the same distinctive trade dress as the popular Squishmallows," and further denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith. Build-A-Bear denies the remaining allegations of Paragraph 4 of the Amended Complaint.

5. Denied.

6. Denied.

7. Denied.

8. Build-A-Bear admits that Plaintiffs purport to allege trade dress and copyright infringement and to seek monetary and injunctive relief, but denies that any of Plaintiffs' claims have merit. To the extent that the allegations of the second and third sentences of Paragraph 8 of the Amended Complaint set forth legal conclusions, no response is required. Build-A-Bear denies the remaining allegations of Paragraph 8 of the Amended Complaint.

## **THE PARTIES**

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Amended Complaint and, therefore, denies the same.

14. Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint and, therefore, denies the same.

15. Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint and, therefore, denies the same.

16.    Build-A-Bear admits that it is a company organized under the laws of Delaware with its principal place of business at 415 18th Street, Suite 200, St. Louis, Missouri 63103 and that it sells toys to consumers.    Build-A-Bear denies the remaining allegations of the first sentence of Paragraph 16 of the Amended Complaint.  Build-A-Bear admits the allegations of the second and third sentences of Paragraph 16 of the Amended Complaint.

## JURISDICTION AND VENUE

17.    Build-A-Bear admits that Plaintiffs purport to bring this action under the trademark laws of the United States, 15 U.S.C. § 1125(a), the statutory and common law of trade dress infringement, and the copyright laws of the United States, 17 U.S.C. § 101, *et seq*., but denies that Plaintiffs have properly stated a claim for any such relief.  Build-A-Bear denies any remaining allegations of Paragraph 17 of the Amended Complaint.

18.    Build-A-Bear admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 over actions arising under the trademark and copyright laws of the United States, but denies that this action was properly filed in this Court.  Build-A-Bear further admits that Plaintiffs purport to bring their Amended Complaint under the trademark and copyright laws of the United States, but Build-A-Bear denies that Plaintiffs have properly stated a claim for any such relief or have any meritorious claim under the foregoing trademark or copyright laws. To the extent that the allegations of the last sentence of Paragraph 18 of the Amended Complaint set forth legal conclusions, no response is required. Build-A-Bear denies any remaining allegations of Paragraph 18 of the Amended Complaint.

19.    Build-A-Bear admits that Plaintiffs are currently pursuing this matter in the United States District Court for the Central District of California, but denies that this action was properly filed in this Court. To the extent that the allegations of Paragraph 19 of the Amended Complaint set forth legal conclusions, no response is

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT

required.  Build-A-Bear denies any remaining allegations of Paragraph 19 of the Amended Complaint.

20.  Build-A-Bear admits that this Court has personal jurisdiction over it, but denies that this action was properly filed in this Court.  Build-A-Bear further admits that it has over thirty physical stores in California, including at least eleven within the Central District of California and that Build-A-Bear sells its Skoosherz® plush toys at such locations.  Build-A-Bear further admits that its Skoosherz® plush toys are available for order online via Build-A-Bear's website and for pick up at physical locations in California and that Build-A-Bear's Skoosherz® plush toys are shipped to California.  Build-A-Bear denies the remaining allegations of Paragraph 20 of the Amended Complaint.

21.  Build-A-Bear admits that it has sold its Skoosherz® plush toys in California.  Build-A-Bear denies the remaining allegations of Paragraph 21 of the Amended Complaint.

## **BACKGROUND FACTS**

### **Kelly Toys Launches Its Squishmallows Products (Denied)**

22.  Build-A-Bear admits that Kelly Toys has sold plush toys under the name of Squishmallows but denies such products are unique.  Build-A-Bear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Amended Complaint and the preceding heading asserting that "Kelly Toys Launches Its Squishmallows Products", and, therefore, denies the same.

23.  Build-A-Bear admits that Plaintiffs sell plush products under the Squishmallows name and that photographs of some of these items are shown in Paragraph 23 of the Amended Complaint, but denies that such products are unique or new or with distinguishing features.  Build-A-Bear further admits that certain designs from the Squishmallows product line are the subject of U.S. Copyright Registrations but denies that such registrations are valid or enforceable.  Build-A-

1  Bear lacks knowledge or information sufficient to form a belief as to the truth of the
2  remaining allegations of Paragraph 23 of the Amended Complaint and, therefore,
3  denies the same.

4      24.    Build-A-Bear denies that the Squishmallows product line possesses
5  unique, recognizable, or distinguishing features and denies that such features are
6  common across the Squishmallows product line. Build-A-Bear further denies that
7  the Squishmallows product line has any valid or enforceable trade dress associated
8  therewith. Build-A-Bear lacks knowledge or information sufficient to form a belief
9  as to the truth of the remaining allegations of Paragraph 24 of the Amended
10 Complaint and, therefore, denies the same.

11     25.    Build-A-Bear denies that the Squishmallows product line possesses
12 unique or distinct features compared to competing products in the marketplace,
13 including prior to and since 2016. Build-A-Bear further denies that the
14 Squishmallows product line has any valid or enforceable trade dress associated
15 therewith. Build-A-Bear lacks knowledge or information sufficient to form a belief
16 as to the truth of the remaining allegations of Paragraph 25 of the Amended
17 Complaint and, therefore, denies the same.

18     26.    Build-A-Bear denies that the Squishmallows product line bears a
19 common, distinctive overall visual impression, including as compared to competing
20 products in the marketplace, including prior to and since 2017. Build-A-Bear is
21 without sufficient knowledge or information to form a belief about the truth of the
22 remaining allegations of Paragraph 26 of the Amended Complaint and, therefore,
23 denies the same.

24     27.    Denied.

25     **A.    Element 1: "Substantially egg/bell/oval shaped plush toys depicting**
26          **various     similarly     shaped     abstract/fanciful     renditions     of**
27          **animals/characters" (Denied)**

28

28.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 28 of the Amended Complaint regarding the purported observations of the Squishmallows designers, and, therefore, denies the same.  Build-A-Bear denies the remaining allegations of Paragraph 28 of the Amended Complaint.

29.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 29 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same.   Build-A-Bear denies the remaining allegations of Paragraph 29 of the Amended Complaint.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

30.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 30 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same.   Build-A-Bear denies the remaining allegations of Paragraph 30 of the Amended Complaint.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

B.     **Element 2: "simplified Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys" (Denied)**

31.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 31 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same.   Build-A-Bear denies the remaining allegations of Paragraph 31 of the Amended Complaint.

32.     Denied.

33.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 33 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same.   Build-A-Bear denies the remaining allegations of Paragraph 33 of the Amended Complaint.   Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

34.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 34 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same.   Build-A-Bear denies the remaining allegations of Paragraph 34 of the Amended Complaint.   Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

35.     Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 35 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same.   Build-A-Bear further denies that the Squishmallows

product line has any valid or enforceable trade dress associated therewith. Build-A-Bear denies the remaining allegations of Paragraph 35 of the Amended Complaint. Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

**C.    Element 3: "embroidered facial features, such as eyes, nostrils, and/or mouths" (Denied)**

36.    Admitted.

37.    Build-A-Bear admits the allegations of the second sentence of Paragraph 37 of the Amended Complaint. Build-A-Bear denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith. Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 37 of the Amended Complaint regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same. Build-A-Bear denies any remaining allegations of Paragraph 37 of the Amended Complaint.

38.    Build-A-Bear denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith. Build-A-Bear denies the remaining allegations of Paragraph 38 of the Amended Complaint. Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line.

**D.    Element 4: "distinctive contrasting and non-monochrome coloring" (Denied)**

39.    Build-A-Bear admits that some companies use single or complementary colors for plush toys. Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 39 of the

Amended Complaint, including regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same.

40.    Denied.

41.    Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 41 of the Amended Complaint, including regarding the purported design choices of the Squishmallows designers, and, therefore, denies the same.  Build-A-Bear further denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith or that the Squishmallows product line has a unique look.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

**E.    Element 5: "short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel" (Denied)**

42.    Build-A-Bear admits that manufacturers of plush toys choose material for the inside and outside of a plush toy.  Build-A-Bear admits that the exterior of a plush toy necessarily defines the look of a toy. Build-A-Bear denies the remaining allegations of Paragraph 42 of the Amended Complaint.

43.    Build-A-Bear admits that a fabric like Velboa is an option for plush toy fabric.  Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 43 of the Amended Complaint and, therefore, denies the same.

44.    Build-A-Bear admits that polyester stuffing is an option for filling the interior of a plush toy.  Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 44 of the Amended Complaint and, therefore, denies the same.

45.    Build-A-Bear admits that span boa is an option for exterior plush toy fabric.  Build-A-Bear denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith or that the Squishmallows product line has a unique look.  Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 45 of the Amended Complaint and, therefore, denies the same.

46.    Denied.    Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith.  Build-A-Bear further asserts that the claimed trade dress features listed in this paragraph were present in plush products sold by Build-A-Bear and third parties prior to and since Plaintiffs' introduction of the Squishmallows product line, and that the claimed trade dress features are not present across the Squishmallows product line.

