HUESTON HENNIGAN LLP
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Sourabh Mishra, State Bar No. 305185
smishra@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

*Attorneys for Kelly Toys Holdings, LLC; Jazwares, LLC; Kelly Amusement Holdings, LLC; and Jazplus, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>Defendant. | Case No. 2:24-cv-1169-JLS (MARx)<br><br>**PLAINTIFFS' ANSWER TO BUILD-A-BEAR WORKSHOP, INC.'S COUNTERCLAIMS** |

Plaintiffs and Counter-Defendants Kelly Toys Holdings, LLC, Jazwares, LLC, Kelly Amusement Holdings, LLC and Jazplus, LLC (together, "Plaintiffs"), through and by its undersigned attorneys, hereby answers Defendant and Counter-Plaintiff Build-A-Bear Workshop, Inc.'s ("Build-A-Bear") Counterclaims (ECF 37) as follows:

## PARTIES, JURISDICTION, AND VENUE[1]

1. Admit.

2. Plaintiffs admit that Kelly Toys Holdings, LLC is a Delaware limited liability company with its principal place of business in California.

3. Plaintiffs admit that Kelly Amusement Holdings, LLC is a Delaware limited liability company with its principal place of business in New York.

4. Plaintiffs admit that Jazwares, LLC is a Delaware limited liability company with its principal place of business in Florida.

5. Plaintiffs admit that Jazplus, LLC is a Delaware limited liability company with its principal place of business in Florida.

6. Admit.

7. Admit.

8. Admit.

9. Plaintiffs admit that personal jurisdiction and venue are proper over Plaintiffs in this case in the Central District of California.

10. Plaintiffs admit that there is an actual, ripe, and justiciable controversy between Plaintiffs and Build-A-Bear.

---

[1] Plaintiffs use the headings in Build-A-Bear's Counterclaims for ease of reference. They are not intended to be, and shall not be considered, an admission or concession that Plaintiffs agree with the truth of any heading.

# BACKGROUND FACTS

## Build-A-Bear and Its Skoosherz® Plush Toys

11. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

12. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

13. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

14. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

15. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

16. Plaintiffs admit that Build-A-Bear publicly announced Skoosherz in January 2024, but deny the remainder of the allegation.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

22. Denied.

23. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

## Counterclaim-Defendants' Squishmallows Products

24. Admit.

25. Denied.

26. Denied.

27. Plaintiffs admit that they assert trade dress infringement by Build-A-Bear and that Build-A-Bear is seeking declarations of invalidity, unenforceability, and non-infringement. Plaintiffs deny the remainder of the allegations.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Plaintiffs admit that the quoted phrase has been used with certain Squishmallows. Plaintiffs deny the remainder of the allegations.

35. Denied.

36. Plaintiffs admit that the quoted terms have been used with certain Squishmallows. Plaintiffs deny the remainder of the allegations.

37. Admit.

38. Denied.

39. Denied.

40. Denied.

**Many Squishy Plush Toys Existed Before and During Squishmallows' Entry into the Market and Still Exist Today (Denied)**

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Plaintiffs admit that a non-party may have also introduced infringing products. Plaintiffs deny the remainder of the allegations.

46. Plaintiffs admit that Build-A-Bear launched its Kabu line of products in 2018. Plaintiffs deny the remainder of the allegations.

- 4 -
PLAINTIFFS' ANSWER TO BUILD-A-BEAR'S COUNTERCLAIMS
6748167

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**<u>Build-A-Bear's Skoosherz® Plush Toys Are Clearly Labeled as Associated With Build-A-Bear and Distinguished from Counterclaim-Defendants' Squishmallows Products (Denied)</u>**

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Plaintiffs admit that they use the SQUISHMALLOWS trademark with Squishmallows products. Plaintiffs deny the remainder of the allegations.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Plaintiffs are without sufficient knowledge or information to admit or deny the allegations, and therefore deny the same.

62. Denied.

**<u>Build-A-Bear's Frog and Axolotl Skoosherz® Are Not Substantially Similar to and Were Not Copied From Counterclaim-Defendants' Squishmallows (Denied)</u>**

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

- 5 -

PLAINTIFFS' ANSWER TO BUILD-A-BEAR'S COUNTERCLAIMS

6748167

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Invalidity and Unenforceability of the Claimed Squishmallows Trade Dress – 28 U.S.C. §§ 2201 and 2202)**

68. Plaintiffs repeat their admissions and denials from all the foregoing paragraphs as if fully incorporated herein.

69. Denied.

70. Admit.

71. Plaintiffs admit that they enforce their intellectual property rights by filing cases in federal court against infringers. Plaintiffs deny any intended implication in this allegation.

72. Plaintiffs admit that they filed the referenced lawsuit in Florida and this case in California, and that they enforce their intellectual property rights in court against infringers. Plaintiffs deny any intended implication in this allegation.

73. Admit.

74. Plaintiffs deny that Build-A-Bear is entitled to the requested relief.

75. Admit.

76. Denied.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the Claimed Squishmallows Trade Dress – 28 U.S.C. §§ 2201 and 2202)**

77. Plaintiffs repeat their admissions and denials from all the foregoing paragraphs as if fully incorporated herein.

78. Denied.

79. Denied.

80. Admit.

81. Denied.

82. Denied.

## THIRD CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the Squishmallows Copyrighted Works – 28 U.S.C. §§ 2201 and 2202)**

83. Plaintiffs repeat their admissions and denials from all the foregoing paragraphs as if fully incorporated herein.

84. Denied.

85. Denied.

86. Admit.

87. Denied.

88. Denied.

## PRAYER FOR RELIEF

Plaintiffs deny that Build-A-Bear is entitled to any relief for any of its Counterclaims.

## JURY DEMAND

Plaintiffs demand a trial by jury on any and all legal claims and issues.

Dated: September 9, 2024          **HUESTON HENNIGAN LLP**

By: *Sourabh Mishra*
Sourabh Mishra

*Attorneys for Kelly Toys Holdings, LLC; Jazwares, LLC; Kelly Amusement Holdings, LLC; and Jazplus, LLC.*