**LEWIS RICE LLC**
Michael J. Hickey, *Pro Hac Vice*
mhickey@lewisrice.com
Philip J. Mackey, *Pro Hac Vice*
pmackey@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7630
Facsimile: (314) 612-7630

**KEESAL, YOUNG & LOGAN**
Ben Suter, CASB No. 107680
ben.suter@kyl.com
Stacey M. Garrett, CASB No. 155319
stacey.garrett@kyl.com
310 Golden Shore, Suite 400
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorneys for Defendant/Counterclaim Plaintiff Build-A-Bear Workshop, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> BUILD-A-BEAR WORKSHOP, INC., <br><br> Defendant/Counterclaim Plaintiff. | Case No. 2:24-cv-01169 JLS (MARx) <br><br> **BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF RELATED CASE** |

**TO THE HONORABLE COURT, ALL INTERESTED PARTES, AND THEIR COUNSEL OF RECORD:**

Pursuant to Local Civil Rule 83-1.3.1, Defendant/Counterclaim Plaintiff Build-A-Bear Workshop, Inc. ("Build-A-Bear") submits this Notice of Related Case.

Build-A-Bear is aware of the following case previously filed in this District that: (i) arises from the same or closely related happening or event; (ii) calls for determination of the same or substantially related or similar questions of law and fact; and (iii) would entail substantial duplication of labor if heard by different judges:

1. *Kelly Toys Holdings, LLC, Jazwares LLC, Kelly Amusement Holdings, LLC, and JazPlus, LLC v. Zuru, LLC*, Case No. 2:23-cv-09255-MCS-AGR (the "*Zuru* Action")

The instant action arises out of the same or closely related happenings or events and calls for determination of the same or substantially related or similar questions of law and fact as the *Zuru* Action. The Plaintiffs in the two cases are identical. The Defendants in the two cases are both makers of plush toy products. In both cases, the Plaintiffs allege the existence of the same unregistered trade dress rights in the same plush toys. In both cases, the Plaintiffs allege the infringement of the same purported unregistered trade dress rights. In each case, Build-A-Bear and Zuru have now filed materially identical defenses and Counterclaims seeking, *inter alia*, declarations that Plaintiffs lack any protected trade dress rights in the products identified by the Plaintiffs as supposedly practicing the Plaintiffs' purported trade dress.

In short, the cases are materially identical, with the only notable exceptions being that the Plaintiffs have sued different parties selling different plush toy products (though Plaintiffs' suits are both based on the same theories of trade dress and copyright infringement). Otherwise, the cases overlap entirely.

|   |   |
|---|---|
| 1 | Given the substantial similarity between the two cases, there would inherently be substantial duplication of judicial resources if the cases were heard by two different judges. As contemplated by Local Civil Rule 83-1.3.1, consolidation is warranted where, as here, it would "serve[] the interests of judicial economy[.]" *Karamooz v. Valor LLP*, No. 2:24-CV-02156-RGK-JC, 2024 WL 3301184, at *2 (C.D. Cal. June 4, 2024). The same or substantially similar issues of law must be resolved in both cases. Beyond ultimate dispositive relief, the Court may be called upon to resolve discovery matters in both cases, including substantial and potentially complicated third-party discovery. In this regard, consolidation—which "[t]ypically . . . is favored"— can help "preserve[] private resources" by helping manage discovery in a manner that minimizes duplication. *HRN Servs., Inc. v. Gallagher Basset Servs., Inc.*, No. CV 18-1164-R, 2018 WL 11403699, at *1 (C.D. Cal. Aug. 9, 2018). In the end, "there is no prejudice from consolidating the cases," as "[i]t will only streamline the litigation" and avoid two different judges from having to duplicate efforts researching and deciding similar (or the same) legal questions in discovery, on dispositive motions, or through pre-trial, trial, and post-trial motions. *Id.* |
| 18 | Accordingly, these are Related Cases for purposes of Local Rule 83.1.3. *See, e.g.*, *Dolores Press, Inc. v. Robinson*, No. 2:15-CV-02857-R-PLA;, 2019 WL 12095416, at *2 (C.D. Cal. Aug. 13, 2019) (consolidating six cases alleging copyright infringement because it could not "reasonably be disputed that each of the six cases involve common questions of both law and fact," even though one defendant sought declaratory relief, two cases included related claims for trademark infringement, and the "various cases involve[d] different parties and allegations of infringement of different works"). |
| 26 | Build-A-Bear raises this issue now because (1) its first-filed action in the United States District Court for the Eastern District of Missouri has now been dismissed, leaving the instant action as the only pending federal court case involving |

Plaintiffs'/Counterclaim Defendants' assertions of trade dress and copyright infringement; (2) both this case and the *Zuru* Action have survived initial motions to dismiss which may have otherwise mooted the need for the instant Notice of Related Case; and (3) both Build-A-Bear and Zuru have now filed materially identical defenses and Counterclaims seeking, *inter alia*, declarations that Plaintiffs lack any protected trade dress rights in the products identified by the Plaintiffs as supposedly practicing the Plaintiffs' purported trade dress. Because these two cases are now proceeding forward in this Court, it is appropriate for this Court to consider the issues of relatedness, coordination, and consolidation.

Counsel for Build-A-Bear has conferred with counsel for Zuru, and Build-A-Bear and Zuru agree that their cases should be treated as related on such terms as do not shorten Zuru's and Plaintiffs' currently proposed case schedule in the *Zuru* Action, and that synchronize and coordinate pre-trial deadlines while otherwise allowing the cases to proceed in parallel with their own discovery, motion practice, and separate trials. Counsel for Build-A-Bear also is aware that Zuru has previously discussed the filing of a Notice of Related Case with Plaintiffs and cited Build-A-Bear's agreement to such a notice. Build-A-Bear feels compelled to move forward now with the present notice in view of the current state of the pleadings and the upcoming Rule 16 conference. Counsel for Plaintiffs have indicated that they do not believe this case is related to the *Zuru* Action under the Rules and intend to file an opposition to this Notice.

| | |
|---|---|
| | Respectfully submitted, |
| DATED: September 24, 2024 | **LEWIS RICE LLC** |
| | By: */s/ Michael J. Hickey* |
| | Michael J. Hickey, *Pro Hac Vice*<br>mhickey@lewisrice.com<br>Philip J. Mackey, *Pro Hac Vice*<br>pmackey@lewisrice.com<br>600 Washington Avenue, Suite 2500<br>St. Louis, Missouri 63101<br>Telephone: (314) 444-7630<br>Facsimile: (314) 612-7630 |
| | **KEESAL, YOUNG & LOGAN**<br>Ben Suter, CASB No. 107680<br>Stacey M. Garrett, CASB No. 155319<br>stacey.garrett@kyl.com<br>310 Golden Shore, Suite 400<br>Long Beach, California 90802<br>Telephone: (562) 436-2000<br>Facsimile: (562) 436-7416 |
| | *Attorneys for Defendant/Counterclaim Plaintiff Build-A-Bear Workshop, Inc.* |