HUESTON HENNIGAN LLP
Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Sourabh Mishra, State Bar No. 305185
smishra@hueston.com
Brittnee Bui, State Bar No. 333372
bbui@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

*Attorneys for Plaintiffs Kelly Toys Holdings, LLC; Jazwares, LLC; Kelly Amusement Holdings, LLC; and Jazplus, LLC.*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>Defendant. | Case No. 2:24-cv-01169-JLS-MAR<br><br>**PLAINTIFFS' OBJECTION TO BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF RELATED CASES** |

Plaintiffs Kelly Toys Holdings, LLC, Jazwares, LLC, Kelly Amusement Holdings, LLC, and Jazplus, LLC ("Plaintiffs") object to Defendant Build-a-Bear Workshop, Inc.'s ("Build-A-Bear") notice of related cases (ECF 40, "NOR").

For over seven months, the parties have agreed this case is not "related to" *Kelly Toys Holdings, LLC,* et. al *v. Zuru, LLC*, Case No. 2:23-cv-09255-MCS-AGR (the "*Zuru* Action"). Likewise, the parties in the *Zuru* Action—Plaintiffs and Zuru—have not filed a notice of related case. Yet now, after this Court denied Build-A-Bear's motion to dismiss, Build-A-Bear seeks to relate this case to the *Zuru* Action in what plainly appears to be judge shopping (this after Build-A-Bear filed its now-dismissed action in Missouri, in what was obviously an attempt to forum shop). Build-A-Bear's request also fails under the Local Rules.

*First*, Build-A-Bear's delay is reason alone to deny the request to relate. The Local Rules require the parties to file a notice of related case "promptly" and "as soon thereafter as it reasonably should appear that the case relates to another." L.R. 83-1.3.1. Build-A-Bear was aware of the existence of the *Zuru* Action from the outset of this litigation. Build-A-Bear cited the *Zuru* Action in their now dismissed complaint filed in the Eastern District of Missouri. *See* ECF No. 21-2 at Exhibit N. Build-A-Bear also cited the *Zuru* Action in both iterations of its Motion to Dismiss. *See* ECF No. 21 at 16; ECF No. 27 at 11. In fact, at the hearing on Build-A-Bear's motion to dismiss, Build-A-Bear urged this Court to adopt Judge Scarsi's reasoning in the *Zuru* Action.

Now that this Court has ruled against Build-A-Bear, and more than seven months after it knew of the *Zuru* Action, Build-A-Bear is attempting to have the case reassigned to Judge Scarsi by filing a notice of related case. The Ninth Circuit has held that such "[j]udge shopping clearly constitutes 'conduct which abuses the judicial process.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)); *see also* Civ. Proc. Before Trial ¶ 12:38 (The Rutter Group 2019) ("The purpose [underlying related case notices]

1  is to promote judicial efficiency and to prevent plaintiffs from 'judge shopping.'").
2  Indeed, this Court has the "inherent power" to "'fashion an appropriate sanction'" for
3  Build-A-Bear's blatant effort to judge shop. *Hernandez*, 138 F.3d at 399 (quoting
4  *Chambers*, 501 U.S. at 44-45).[1]

5  *Second*, this lawsuit is not related to the *Zuru* Action. Build-A-Bear argues the
6  cases are related because in both cases, Plaintiffs "allege the existence of the same
7  unregistered trade dress rights in the same plush toys," "allege the infringement of the
8  same purported unregistered trade dress rights," and Build-A-Bear and Zuru have
9  "filed materially identical defenses and counterclaims." NOR at 1.

10  But the local rules are clear: "That cases may involve the same patent,
11  trademark, or copyright does not by itself constitute a circumstance" that warrants
12  relating the cases. L.R. 83-1.3.1. Apart from the bare assertion that this case involves
13  similar intellectual property rights and similar defenses, Build-A-Bear offers no
14  explanation as to how its infringing conduct "arises from the same or closely related
15  transaction, happening, or event" as Zuru's infringing conduct. *Id.* To the extent there
16  are similar "questions of law" about the validity of the trade dress, those are common
17  across *every* trade dress infringement case (and other intellectual property cases).

18  Rather, the resolution of this case and the *Zuru* Action will turn on factual issues
19  requiring independent analysis. *See Givenchy S.A. v. BCBG Max Ariza Grp., Inc.*,
20  2012 WL 3072327, at *7 (C.D. Cal. 2012) ("The issue of likelihood of confusion is a

---

[1] Build-A-Bear's explanation that it only recently determined that the cases are related because Build-A-Bear and Zuru filed similar counterclaims is not credible. NOR at 2-3. In their motions to dismiss, Build-A-Bear *and* Zuru made virtually the same arguments to dismiss the trade dress claims, *all* of which related to the identification and validity of Plaintiffs' trade dress. *Compare* ECF 35 at 8-14 (argument that "Kelly Toys lacks a protectible trade dress"), *with Zuru* Action, 2024 WL 1641977, at *2-3 (C.D. Cal. Mar. 5, 2024) (addressing whether Plaintiffs identified a protectible trade dress); *id.*, ECF 41 (similar). What changed is not that Build-A-Bear and Zuru suddenly realized that they may assert similar defenses, but rather that Build-A-Bear now prefers to have a different judge after this Court's motion to dismiss order.