47.    Denied.    Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith, that the claimed trade dress has acquired distinctiveness in the marketplace when applied to plush toys, that the relevant consuming public has come to recognize or associate plush toys bearing the claimed trade dress as high quality goods connected with or offered by a single source, and that the claimed trade dress has valuable goodwill associated with it and has come to symbolize the reputation of Plaintiffs.

48.    Denied.    Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith, that the claimed trade dress is common across the Squishmallows product line, and that the claimed trade dress serves as a distinctive source identifier to the consuming public.

49.    Denied.    Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith and that the claimed trade dress is a non-functional look and feel uniquely associated with a single source.

50.   Denied.   Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith and that the claimed trade dress does not have aesthetic functionality or would not impose disadvantage on competitors by barring them from using features used for many years prior to and since Plaintiffs introduced the Squishmallows product line.

**Kelly Toys Holdings, LLC Owns Copyrights in Squishmallows (Denied)**

51.   Build-A-Bear admits that Kelly Toys Holdings, LLC purports to be the owner of registered copyrights in the two designs listed in Paragraph 51 of the Amended Complaint.   Build-A-Bear denies any remaining allegations of Paragraph 51 of the Amended Complaint.

**Squishmallows Are Distinctive and Popular (Denied)**

52.   Build-A-Bear is without sufficient knowledge and information to form a belief about the truth of the allegations of the first sentence of Paragraph 52 of the Amended Complaint, and, therefore, denies the same.   Build-A-Bear denies the remaining allegations of Paragraph 52 of the Amended Complaint.   Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith, that the claimed trade dress has acquired distinctiveness in the marketplace when applied to plush toys, that the relevant consuming public has come to recognize or associate plush toys bearing the claimed trade dress as high quality goods connected with or offered by a single source, and that the claimed trade dress embodies and symbolizes valuable goodwill and reputation.

53.   Build-A-Bear specifically denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith and that the claimed trade dress is original or inherently distinctive.   Build-A-Bear is without sufficient knowledge or information to form a belief about the truth of the allegations of the second sentence of Paragraph 53 of the Amended Complaint, and, therefore, denies

the same. Build-A-Bear denies the remaining allegations of Paragraph 53 of the Amended Complaint.

54.     Build-A-Bear admits that Plaintiffs Kelly Toys Holdings, LLC and Jazwares, LLC appear to sell certain Squishmallows at retail locations and/or on websites. Build-A-Bear is without sufficient knowledge or information to form a belief about the remaining allegations of Paragraph 54 of the Amended Complaint and, therefore, denies the same.

55.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 55 of the Amended Complaint and, therefore, denies the same.

56.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 56 of the Amended Complaint and, therefore, denies the same.

57.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 57 of the Amended Complaint and, therefore, denies the same.

58.     Build-A-Bear denies that the Squishmallows product line has obtained secondary meaning in the marketplace. Build-A-Bear is without sufficient knowledge or information to form a belief about the remaining allegations of Paragraph 58 of the Amended Complaint and, therefore, denies the same.

59.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 59 of the Amended Complaint and, therefore, denies the same.

60.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 60 of the Amended Complaint and, therefore, denies the same.

61.     Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 61 of the Amended Complaint and,

therefore, denies the same.

62.    Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 62 of the Amended Complaint and, therefore, denies the same.

63.    Build-A-Bear denies that the Squishmallows product line has any valid or enforceable trade dress associated therewith or that consumers associate the Squishmallows product line with the claimed trade dress.  Build-A-Bear is otherwise without sufficient knowledge or information to form a belief about the remaining allegations of Paragraph 63 of the Amended Complaint and, therefore, denies the same.

### **Build-A-Bear's Infringing Skoosherz Products (Denied)**

64.    Admitted.

65.    Build-A-Bear admits that it announced the release of its line of pre-made Skoosherz® plush toys in January 2024.   Build-A-Bear denies the remaining allegations of Paragraph 65 of the Amended Complaint.

66.    Denied.

67.    Build-A-Bear admits that photographs of five of its Skoosherz® plush toys appear in Paragraph 67 of the Amended Complaint.  Build-A-Bear denies the remaining allegations of Paragraph 67 of the Amended Complaint.

68.    Build-A-Bear admits that it has used a Chinese manufacturer to manufacture its Skoosherz® plush toys.    Build-A-Bear denies the remaining allegations of Paragraph 68 of the Amended Complaint.

69.    Denied.

70.    Build-A-Bear admits that photographs of certain of its advertising with respect to its Skoosherz® plush toys appears in Paragraph 70 of the Amended Complaint and further admits using the words "squish" and "most squishable" in certain of its advertising, but denies that Plaintiffs have the right to exclude anyone

from using the words "squish" or "squishable".  Build-A-Bear denies the remaining allegations of Paragraph 70 of the Amended Complaint.

71.    Build-A-Bear admits that the product details for its Skoosherz® Axolotl uses the word "squishable" but denies that Plaintiffs have the right to exclude anyone from using the word "squishable".  Build-A-Bear denies the remaining allegations of Paragraph 71 of the Amended Complaint.

72.    Build-A-Bear admits that a photograph of certain of its advertising with respect to its Skoosherz® plush toys appears in Paragraph 72 of the Amended Complaint.  Build-A-Bear denies the remaining allegations of Paragraph 72 of the Amended Complaint.

73.    Denied.

74.    Build-A-Bear is without sufficient knowledge or information to form a belief about the accuracy or authenticity of the social media posts set forth in Paragraph 74 of the Amended Complaint, and, therefore, denies the same. Build-A-Bear denies the remaining allegations of Paragraph 74 of the Amended Complaint.

75.    Build-A-Bear is without sufficient knowledge or information to form a belief about the accuracy or authenticity of the social media posts set forth in Paragraph 75 of the Amended Complaint, and, therefore, denies the same. Build-A-Bear denies the remaining allegations of Paragraph 75 of the Amended Complaint.

76.    Build-A-Bear is without sufficient knowledge or information to form a belief about the accuracy or authenticity of the social media posts set forth in Paragraph 76 of the Amended Complaint, and, therefore, denies the same. Build-A-Bear denies the remaining allegations of Paragraph 76 of the Amended Complaint.

77.    Denied.

78.    Denied.

## FIRST CAUSE OF ACTION

**(Trade Dress Infringement – 15 U.S.C. § 1125) (Denied)**

79.    Build-A-Bear restates and incorporates by reference its answers to Paragraphs 1 through 78 of the Amended Complaint as if fully set forth herein.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

## SECOND CAUSE OF ACTION

**(Alleged California Common Law Trade Dress Infringement) (Denied)**

91.    Build-A-Bear re restates and incorporates by reference its answers to Paragraphs 1 through 90 of the Amended Complaint as if fully set forth herein.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

- 15 -

101.   Denied.

## THIRD CAUSE OF ACTION

## (Alleged Federal Copyright Infringement – 17 U.S.C. § 501(a)) (Denied)

## (Kelly Toys Holdings, LLC Only)

102.   Build-A-Bear restates and incorporates by reference its answers to Paragraphs 1 through 101 of the Amended Complaint as if fully set forth herein.

103.   Build-A-Bear is without sufficient knowledge or information to form a belief about the allegations of Paragraph 103 of the Amended Complaint and, therefore, denies the same.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied

108.   Denied.

109.   Denied.

## FOURTH CAUSE OF ACTION

## (Alleged California Common Law Unfair Competition) (Denied)

110.   Build-A-Bear restates and incorporates by reference its answers to Paragraphs 1 through 109 of the Amended Complaint as if fully set forth herein.

111.   Build-A-Bear admits that Plaintiff purports to bring a claim under the common law of the State of California relating to unfair competition and that this claim is purportedly not based on any copyrights. Build-A-Bear denies the remaining allegations of Paragraph 111 of the Amended Complaint.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

# **FIFTH CAUSE OF ACTION**

## **(Alleged California Statutory Unfair Competition –**

## **Cal. Bus. & Prof. Code § 17200, *et seq*.) (Denied)**

117.  Build-A-Bear restates and incorporates by reference its answers to Paragraphs 1 through 116 of the Amended Complaint as if fully set forth herein.

118.  Build-A-Bear admits that Plaintiffs' Fifth Cause of Action is purportedly not based on any copyrights. Build-A-Bear denies the remaining allegations of Paragraph 118 of the Amended Complaint.

119.  Denied.

# **PRAYER FOR RELIEF**

As to the allegations in the Prayer for Relief of the Amended Complaint, Build-A-Bear denies that Plaintiffs are entitled to any of the requested relief including any monetary damages and injunctive relief, and denies any and all allegations set forth in Paragraphs a. through s. (including the romanette subparts thereof) of the Prayer for Relief. Build-A-Bear specifically denies any unfair competition and trade dress infringement in violation of the Lanham Act and California law, and any copyright infringement in violation of the Copyright Act, including any allegations that Build-A-Bear's actions constitute violations—willful or otherwise—of state or federal law. Build-A-Bear respectfully requests that the Court deny any relief stated in Plaintiffs' Request for Relief, and that Plaintiffs' Amended Complaint and any relief sought therein is denied in its entirety.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

In response to Plaintiffs' Amended Complaint, Build-A-Bear asserts the following affirmative and other defenses, without assuming the burden of proof when such burden would otherwise be Plaintiffs'.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Build-A-Bear upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack valid trade dress rights in the Squishmallows product line because Plaintiffs' claimed trade dress is functional, both aesthetically and otherwise.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack valid trade dress rights in the Squishmallows product line because Plaintiffs fail to articulate a specific, protectable trade dress but instead use terms to describe its claimed trade dress that are overly vague, broad and open-ended.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack valid trade dress rights in the Squishmallows product line because the claimed trade dress lacked secondary meaning before Build-A-Bear's accused products entered the market.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack valid trade dress rights and copyrights in the Squishmallows product line because Plaintiffs' alleged trade dress and copyrights are generic. For example, such claimed trade dress and asserted copyright features were present in a number of products, including Build-A-Bear products, before and during the time period in which Plaintiffs adopted the claimed trade dress and asserted copyrighted features, and the claimed trade dress and asserted copyrighted features describe an unprotectable and ubiquitous type of plush product.