- 2 -
PLAINTIFFS' OBJECTION TO BUILD-A-BEAR WORKSHOP, INC.'S NOTICE OF RELATED CASES

highly factual inquiry, with the relevant factors to be weighed by a jury.") Build-A-Bear and Zuru have created different products, (presumably) independent of each other, which are marketed and sold in different ways. Whether there is a likelihood of confusion between Plaintiffs' trade dress and Build-A-Bear's infringing products is a different inquiry from whether there is a likelihood of confusion between Plaintiffs' trade dress and Zuru's infringing products. Likewise, whether Build-A-Bear's or Zuru's respective products satisfy any affirmative defense or counterclaim to trade dress infringement will turn on the specific arguments and evidence in each case. Thus, relating (or consolidating) the cases will not promote judicial efficiency.[2]

Tellingly, Build-A-Bear does not cite to a single case finding two cases to be related under L.R. 81-1.3.1 where the only similarities were that claims were raised under the same intellectual property rights against different defendants for different products. Instead, Build-A-Bear conflates relation of cases under L.R. 81-1.3.1 with consolidation under Fed. R. Civ. Proc. 42, which examines whether the actions "involve a common question of law or fact." Even under that standard, these cases are not related. Build-A-Bear's reliance on *Dolores Press, Inc. v. Robinson*, No. 2:15-CV-02857-R-PLA, 2019 WL 12095416, at *2 (C.D. Cal. Aug. 13, 2019) is misplaced. In *Dolores*, the six defendants were alleged to have "work[ed] collectively to distribute Dr. Scott's works without authorization," an allegation missing from these cases. *Id.* And the infringing works were the *exact* pieces that were copyrighted—the infringement analysis did not depend on a variety of likelihood of confusion factors that turn on defendant's specific products as here. *Id.*

---

[2] As further evidence that Build-A-Bear's intent in filing the NOR is for judge shopping, Build-A-Bear and Zuru want their cases before the same judge, but *not* actually consolidated into the same case with combined discovery, motion practice, and trial. NOR at 3 ("proceed in parallel with their own discovery, motion practice, and separate trials"). Build-A-Bear is not trying to promote judicial efficiency; it is just trying to get this case before its preferred judge.

As the court in *Olaplex LLC v. Groupon, Inc.* explained, "[w]ithout more, the fact that the two actions allege the infringement of the same trademarks in similar ways does not warrant consolidation." No. CV 18-8641 PA (RAOx), 2019 WL 9042542, at *2 (C.D. Cal. Apr. 19, 2019) (denying motion for consolidation filed by the same counsel representing Zuru).[3] Indeed, numerous courts have denied consolidation where the only overlap, as here, is that the plaintiff is asserting the same intellectual property rights against separate defendants. *See, e.g., Adobe Sys. Inc. v. A&S Elecs., Inc.*, No. C 15-2288 SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) ("Here, there is minor overlap between the parties, but the two actions lack commonality in terms of the defendant actors and the underlying transactions. While both cases generally involve claims regarding the unauthorized sale of Adobe software, each involves different software products which appear to have been sold at different times."); *Klauber Bros., Inc. v. Forever 21 Retail, Inc.*, No. CV 14-2148 DMG (JCx), 2015 WL 12720307, at *2 (C.D. Cal. Apr. 9, 2015) (denying motion for consolidation of separate copyright actions in part because "each case deals with the sales of distinct garments to and by different retailers").

\*\*\*

The Court has already expended considerable time familiarizing itself with the facts of this case through the parties' briefing on Build-A-Bear's Motion to Dismiss, and the parties have already commenced discovery. Given the delay, the strong indicia of judge shopping, and the differences between the two cases, the Court should reject Build-A-Bear's request to relate the cases.

---

[3] As noted above, an additional basis to hold that there are sufficient dissimilarities between the two cases is the fact that *no party*—Plaintiffs, Build-A-Bear, or Zuru—filed a notice of related case in any of the preceding seven months.

Respectfully submitted,

Dated: September 25, 2024  **HUESTON HENNIGAN LLP**

By: *Sourabh Mishra*
Sourabh Mishra

*Attorneys for Plaintiffs*