## SIXTH AFFIRMATIVE DEFENSE

The Build-A-Bear Skoosherz® plush toys accused of infringement do not infringe any claimed trade dress rights of Plaintiffs in the Squishmallows product line, nor do the Build-A-Bear Skoosherz® plush toys create a likelihood of confusion as to the affiliation, connection, or association of Build-A-Bear with another person, or as to the origin, sponsorship, or approval of Build-A-Bear's goods by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

The Build-A-Bear Skoosherz® plush toys accused of infringement do not infringe Plaintiffs' asserted copyrighted designs, nor were the Build-A-Bear Skoosherz® plush toys copied from Plaintiffs' asserted copyrighted designs.

## EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each and every purported claim for relief therein, are barred by the doctrines of waiver, estoppel, and laches, wherein, among other things, Plaintiffs have made inconsistent and false assertions regarding their claimed trade dress rights and failed to enforce their claimed trade dress rights and copyrights against third parties which continue to market plush products bearing the claimed trade dress and asserted copyrighted features to the extent they can be understood, and yet Plaintiffs continue to assert exclusive rights in their Squishmallows products line, which assertions have themselves varied in litigation.

## NINTH AFFIRMATIVE DEFENSE

The Amended Complaint, and each and every purported claim for relief therein, is barred by the doctrine of unclean hands, wherein, among other things, Plaintiffs have made inconsistent and false assertions regarding their claimed trade dress rights and failed to enforce their claimed trade dress rights and copyrights against third parties which continue to market plush products bearing the claimed trade dress and asserted copyrighted features to the extent they can be understood, and yet Plaintiffs continued to assert exclusive rights in their Squishmallows product line.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs lack valid trade dress rights in the Squishmallows product line because the claimed trade dress is not used across the Squishmallows product line.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Amended Complaint, and each and every purported claim for relief therein, is barred on the grounds that Plaintiffs' alleged trade dress and copyrights seek to protect ideas and concepts.

**PRAYER FOR RELIEF**

WHEREFORE, Build-A-Bear respectfully requests judgment in its favor, that Plaintiffs recover nothing on their Amended Complaint, that the Amended Complaint be dismissed on the merits, with prejudice, that the Court deem the claims exceptional pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505, award Build-A-Bear its costs and attorneys' fees as the prevailing party, and that the Court grant Build-A-Bear such other and further relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Build-A-Bear demands a trial by jury on any and all claims or issues in this action so triable pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment of the United States Constitution.

## **COUNTERCLAIM**

For its Counterclaim, Build-A-Bear states as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1.    Build-A-Bear is a Delaware corporation with its principal place of business located at 415 South 18th Street, St. Louis, Missouri 63103.

2.    Upon information and belief, Counterclaim-Defendant Kelly Toys Holdings, LLC is a Delaware limited liability company with its principal place of business located at 4811 South Alameda Street, Los Angeles, California 90058.

3.    Upon information and belief, Counterclaim-Defendant Kelly Amusement Holdings, LLC is a Delaware limited liability company with its principal place of business located at 350 Michael Drive, Syosset, New York 11791.

4.    Upon information and belief, Counterclaim-Defendant Jazwares, LLC is a Delaware limited liability company with its principal place of business located at 1067 Shotgun Road, Sunrise, Florida 33326.

5.    Upon information and belief, Counterclaim-Defendant Jazplus, LLC is a Delaware limited liability company with its principal place of business located at 7284 West Palmetto Park Road, Boca Raton, Florida 33433.

6.    Upon information and belief, Kelly Toys Holdings, LLC, Kelly Amusement Holdings, LLC, Jazwares, LLC, and Jazplus, LLC (collectively "Counterclaim-Defendants") are affiliated entities, governed by common ownership and/or intercompany agreements, or otherwise have the collective right to sell or otherwise distribute Squishmallows products.

7.    This Counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Copyright Act, 17 U.S.C. § 101 *et seq.*

8.    This Court has jurisdiction over the subject matter of this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338 and/or 1367.

9.      Personal jurisdiction and venue are proper in this District because this Counterclaim is brought in an action pursued by Counterclaim-Defendants in this District. Further, upon information and belief, Counterclaim-Defendant Kelly Toys Holdings, LLC resides in this District and all Plaintiffs purport to be affiliated entities governed by common ownership and intercompany agreements.

10.     There is an actual, ripe, and justiciable controversy between Build-A-Bear and Counterclaim-Defendants concerning whether Counterclaim-Defendants have valid and enforceable trade dress rights under the Lanham Act in their Squishmallows products and whether Plaintiff Build-A-Bear's Skoosherz® plush toys infringe any trade dress rights and/or copyrights associated with Defendants' Squishmallows products under the Lanham Act and the Copyright Act. Counterclaim-Defendants have asserted or are currently asserting trade dress rights and copyrights in their Squishmallows products under the Lanham Act and the Copyright Act against multiple manufacturers and sellers of plush toys, including Ty, Inc., Dan-Dee International, and Zuru, LLC, among others.    Additionally, Counterclaim-Defendants sued Build-A-Bear on January 29, 2024, in the 17th Judicial District Circuit Court for Broward County, Florida (*Jazwares, LLC, et al. v. Build-A-Bear Workshop, Inc.*, Case No. CACE-24-001221), attempting to assert Florida state law claims of trade dress infringement and unfair competition relating to Build-A-Bear's Skoosherz® plush toys.  Also on January 29, 2024, Counterclaim-Defendants filed an *ex parte* emergency motion for preliminary injunction, in which Counterclaim-Defendants asserted injuries purportedly occurring across the country and not limited or specific to Florida (which motion was subsequently denied by the Broward County, Florida court later in the day). Further, Counterclaim-Defendants sued Build-A-Bear in this District, asserting trade dress rights and copyrights in their Squishmallows products under the Lanham Act and Copyright Act.

## BACKGROUND FACTS

### Build-A-Bear and Its Skoosherz® Plush Toys

11.    Founded in 1997, Build-A-Bear is a multi-generational global brand focused on its mission to "add a little more heart to life", appealing to a wide array of consumer groups who enjoy the personal expression in making their own "furry friends" to celebrate and commemorate life moments.

12.    Build-A-Bear currently has nearly 500 interactive brick-and mortar experience locations across the country and around the world, where a variety of formats provide guests of all ages a hands-on entertaining experience and foster a lasting and emotional brand connection.

13.    Build-A-Bear also offers engaging e-commerce/digital purchasing experiences on www.buildabear.com, including its online "Bear-Builder", the animated "Bear Builder 3D Workshop", and its age-gated, adult-focused "Bear Cave".

14.    Although Build-A-Bear started with consumers building their own stuffed plush toys, for many years Build-A-Bear has also sold pre-stuffed plush toys in its retail stores and online at www.buildabear.com and its Build-A-Bear store on Amazon.com.

15.    From humble beginnings and a single retail store in St. Louis, Missouri, Build-A-Bear has emerged as one of the world's leaders in high-quality plush toys, innovative store experiences, and engaging, family-friendly entertainment.

16.    In January 2024, and in anticipation of Valentine's Day celebrations, Build-A-Bear introduced, on a global basis, its new line of collectible plush friends – Skoosherz® – uniquely styled for optimal hugging benefits.  Displaying a trademarked, unique name evoking their huggability, the adorable Skoosherz® spherical plush friends are made with an ultra-soft plush and stuffing perfect for hugging.

17.    Build-A-Bear's first five Skoosherz® plush toys are all based on original, popular Build-A-Bear plush animals, including:



Build-A-Bear's **Skoosherz®** Pink Axolotl



Build-A-Bear's **Skoosherz®** Strawberry Cow



Build-A-Bear's **Skoosherz®** Spring Green Frog

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT

1

2

3

4

5

6

7



8

Build-A-Bear's **Skoosherz®** Rainbow Sparkles Teddy Bear

9

10

11

12

13



14

15

16

17

Build-A-Bear's **Skoosherz®** Red Raptor

18

19       18.    Build-A-Bear's Skoosherz® plush toys are distinctly round or spherical

20   in shape, with the first five toys each having bright coloring and features matching

21   Build-A-Bear's original, full animal designs (which it continues to sell).

22       19.    Shown below is a visual comparison of Build-A-Bear's first line of

23   Skoosherz® plush toys to its original plush animals on which the Skoosherz® plush

24   toys are based.

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Build-A-Bear's **Skoosherz®**
Pink Axolotl

Build-A-Bear's Original
Pink Axolotl





Build-A-Bear's **Skoosherz®**
Strawberry Cow

Build-A-Bear's Original
Strawberry Cow





Build-A-Bear's **Skoosherz®**
Spring Green Frog

Build-A-Bear's Original
Spring Green Frog

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT

1
2
3
4
5
6
7
8
9




Build-A-Bear's **Skoosherz®**
Rainbow Sparkle Teddy Bear

Build-A-Bear's Original
Rainbow Sparkle Teddy Bear

10
11
12
13
14
15
16
17
18




Build-A-Bear's **Skoosherz®**
Red Raptor

Build-A-Bear's Original
Red Raptor

19      20.    In fact, Build-A-Bear's strategy of creating orb-shaped plush toys based
20    on predecessor full-bodied plush toys was utilized years prior to the launch of the
21    Skoosherz® plush toys, including for its Kabu™ plush toys.
22
23
24
25
26




Build-A-Bear's Kabu™ Catlynn
Slow Foam Mini

Build-A-Bear's Kabu™ Catlynn

27
28

21.    Further, each Skoosherz® plush toy not only has labels and/or hang tags depicting Build-A-Bear's long-standing common law and federally registered Build-A-Bear Workshop® name and logo (shown below), but every Skoosherz® plush toy also has right and left arms, with one arm bearing Build-A-Bear's common law, federally registered, and iconic BAB® heart-shaped paw pad logo (also shown below).






22.    Build-A-Bear's advertising and marketing of its new Skoosherz® plush toys consistently and prominently include references to Build-A-Bear as the sole and exclusive source of the Skoosherz® plush toys.  This includes references to the Build-A-Bear name, the Build-A-Bear Workshop logo, the BAB logo, and other brand

- 28 -

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT

1    indicators on the products, on its website at www.buildabear.com, and in product
2    displays in its physical retail locations, as shown by example below:







25        23.    Currently, Build-A-Bear's Skoosherz® plush toys can only be
26    purchased in a Build-A-Bear physical retail store or online through Build-A-Bear's
27    website at www.buildabear.com or the Build-A-Bear store on Amazon.com.

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT

**Counterclaim-Defendants' Squishmallows Products**

24.    Counterclaim-Defendants claim to be the sole and exclusive owners of claimed trade dress rights in their Squishmallows product line.

25.    Counterclaim-Defendants' descriptions of the features purportedly comprising their claimed trade dress have changed greatly over the years and as applied to various third parties accused by Counterclaim-Defendants of trade dress infringement.  Moreover, none of those purported features are consistently used by Counterclaim-Defendants as an identifier of source, but instead constitute a mere product design aimed and advertised to aesthetically appeal to consumers.

26.    Over time, Counterclaim-Defendants and apparently related entities have asserted at least fourteen (14) different descriptions of the combined features purportedly make up their claimed trade dress in the Squishmallows product line, including the following descriptions and the respective cases where such assertions were made (with varying descriptions sometimes found even within the same pleadings!):

    a. *Kelly Toys Holdings, LLC, et al. v. Build-A-Bear Workshop, Inc.*, Case No. 2:24-cv-01169 JLS (MARx) (C.D. Cal.) ("*Kelly Toys v. Build-A-Bear – California*") ECF No. 1, ¶26:

        i.  substantially egg/bell/oval shaped plush toys depicting various similarly shaped fanciful renditions of animals/characters

        ii.  simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell/oval shape of the toys

        iii.  embroidered facial features, such as nostrils, eyes and/or mouths

        iv.  distinctive contrasting and non-monochrome coloring

        v.  short-pile velvety velour-like textured exterior with a light and

silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel

b. *Kelly Toys v. Build-A-Bear – California*, ECF No. 25, pp. 9-17:
   i.  substantially egg/bell/oval shaped plush toys depicting various similarly shaped abstract/fanciful renditions of animals/characters
   ii. simplified Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys
   iii. embroidered facial features, such as nostrils, eyes and/or mouths
   iv. distinctive contrasting and non-monochrome coloring
   v.  short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel

c. *Kellytoy USA, Inc., et al. v. Dan-Dee International, Ltd., et al.*, Case No. 2:18-cv-05399 (C.D. Cal.) ("*Kellytoy v. Dan-Dee*"), ECF No. 16, First Amended Complaint (filed Aug. 24, 2018), ¶23:
   i.  substantially bell-shaped plush toys embodying fanciful renditions of animals/characters
   ii. embroidered anime-inspired minimalist, whimsical facial features
   iii. a velvety velour-like textured exterior, and
   iv. stuffing with a light "marshmallow," memory foam-like texture

d. *Kellytoy Worldwide, Inc., et al. v. Ty, Inc., et al.*, Case No. 1:20-cv-00748 (N.D. Ill.) ("*Kellytoy v. Ty*"), ECF No. 21, Memorandum in Support of Motion for Preliminary Injunction (filed Feb. 21, 2020), p. 3:

    i.  specific egg/bell shape (including the lack of a discrete head and torso) lacking proportionate, pronounced limbs

    ii.  abstract, embroidered facial features based on the Japanese Kawaii style

    iii.  oval/rounded graphic features

    iv.  ultra-soft shell and mooshy, silky stuffing

e. *Kellytoy v. Ty*, ECF No. 24, Yoon Declaration (filed Feb. 21, 2020), ¶10:

    i.  the specific shape (including the lack of a discrete head and torso) lacking proportionate, pronounced limbs

    ii.  Kawaii abstract, embroidered facial features

    iii.  oval/rounded graphic features

    iv.  an ultra-soft shell and mooshy, silky stuffing

f. *Kellytoy v. Ty*, ECF No. 24, Yoon Declaration, ¶28:

    i.  egg/bell-like shape

    ii.  absence of proportionate/pronounced limbs

    iii.  simplified Kawaii-inspired aesthetics

    iv.  short pile silky shell

    v.  airy, silky stuffing

g. *Kellytoy v. Ty*, ECF No. 69, First Amended Complaint (filed May 21, 2020), ¶32:

    i.  substantially egg/bell shaped plush toys depicting various

- 32 -

similarly shaped fanciful renditions of animals/characters

    ii.  simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys

   iii.  embroidered facial features, such [as] nostrils, and/or mouths

   iv.  distinctive contrasting and non-monochrome coloring

    v.  short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing providing an extremely soft and squeezable marshmallow feel

  h.  *Kellytoy v. Ty*, ECF No. 105, Second Amended Complaint (filed Oct. 21, 2020), ¶34; *Kellytoy Worldwide, Inc. v. Hugfun International, Inc.*, Case No. CV-19-07652-MWF (C.D. Cal.) ("*Kellytoy v. Hugfun*"), ECF No. 27, First Amended Complaint (filed Dec. 4, 2019), ¶22; *Kelly Toys v. Zuru*, ECF No. 1, Complaint (filed Nov. 2, 2023), ¶24:

    i.  substantially egg/bell shaped plush toys depicting various similarly shaped fanciful renditions of animals/characters

    ii.  simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys

   iii.  embroidered facial features, such as nostrils, eyes and/or mouths

   iv.  distinctive contrasting and non-monochrome coloring

v.  short-pile velvety velour-like textured exterior with a light and
silky memory foam-like stuffing providing an extremely soft and
squeezable marshmallow feel

i.  *Kelly Toys v. Zuru*, ECF No. 1, Complaint (filed Nov. 2, 2023), ¶3:

   i.  shaped fanciful renditions of animals/characters

   ii.  simplified Asian style Kawaii faces

   iii.  embroidered facial features

   iv.  distinctive and non-monochrome coloring

   v.  velvety velour-like textured exterior

j.  *Kellytoy v. Dan-Dee*, ECF No. 46, Second Amended Complaint (filed
March 5, 2019), ¶23; *Kelly Toys v. Zuru*, ECF No. 26-2,  Exhibit A to
Opposition to Motion to Dismiss (filed Jan. 22, 2024), ¶23:

   i.  substantially egg/bell shaped plush toys depicting various
similarly shaped fanciful renditions of animals/characters

   ii.  simplified Asian style Kawaii faces with repeating and
complementary rounded/oval shaped graphics depicting features
on the characters themselves (such as eyes, snouts and bellies)
and which conform to and support the overall egg/bell shape of
the toys

   iii.  embroidered two-dimensional facial features, such as eyes,
nostrils, mouths

   iv.  distinctive contrasting and non-monochrome coloring

   v.  short-pile velvety velour-like textured exterior with a light and
silky memory foam-like stuffing providing an extremely soft and
squeezable marshmallow feel

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT

k. *Kelly Toys v. Zuru*, ECF No. 26, Opposition to Motion to Dismiss (filed Jan. 22, 2024), p. 1:

    i. fanciful rendition of a unique animal with simplified Asian style Kawaii faces in an egg/bell shape in combination with other features that create a distinguishing aesthetic look

l. *Kelly Toys Holdings, LLC, et al.. v. Build-A-Bear Workshop, Inc.*, Case No. CACE-24-001221 (Florida 17th Cir. Ct.) ("*Kelly Toys v. Build-A-Bear – Florida*"), Complaint (filed Jan. 29, 2024), ¶23:

    i. substantially egg/bell shaped plush toys depicting various similarly shaped fanciful renditions of animals/characters

    ii. simplified Asian style Kawaii faces with repeating and complementary rounded/oval shaped graphics depicting features on the characters themselves (such as eyes, snouts and bellies) and which conform to and support the overall egg/bell shape of the toys

    iii. embroidered facial features, such as eyes, nostrils, and/or mouths

    iv. distinctive contrasting and non-monochrome coloring

    v. short-pile exterior

m. *Kelly Toys v. Build-A-Bear – Florida*, Complaint, ¶41:

    i. shaped fanciful renditions of animals/characters

    ii. simplified Asian style Kawaii faces

    iii. embroidered facial features

    iv. distinctive and non-monochrome coloring

    v. short-pile exterior

n. *Kelly Toys v. Build-A-Bear – Florida*, Emergency Motion for

Temporary Injunction, p. 25:

    i.  Asian-style Kawaii faces

    ii.  rounded shape

    iii.  embroidered facial features

    iv.  bright colors

    v.  small facial features

    vi.  small appendages

    vii.  overall unique minimalistic depiction of cute animals and shapes

(any and all combinations of the foregoing are hereinafter referred to as the "Claimed

Squishmallows Trade Dress").

27.    Most recently, Counterclaim-Defendants have asserted infringement of

trade dress descriptions (l.) – (n.) by Build-A-Bear in Florida state court under Florida

common law, and infringement of trade dress description (b.) by Build-A-Bear in this

Court, but Counterclaim-Defendants' litigation history against third parties suggests

that Counterclaim-Defendants will likely also claim features found in all descriptions

(a.) – (n.), to be identifiers of source for purposes of the Claimed Squishmallows

Trade Dress vis-à-vis Build-A-Bear.  For these reasons and others set forth herein,

Build-A-Bear is seeking declarations of invalidity, unenforceability, and non-

infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., for all features of the

Claimed Squishmallows Trade Dress.

28.    The various features Counterclaim-Defendants have claimed as

components of the Claimed Squishmallows Trade Dress are not all consistently

present throughout the entire Squishmallows product line, undermining the assertion

of a total product image recognizable by the consuming public as an identifier of a

single source.  Counterclaim-Defendants contend that their various claimed trade

dress features are not easily reduced to writing and that the overall look and image

of the Claimed Squishmallows Trade Dress are not limited to specific shapes, colors,

textures, and graphics.   In fact, Defendants and apparently related entities have previously filed complaints alleging trade dress infringement that included images of the wide variety of Squishmallows products and designs, which images do not consistently display any total product image or commercial impression, such as the following:





29.    No consistent overall look and feel or stable visual appearance can be discerned from Counterclaim-Defendants' Squishmallows products.

30.    In fact, Counterclaim-Defendants admitted there is no consistent overall look and feel or stable visual appearance across the entire Squishmallows product line by identifying 169 of the Squishmallows product designs supposedly containing the Claimed Squishmallows Trade Dress but which do not have a consistent overall look and feel or stable visual appearance. *See Kelly Toys v. Zuru*, ECF No. 42, Appendix A to Second Amended Complaint, attached hereto as <u>Exhibit 1</u>. For example:

    a.  Many designs are monochromatic, including:



    b.  Many designs do not have rounded/oval shaped graphics, including:



c.  Many designs do not have rounded facial features, including:



d.  Many designs do not have only short pile exterior, including:



- 39 -



31.    Counterclaim-Defendants have since asserted that 3,779 products supposedly contain the Claimed Squishmallows Trade Dress. *See Kelly Toys v. Zuru*, ECF No. 45, Appendix A, attached hereto as <u>Exhibit 2</u>.  But many of these products, without question, likewise fall far outside the bounds of the already vague, ambiguous, and generic trade dress description set forth by Counterclaim-Defendants, including (but not limited to) certain product designs depicted below that are monochromatic, square-shaped, triangular-shaped, rectangular-shaped (or are otherwise not egg/bell/oval-shaped), have long fur, etc.:



32.     Further, Counterclaim-Defendants' ever-changing claimed trade dress features are essential to the use or purpose of plush products and affect the cost or quality of the products.  If Counterclaim-Defendants were granted the exclusive use of any or all of the Claimed Squishmallows Trade Dress used in any combination and/or variation, their competitors would be put at a significant non-reputation-related disadvantage with regard to generic, functional, and non-source identifying features.   Moreover, the features of the Claimed Squishmallows Trade Dress constitute the actual benefit that the consumer wishes to purchase, as distinguished from an assurance that a particular entity made, sponsored, or endorsed a product.

33.     The main messages communicated by Counterclaim-Defendants' advertising for its Squishmallows product line are softness/squeezability – and collectability.     Counterclaim-Defendants also frequently advertise that their Squishmallows can be used as pillows, which message is mentioned in dozens of marketing materials for the products, demonstrating the functionality of the products. Advertising for Counterclaim-Defendants' Squishmallows has touted the fact that "[s]ince 2017, the Squishmallows … have offered comfort, support and warmth as … pillow pals" and Counterclaim-Defendant Kelly Toys Holdings, LLC's CEO Jonathan Kelly has also declared that Squishmallows can be used as pillows (among other things) in a news release about the toy:  "Squishy and comforting, they are great … pillows."   Because Squishmallows function as pillows, those aspects of the products that render them useful as pillows are functional.

34.     These same elements have been advertised by Counterclaim-Defendants as being washable – another functional feature, including in exhibits to Counterclaim-Defendants' own complaints against alleged third party infringers, including advertising about the Squishmallows products stating that "the unique line is made of super soft spandex EF and polyester stuffing, similar to memory foam, for crazy, cuddly fun.  Caring for Squishmallows is easy:  give them lots of love, wash in warm water and tumble dry on medium heat."

35.    Counterclaim-Defendants also advertise the fact that Squishmallows serve the function of offering comfort and "helping to relieve stress and anxiety." These claims, along with statements about the tactile appeal of the toys and how the products assist those with sensory issues, have been repeated in numerous marketing materials for the products.

36.    Tags, packages, displays and advertisements for Counterclaim-Defendants' Squishmallows products tout the functionality of the fact that the toys are "soft", "squishable" and "huggable," with slogans like "SQUEEZE AND CUDDLE ME":



37.    Upon information and belief, Counterclaim-Defendants do not own any trademark registrations or exclusive, common law trademark rights to the terms "SQUISH", "SQUISHY", "SQUISHABLE", "SQUEEZE", "CUDDLE", or "HUGGABLE" in connection with plush toys.

38.    If each aspect of the claimed trade dress were in fact protected trade dress, it would be virtually impossible for competitors to create alternative designs. For example, Counterclaim-Defendants claim as trade dress those elements of its plush products that make the product resemble an animal, including "eyes, snouts and bellies" and "nostrils, and/or mouths."  However, features like eyes, nostrils, ears, and noses are essential to the purpose of creating animal or character figures and are, therefore, functional.  Indeed, many of the asserted elements that are

- 42 -

necessary to make Squishmallows resemble their counterparts in nature or a fanciful character (such as eyes, ears, snouts, bellies, nostrils, mouths, coloring, etc.) are functional, and, therefore, cannot be protectable trade dress.

39. Counterclaim-Defendants' claimed "distinctive contrasting non-monochrome coloring" is also functional. Fanciful coloring of the toy and the overall design of plush toys is aesthetically functional in that it is the toys' aesthetic that drives the consumer to purchase them, and this functionality exists independently of any source-identifying function. The attractiveness and eye-appeal of the Squishmallows product designs may make the products more commercially desirable, but serves no source-identifying function.

40. If features such as an egg/bell shape, Kawaii faces with rounded/oval shaped graphics, embroidered facial features, distinctive contrasting non-monochrome coloring, or short-pile fabric exterior were protected trade dress (to the extent these terms could be properly understood), it would be virtually impossible for competitors to create alternative toy designs for this item's purpose. From a toy designer's perspective, each of these claimed trade dress features is necessary to either depict the various characters or animals, or is necessary to create this category of pillow-type plush that is currently trending. Allowing Counterclaim-Defendants to maintain an unending monopoly over typical plush toy features such as those set forth in the Claimed Squishmallows Trade Dress imputes an inescapable restraint on competition in the plush toy industry.

## <u>Many Squishy Plush Toys Existed Before and During</u>
## <u>Squishmallows' Entry into the Market and Still Exist Today</u>

41.    Long before Counterclaim-Defendants introduced their Squishmallows product line allegedly featuring the claimed trade dress in 2017, third parties offered for sale and sold (and continue to sell) across the United States a number of products featuring all of the elements of Counterclaim-Defendants' claimed trade dress, including but not limited to Squishable's plush animal line starting in 2008, Ty's 2011 and 2012 BEANIE BALLZ, Ty's 2013 BABY BALLZ, and KidRobot's Yummy World products starting in 2015:



BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT



Ty's Baby Ballz, 2013

Ty Pickles, 2011    Ty Flash, 2011    Ty Bonsai, 2011    Ty Tumbles, 2011    Ty Hello Kitty, 2012

YUMMY WORLD Large Macaroon    YUMMY WORLD Large Pea Pod
$ 29.99    $ 29.99

42.    Long before Counterclaim-Defendants introduced their Squishmallows product line featuring the claimed trade dress, each of the claimed trade dress elements, either alone or combined, was prevalent in the U.S. toy market and offered for sale and sold by third parties in interstate commerce.  Many of such toys (or variations thereof) are still sold today, including for example:



Molang 2016    Suikko Gurashi 2013    Pusheen 2015    Totoro 2016    Gudetama 2015    Noodoll Pre-2017

Schrodinger's Cat Pre-2017    Squooshies 2017    Sago Minis 2017    Grumpy Cat Pre-2017    Fiesta Owl 2012

43.    Moreover, Counterclaim-Defendants or related entities have dismissed their complaints against multiple major competitors and their plush products with the Claimed Squishmallows Trade Dress elements, either alone or combined, including but not limited to Ty and its Squishaboos (or Squishy Beanies) plush products.  After such lawsuit was dismissed with prejudice, Ty does not, and has not, publicly identified that its use is licensed by or affiliated with Counterclaim-Defendants in any manner.  Therefore, the product features of these third parties (previously alleged to infringe Counterclaim-Defendants' claimed trade dress) do not and cannot identify Counterclaim-Defendants as the sole and exclusive source of such trade dress elements, either alone or in combination.

44.    In other words, Counterclaim-Defendants have, by their own actions, permitted major third-party competitors like Ty to use, without any attribution to Counterclaim-Defendants, the same trade dress features that Counterclaim-Defendants now claim Build-A-Bear infringes.   Counterclaim-Defendants are thereby prevented from acquiring any distinctiveness or secondary meaning in Counterclaim-Defendants' Claimed Squishmallows Trade Dress due to a crowded field of products utilizing the very same features Counterclaim-Defendants currently claim as trade dress.  Counterclaim-Defendants' repeated dismissals with prejudice amounts to admissions that Counterclaim-Defendants' claimed rights cannot extend to those products or any others with a similar appearance.  Examples of Ty's current Squishy Beanies are shown below:

**Ty's Squishy Beanies**



45.    What's    most,    since    Counterclaim-Defendants    launched    their Squishmallows products, numerous third parties have sold and continue to sell (to this day) plush toy products with the very same features (to the extent they can be understood) Counterclaim-Defendants currently claim as trade dress, including the following[2]:



Pusheen Fruits Pineapple Squisheen          Magic Swirl Pusheenicorn





TeeTurtle Big Reversible Axolotl Plushie          Kawaii Therapy Penguin

---

[2] Most of the products depicted herein represent just one of an entire line of products with the same or similar features.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Kawaii Therapy Dinosaur



KOPHINYE Cow Plush Pillow

with American Flag



LXSLFY Banana Cow Plush



GUND Pusheen The Cat



Squeezamals Narcissa Narwhal



MeWaii® Fragrance Plush Toy Line

- 48 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





FOCO USA Plush Smusherz Small Bear    Disney® Mickey Mouse and Friends
Nesting Sensory Plush Set





Disney® Dale Falafel Pita Pocket        iScream® Toby the Tiger Plush
Munchlings Plush

46.    In fact, Build-A-Bear launched its Kabu™ line of products in 2018 and
2019, including products such as those shown below having features similar to its
current SKOOSHERZ® products:

- 49 -

**Build-A-Bear's Kabu™ Plush Toys**



47.    Because third parties have been selling their squishy plush products as identified above well-before 2017 and for many years thereafter, and numerous other third parties sell squishy plush products with similar features today, consumers do not and cannot identify any features of the Claimed Squishmallows Trade Dress exclusively with Counterclaim-Defendants as the sole source.

48.    Furthermore, insofar as Counterclaim-Defendants' recently revised Appendix A against Zuru contends that products having long fur, monochromatic coloring, and/or non-bell/oval/egg shapes *are* within the bounds of the Claimed Squishmallows Trade Dress (though Build-A-Bear maintains they are not), the landscape of third party products bearing said features is widely expansive, further showing that Counterclaim-Defendants are not, and never have been, exclusively using said features:

1
2
3
4
5
6
7



8     Hot Topic's Tasty Peach Axolotl



Cuddle Barn Sakura Mooshake Plushie

9
10
11
12



13
14
15



16    Aurora® Spooky Tasty Peach ® Pumpkin     MAIMR266 Kawaii Plush Toy

17
18
19



20
21
22



23
24
25           Pluffy's Mini Foodie Plushies              The Little Melon Shop's Boba
26                                                   Bubble Tea Kawaii Plushies
27
28

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT

49.    Moreover, Counterclaim-Defendants' marketing activities and associated expenditures have not established secondary meaning in any trade dress asserted in the Squishmallows product line, because the advertising did not encourage consumers to identify the claimed trade dress solely and exclusively with Counterclaim-Defendants. Indeed, Counterclaim-Defendants' own advertising of its product line as the "Original" Squishmallows implicitly acknowledges that there are many other products with similar aesthetic and functional features.

50.    Any commercial success of the Squishmallows product line is attributable to the desirability of the product configuration and functionality rather than the source-designating capacity of the claimed trade dress.

### Build-A-Bear's Skoosherz® Plush Toys Are Clearly Labeled as Associated With Build-A-Bear and Distinguished from Counterclaim-Defendants' Squishmallows Products

51.    Soft, pillow-like squishie-type products have been trending in the toy industry for a number of years. Build-A-Bear's Skoosherz® plush toys are simply the most recent example of pillow-type products in this space, including Build-A-Bear's own Kabu plush products, Squishables, Dan-Dee's Squishy toys, Ty's Squishaboos, and toys made by Gund, Fiesta, First and Main, Rhode Island Novelty, Moosh, Kid Robot, Pusheen, Kawaii Therapy, MeWaii, Blippo, Kawaiies Limited, and others, all predating and/or sold contemporaneously in interstate commerce with Counterclaim-Defendants' Squishmallows products such that Counterclaim-Defendants cannot have acquired any distinctiveness or secondary meaning in the marketplace.

52.    As described above, Build-A-Bear's Skoosherz® plush toys were not copied from Counterclaim-Defendants' Squishmallows but are based upon, and derive from, preexisting Build-A-Bear toys which have been sold for a number of years. Moreover, Build-A-Bear's Skoosherz® plush toys demonstrate functional revisions (in a pillow-like presentation) to its preexisting Build-A-Bear toys, creating

a consistent product offering by Build-A-Bear, and not copied or derived from any source-identifying feature purportedly in Counterclaim-Defendants' Squishmallows products.  The features present in each of Build-A-Bear's Skoosherz® plush toys including, for example, the coloration, fabric patterns, facial features, and ear shape and placement come directly from Build-A-Bear's preexisting plush animal products of the same name and design:





Build-A-Bear's **Skoosherz®**
Pink Axolotl

Build-A-Bear's Original
Pink Axolotl





Build-A-Bear's **Skoosherz®**
Strawberry Cow

Build-A-Bear's Original
Strawberry Cow

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT




Build-A-Bear's **Skoosherz®**
Spring Green Frog

Build-A-Bear's Original
Spring Green Frog




Build-A-Bear's **Skoosherz®**
Rainbow Sparkle Teddy Bear

Build-A-Bear's Original
Rainbow Sparkle Teddy Bear




Build-A-Bear's **Skoosherz®**
Red Raptor

Build-A-Bear's Original
Red Raptor

53.    The design features on Build-A-Bear's Skoosherz® plush toys come from Build-A-Bear, not Counterclaim-Defendants.  Indeed, Build-A-Bear had these

same design features on its Kabu™ plush products years ago, with examples shown below:






54.    There is no confusing similarity between Build-A-Bear's Skoosherz® plush toys and Counterclaim-Defendants' claimed trade dress.  In terms of overall appearance of the products, Build-A-Bear's Skoosherz® are distinctly spherical or orb-shaped, in contrast to the claimed egg/bell-shaped design of Counterclaim-Defendants' Squishmallows product line.  Build-A-Bear's facial features match their preexisting designs and do not mimic Counterclaim-Defendants' facial features, including eyes and mouth features that are specifically distinguished in terms of shape (for example, round eyes vs. oval eyes).  The coloration of Build-A-Bear's products functionally matches the specific animal depicted, including the distinctive yellow colored belly in its original Build-A-Bear "raptor" design and which is a functionally accurate, and generic, part of this dinosaur depiction.  The parties'

respective source-identifying labels and tags are prominently displayed on their

respective toys as well.  A visual contrast of Build-A-Bear's Skoosherz® plush toys

and Counterclaim-Defendants' Squishmallows products is shown below:





Counterclaim-Defendants' Archie the
Pink Axolotl Squishmallow

Build-A-Bear's **Skoosherz®**
Pink Axolotl





Counterclaim-Defendants' Evangelica
Cow Squishmallow

Build-A-Bear's **Skoosherz®**
Strawberry Cow





Counterclaim-Defendants' Wendy
Green Frog Squishmallow

Build-A-Bear's **Skoosherz®**
Spring Green Frog

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT



Counterclaim-Defendants' Marley
Rainbow Bear Squishmallow



Build-A-Bear's **Skoosherz®**
Rainbow Sparkle Teddy Bear



Counterclaim-Defendants' Red
Snowflake Dinosaur Squishmallow



Build-A-Bear's **Skoosherz®**
Red Raptor

55.    Counterclaim-Defendants' Claimed Squishmallows Trade Dress is not capable of creating a commercial impression distinct from generic, functional, and/or descriptive features.  That is, Counterclaim-Defendants' Claimed Squishmallows Trade Dress is nonexistent, because product shape and feel and the cosmetic depiction of animals almost invariably serves purposes other than source identification, because the claimed trade dress lacks commercial strength in the form of secondary meaning, and because the features alleged to be Counterclaim-Defendants' trade dress were used (and continue to be used) by multiple competitors

1  in interstate commerce long before Counterclaim-Defendants offered for sale and/or

2  attempted to acquire trade dress rights in its Squishmallows products.

3       56.    Upon information and belief, Counterclaim-Defendants consistently

4  and prominently offer for sale and sell their Squishmallows products utilizing their

5  federally registered SQUISHMALLOWS trademarks, and to the extent the

6  consuming public identifies the source of Counterclaim-Defendants' products, it

7  does so by such registered trademarks, and not the overall shape, size, or commercial

8  appearance of any of Counterclaim-Defendants' products.  Indeed, Counterclaim-

9  Defendants have not even attempted to register trade dress at the federal level in any

10  of their Claimed Squishmallows Trade Dress designs, presumably because they know

11  the U.S. Trademark Office would not approve of Counterclaim-Defendants' shifting,

12  vague, and overbroad descriptions of their purported trade dress (which would

13  require several drawings and would therefore be an improper trade dress application),

14  and because Counterclaim-Defendants know they cannot prove acquired

15  distinctiveness, secondary meaning, and/or sole and exclusive rights to their Claimed

16  Squishmallows Trade Dress.

17       57.    Although Counterclaim-Defendants want their amorphous trade dress

18  definition to include the entirety of a vast, varied product line, the Squishmallows

19  product line lacks any common features, so Counterclaim-Defendants cannot register

20  it.  Some Squishmallows are animals, some are not.  Some have round eyes, some

21  have slits.  Some have mouths, some do not.  Some have arms or feet, some do not.

22  Some have bellies, some do not.  Some have ears, some do not.  Some wear clothes,

23  some do not.  Some have noses or snouts, some do not.  Some have eyes on the tops

24  of their heads, some do not.  Counterclaim-Defendants' Squishmallows have no

25  consistent colors or color patterns.  Because of this utter lack of consistency,

26  Counterclaim-Defendants would not be able to submit a single drawing of the

27  claimed trade dress that could possibly satisfy the U.S. Trademark Office's

28  regulatory requirements for providing notice to the public of Counterclaim-

Defendants' claimed rights.  Even if one found the oval/egg-shaped perimeter to be consistent across the product lineup (which it is not), that would not help Counterclaim-Defendants because they cannot register trade dress rights in an oval.

58.    In other words, Counterclaim-Defendants have avoided any attempt at federal registration of their claimed trade dress because Counterclaim-Defendants do not own a single trade dress encompassing all Squishmallows and, therefore, cannot properly assert trade dress claims against Build-A-Bear.

59.    Additionally, consumers are not likely to be confused between the source of the Build-A-Bear Skoosherz® plush toys compared to Counterclaim-Defendants' Squishmallows products.  Adults, as purchasers of the Build-A-Bear Skoosherz® plush toys, are likely to exercise reasonable care when purchasing the parties' respective plush products and can easily distinguish the sources of the parties' products, which, among other things, are clearly and prominently labeled with the parties' names and trademarks.

60.    By selling its Skoosherz® plush toys, Build-A-Bear does not seek to confuse any consumer as to the source of its products, and there is in fact no actual confusion. Each of Build-A-Bear's Skoosherz® plush toys is sold in connection with its source-identifying Skoosherz® trademark and its famous Build-A-Bear name and logo that clearly and prominently identifies Build-A-Bear as the source of the products, including on the product hang tag, the product label, and even with its iconic "BAB" heart paw logo on the arm of each Build-A-Bear Skoosherz® plush toy.

61.    The advertising and marketing of Build-A-Bear's Skoosherz® plush toys always includes references to Build-A-Bear as the sole and exclusive source, including on its website at www.buildabear.com and in product displays in its physical retail locations.  Moreover, Build-A-Bear's Skoosherz® plush toys can only be currently purchased in a Build-A-Bear physical retail store or online through Build-A-Bear's website at www.buildabear.com and the Build-A-Bear store on

Amazon.com and are not available for purchase in third-party stores like Walgreen's, Walmart, or Target.

62.    This clarity of labeling in packaging, advertising, and sale avoids any likelihood of consumer confusion as to source stemming from the product's configuration, even if any features of the Claimed Squishmallows Trade Dress could be deemed valid and enforceable against any features of Build-A-Bear's Skoosherz® plush toys.

## Build-A-Bear's Frog and Axolotl Skoosherz® Are Not Substantially Similar to and Were Not Copied From Counterclaim-Defendants' Squishmallows

63.    Counterclaim-Defendants' Frog and Axolotl Squishmallows product designs are based on several features of each respective animal that are found in nature, and are therefore not protectable under Copyright Law.

64.    For example, Counterclaim-Defendants' Frog Squishmallow is green, has eyes protruding on the top of the head, has a mouth, eyes, and nostrils, all which are matters of fact and things found in nature and are therefore not protectable elements. Further, Counterclaim-Defendants' Axolotl Squishmallow depicts a pink tone, has appendages protruding from the side of its head, has eyes and a mouth, all which are matters of fact and things found in nature and are therefore not protectable elements.

65.    Indeed, the only similarities between Counterclaim-Defendants' Frog and Axolotl Squishmallows and Build-A-Bear's Frog and Axolotl Skoosherz® are those matters of fact, found in nature—both frogs are green, both axolotl's are a pink tone, both animal designs have mouths and eyes, both frogs have eyes protruding from the top of their heads, both frogs have nostrils, and both axolotls have appendages protruding from the side of their heads. However, the look of each of these features, readily found in nature, vary amongst each product, as shown below:



66.    Moreover, Build-A-Bear's Axolotl and Frog Skoosherz® were not copied from or based on Counterclaim-Defendants' Frog and Axolotl Squishmallows.  Rather, as set forth herein, Build-A-Bear's Axolotl and Frog Skoosherz® were based on Build-A-Bear's own preexisting plush toys.

67.    Build-A-Bear's Axolotl and Frog Skoosherz® therefore cannot and does not infringe Counterclaim-Defendants' Frog and Axolotl Squishmallows. And, to the extent Counterclaim-Defendants contend that the features of the Claimed Squishmallows Trade Dress extend as protectable elements under Copyright Law, said features cannot be protectable under Copyright Law because they simply seek to protect an idea or concept of creating cute, rounded depictions of animals, characters, or foods in a plush toy.

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment of Invalidity and Unenforceability of the
Claimed Squishmallows Trade Dress – 28 U.S.C. §§ 2201 and 2202)**

68.     Build-A-Bear incorporates by reference Paragraphs 1 through 67 as if fully set forth herein.

69.     Counterclaim-Defendants have a history of litigious conduct, wherein Counterclaim-Defendants have previously asserted in multiple cases against multiple third parties that Counterclaim-Defendants have valid and enforceable trade dress in their Squishmallows product line under the Lanham Act, and have made inconsistent and false assertions regarding their claimed trade dress rights.

70.     Further, Counterclaim-Defendants have previously asserted in multiple cases against multiple third parties that those third parties' manufacture, advertising and sale of plush toys infringe Counterclaim-Defendants' claimed trade dress rights in their Squishmallows product line.

71.     In particular, Counterclaim-Defendants and related entities have filed at least thirty-three (33) federal district court lawsuits regarding Counterclaim-Defendants' Squishmallows products against hundreds of defendants under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and/or other federal and common law claims. Those 33 federal lawsuits have been filed over the course of the last seven (7) years in the United States District Courts for the Southern District of New York, the Northern District of Illinois, and the Central District of California. Counterclaim-Defendants have continued filing such federal Lanham Act infringement lawsuits regarding Counterclaim-Defendants' Squishmallows products in just the past few months, including filing a Lanham Act trade dress infringement lawsuit against Zuru, LLC, in the Central District of California on November 2, 2023 (*Kelly Toys Holdings, LLC, et al. v. Zuru, LLC*, Case No. 2:2023cv09255), and a Lanham Act trademark infringement lawsuit against over 135 internet toy sellers in the Northern District of

BUILD-A-BEAR'S AMENDED ANSWER AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Illinois on January 5, 2024 (*Kelly Toys Holdings, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule A*, Case No. 1:2024cv00165).

72.   Counterclaim-Defendants have further asserted that Build-A-Bear's Skooserz® plush toys infringe Counterclaim-Defendants' claimed trade dress rights in its Squishmallows product line under Florida law, having filed a lawsuit against Build-A-Bear in Broward County, Florida, on January 29, 2024, and under the Lanham Act in the instant action. Although nominally brought under Florida law, Counterclaim-Defendants' Complaint against Build-A-Bear and subsequently denied *ex parte* emergency motion for preliminary injunction contain contentions not limited to injuries or activities in Florida. By their allegations in the Florida State Court action and this action in the Central District of California, Counterclaim-Defendants clearly contend that Build-A-Bear's Skooserz® plush toys infringe Counterclaim-Defendants' claimed trade dress rights in its Squishmallows product line across the United States, including under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., just as Counterclaim-Defendants have previously asserted and are currently asserting those Lanham Act trade dress rights against hundreds of defendants.

73.   Build-A-Bear has been actively selling and marketing its Skooserz® plush toys across the United States starting in January 2024, and otherwise taking concrete steps to conduct activity that Counterclaim-Defendants alleged constitute infringement.

74.   Build-A-Bear seeks specific relief through a decree of conclusive character so that Build-A-Bear can remove the cloud of Counterclaim-Defendants' asserted trade dress infringement with respect to Build-A-Bear's Skooserz® plush toys currently being sold and marketed on a nationwide basis.

75.   An actual and justiciable controversy has arisen between Build-A-Bear and Counterclaim-Defendants regarding the validity and enforceability of Counterclaim-Defendants' claimed rights in the Claimed Squishmallows Trade Dress under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

- 63 -

76.    Build-A-Bear is entitled to a declaratory judgment under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, declaring that no features of Counterclaim-Defendants' Claimed Squishmallows Trade Dress are valid, enforceable, or protectable because, *inter alia*: (1) the claimed trade dress is generic; (2) the claimed trade dress is not specifically articulated but instead uses terms to describe its claimed trade dress that are variable, vague, overbroad, and open-ended; (3) the claimed trade dress is not used across the entire Squishmallows product line to gain any consumer recognition as source-identifying features; (4) the claimed trade dress elements are functional; (5) the claimed trade dress is not capable of creating a commercial impression distinct from generic, functional, and/or descriptive features; (6) Counterclaim-Defendants cannot prove first use of the claimed trade dress; and/or (7) the claimed trade dress lacks secondary meaning in the marketplace, such that Counterclaim-Defendants are not recognized by consumers as being the sole and exclusive source of goods bearing any or all of the claimed trade dress elements.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the**

**Claimed Squishmallows Trade Dress – 28 U.S.C. §§ 2201 and 2202)**

77.    Build-A-Bear incorporates by reference Paragraphs 1 through 76 as if fully set forth herein.

78.    Build-A-Bear's Skoosherz® plush toys do not infringe Counterclaim-Defendants' Claimed Squishmallows Trade Dress because no features of Counterclaim-Defendants' Claimed Squishmallows Trade Dress are valid or enforceable because, *inter alia*: (1) the claimed trade dress is generic; (2) the claimed trade dress is not specifically articulated but instead uses terms to describe its claimed trade dress that are variable, vague, overbroad, and open-ended; (3) the claimed trade dress is not used across the entire Squishmallows product line to gain any consumer recognition as source-identifying features; (4) the claimed trade dress elements are functional; (5) the claimed trade dress is not capable of creating a commercial

impression distinct from generic, functional, and/or descriptive features; (6) Counterclaim-Defendants cannot prove first use of the claimed trade dress; and/or (7) the claimed trade dress lacks secondary meaning in the marketplace, such that Counterclaim-Defendants are not recognized by consumers as being the sole and exclusive source of goods bearing any or all of the claimed trade dress elements to the extent understood.

79.    To the extent Counterclaim-Defendants own any valid or enforceable trade dress rights, Build-A-Bear's Skoosherz® plush toys do not create any likelihood of consumer confusion, nor are they likely to cause mistake or deceive, or misrepresent the nature, characteristics, qualities or geographic origin of any goods and/or services.

80.    An actual and justiciable controversy has arisen between Build-A-Bear and Counterclaim-Defendants regarding Build-A-Bear's purported infringement of Counterclaim-Defendants' Claimed Squishmallows Trade Dress under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

81.    Build-A-Bear has not infringed and does not infringe any valid or enforceable rights in Counterclaim-Defendants' Claimed Squishmallows Trade Dress, and Counterclaim-Defendants have not been and are not likely to be damaged by Build-A-Bear's conduct.

82.    Build-A-Bear is entitled to a declaratory judgment under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, that its manufacture, marketing, and sale of its Skoosherz® plush toys does not infringe Counterclaim-Defendants' claimed trade dress or any of Counterclaim-Defendants' related rights in their Squishmallows product line.

# THIRD CAUSE OF ACTION

## (Declaratory Judgment of Non-Infringement of the

## the Squishmallows Copyrighted Works – 28 U.S.C. §§ 2201 and 2202)

83.    Build-A-Bear incorporates by reference Paragraphs 1 through 82 as if fully set forth herein.

84.    Build-A-Bear's Skoosherz® plush toys do not infringe Counterclaim-Defendants' copyrights in the Squishmallows Frog and Axolotl, namely VA0002096026 (Squishmallow Frog) and VA0002346938 (Squishmallow Axolotl) (the "Squishmallows Copyrights"), because most of the features of Counterclaim-Defendants' Squishmallows Copyrights generic depictions found in nature. such that.

85.    To the extent Counterclaim-Defendants own any valid or enforceable copyrights in the Squishmallows Copyrights, there is no striking similarity between Build-A-Bear's Skoosherz® Frog and Axolotl and the protectable elements of Counterclaim-Defendants' Squishmallows Copyrights.

86.    An actual and justiciable controversy has arisen between Build-A-Bear and Counterclaim-Defendants regarding Build-A-Bear's purported infringement of Counterclaim-Defendants' Squishmallows Copyrights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

87.    Build-A-Bear has not infringed and does not infringe any valid or enforceable rights in Counterclaim-Defendants' Squishmallows Copyrights, and Counterclaim-Defendants have not been and are not likely to be damaged by Build-A-Bear's conduct.

88.    Build-A-Bear is entitled to a declaratory judgment under the Copyright Act, 17 U.S.C. § 101 *et seq.*, that its manufacture, marketing, and sale of its Skoosherz® Frog and Axolotl plush toys does not infringe Counterclaim-Defendants' Squishmallows Copyrights or any of Counterclaim-Defendants' related rights in their Squishmallows product line.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRAYER FOR RELIEF**

WHEREFORE, Build-A-Bear denies that Plaintiffs/Counterclaim-Defendants are entitled to any relief as prayed for in the Amended Complaint or otherwise and, accordingly, respectfully prays for entry of judgment dismissing Plaintiffs/Counterclaim-Defendants' Amended Complaint, with prejudice, and for such other and further relief as is just and proper under the circumstances including, but not limited to:

A.    Declaring and entering judgment that the asserted trade dress is not entitled to protection under the Lanham Act;

B.    Declaring and entering judgment that Build-A-Bear has not infringed the asserted unregistered trade dress;

C.    Permanently enjoining Plaintiffs/Counterclaim-Defendants and their agents, servants, employees and attorneys, and any and all person in active concert or participation with any of them from asserting, stating, implying, or suggesting that Build-A-Bear and/or any of its respective officers, directors, agents, servants, employees, subsidiaries, or customers infringe the asserted unregistered trade dress;

D.    Declaring and entering judgment that Build-A-Bear has not infringed any of the asserted copyright registrations;

E.    Declaring this case exceptional pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505 in favor of Build-A-Bear;

F.    Permanently enjoining Plaintiffs/Counterclaim-Defendants and their agents, servants, employees and attorneys, and any and all person in active concert or participation with any of them from asserting, stating, implying, or suggesting that Build-A-Bear and/or any of its respective officers, directors, agents, servants, employees, subsidiaries, or customers infringe any of asserted copyrights; and

G.    Awarding Build-A-Bear its costs and reasonable attorneys' fees incurred in connection with this action.

1

## JURY DEMAND

2              Build-A-Bear demands a trial by jury as to all claims and issues so triable.

3

4

5      DATED: August 19, 2024                **LEWIS RICE LLC**

6                                            By:  */s/ Michael J. Hickey*

7                                            Michael J. Hickey, *Pro Hac Vice*
                                             mhickey@lewisrice.com
8                                            Philip J. Mackey, *Pro Hac Vice*
                                             pmackey@lewisrice.com
9                                            600 Washington Avenue, Suite 2500
                                             St. Louis, Missouri 63101
10                                           Telephone:  (314) 444-7630
                                             Facsimile:  (314) 612-7630
11
                                             **KEESAL, YOUNG & LOGAN**
12                                           Ben Suter, CASB No. 107680
                                             ben.suter@kyl.com
13                                           Stacey M. Garrett, CASB No. 155319
                                             stacey.garrett@kyl.com
14                                           A Professional Corporation
                                             The Waterfront at Catalina Landing
15                                           310 Golden Shore, Suite 400
                                             Long Beach, CA 90802
16                                           Telephone: (562) 436-2000
                                             Facsimile: (562) 436-7416
17
                                             *Attorneys for Defendant/Counterclaim-*
18                                           *Plaintiff Build-A-Bear Workshop, Inc.*

19

20

21

22

23

24

25

26

27

28