**LEWIS RICE LLC**
Michael J. Hickey, *Pro Hac Vice*
mhickey@lewisrice.com
Philip J. Mackey, *Pro Hac Vice*
pmackey@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7630
Facsimile: (314) 612-7630

**KEESAL, YOUNG & LOGAN**
Ben Suter, CASB No. 107680
ben.suter@kyl.com
Stacey M. Garrett, CASB No. 155319
stacey.garrett@kyl.com
310 Golden Shore, Suite 400
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorneys for Defendant/Counterclaim Plaintiff Build-A-Bear Workshop, Inc.*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY TOYS HOLDINGS, LLC; JAZWARES, LLC; KELLY AMUSEMENT HOLDINGS, LLC; and JAZPLUS, LLC,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>BUILD-A-BEAR WORKSHOP, INC.,<br><br>Defendant/Counterclaim Plaintiff. | Case No. 2:24-cv-01169 JLS (MARx)<br><br>**BUILD-A-BEAR WORKSHOP, INC.'S RESPONSE TO PLAINTIFFS' OBJECTION TO NOTICE OF RELATED CASE** |

Defendant/Counterclaim Plaintiff Build-A-Bear Workshop, Inc. ("Build-A-Bear") submits this Response to Plaintiffs' Objection to Notice of Related Case.

As set forth in Build-A-Bear's Notice – but entirely ignored in Plaintiffs' Opposition – **Zuru, LLC ("Zuru"), as the defendant in the related case**, *Kelly Toys Holdings, LLC, et al. v. Zuru, LLC*, Case No. 2:23-cv-09255-MCS-AGR (the "*Zuru* Action"), **first raised the issue with Plaintiffs, and agrees that these cases should be treated as related** on such terms as do not shorten Zuru's and Plaintiffs' currently proposed case schedule in the *Zuru* Action, and that synchronize and coordinate pre-trial deadlines while otherwise allowing the cases to proceed in parallel with their own discovery, motion practice, and separate trials. However, because Zuru had not yet filed its own Notice, Build-A-Bear moved forward with the present notice in view of the current state of the pleadings and the upcoming Rule 16 conference.

Build-A-Bear and Zuru both agree that these cases are related for the reasons set forth in Build-A-Bear's Notice and as detailed under Rule 83-1.3, in that these cases arise from the same or a closely related transaction, happening, or event (*i.e.*, the same set of asserted intellectual property rights), call for determination of the same or substantially related or similar, important questions of law and fact, and would entail substantial duplication of labor if heard by different judges. Those grounds are encapsulated in and captured by Build-A-Bear's and Zuru's recently filed affirmative defenses and counterclaims.

In this regard, Plaintiffs' arguments regarding Build-A-Bear's purported undue delay in filing the Notice are simply misplaced. As stated in the Notice, the pleadings in both cases have now crystallized the relatedness of these cases, with both Build-A-Bear and Zuru recently asserting virtually identical affirmative defenses and counterclaims regarding the central and threshold issue in these cases- whether Plaintiffs have *any valid intellectual property rights* in their Squishmallows product line in the first instance. Those defenses and counterclaims (not raised until

1  just one month ago on August 19, 2024, and not answered by Plaintiffs until
2  September 9, 2024) identically raise questions about whether Plaintiffs' asserted
3  intellectual property rights are generic, are functional, are not source-identifying, are
4  not clearly articulated, and lack secondary meaning sufficient to show that there is a
5  sole and exclusive source of goods. *E.g. Compare* ECF No. 37, Build-A-Bear's
6  Affirmative Defenses 1–5 and 8–11, ¶¶76, 78, 84 *with Zuru* Action, ECF No. 46,
7  Zuru's Affirmative Defenses 1–2, 4–5, 6, 9–10, ¶¶ 41, 45–46, 57. The Court
8  identified these same similarities in *Dolores Press, Inc. v. Robinson*, No. 2:15-CV-
9  02857-R-PLA, 2019 WL 12095416, at *2 (C.D. Cal. Aug. 13, 2019), when
10 considering consolidation of related cases, noting:

> Defendants each assert the same or similar defenses, including fair use and public domain, among other defenses. Moreover, disposition of each of the cases will require resolution of the same ultimate issue: the extent of Dolores Press and Melissa Scott's rights of control over the use and dissemination of the subject works. …While it is true that the various cases involve different parties and allegations of infringement of different works within Dr. Scott's large collection, the central issue—i.e, the continuing validity and effect of Melissa Scott's copyright protection over Dr. Scott's works—is nevertheless the same.

16 *Id.* at *1-2. Consistent with counsel's *continuing* duty to file a Notice of Related
17 Case pursuant to Rule 83-1.3.4, Build-A-Bear has raised this issue with the Court in
18 view of the now-settled state of the pleadings, among other reasons.

19 Plaintiffs' accusations of "judge-shopping" are similarly meritless,
20 inappropriate, and offensive. Both Judge Scarsi and this Court have permitted
21 Plaintiffs' cases to proceed to discovery, which is now commencing in both cases.
22 As set forth in its Notice, Build-A-Bear and Zuru believe that the relatedness of the
23 underlying issues now raised in both Build-A-Bear's and Zuru's affirmative defenses
24 and counterclaims counsels in favor of having a single judge oversee these cases in
25 a coordinated and consolidated fashion. Plaintiffs do not dispute that the same or
26 substantially similar central issues of law – most importantly, whether Plaintiffs have
27 any valid rights in the first place – must be resolved in both cases, through discovery,
28 on dispositive motions, and/or through pre-trial, trial, and post-trial motions. The

question of infringement as to specific products may not even be reached if Plaintiffs' rights prove illusory in the first instance, as both Zuru and Build-A-Bear now contend in their pleadings. Thus, the proposed coordination and consolidation of these related cases will "serve[] the interests of judicial economy," *Karamooz v. Valor LLP*, No. 2:24-CV-02156-RGK-JC, 2024 WL 3301184, at *2 (C.D. Cal. June 4, 2024), and "streamline the litigation". *HRN Servs., Inc. v. Gallagher Basset Servs., Inc.*, No. CV 18-1164-R, 2018 WL 11403699, at *1 (C.D. Cal. Aug. 9, 2018).

Perhaps most importantly, such coordination and consolidation will avoid potential inconsistent rulings regarding the fundamental, threshold issue in both cases – i.e., whether Plaintiffs have any valid rights in the first instance. All parties, including Plaintiffs, would obviously benefit from—and, in fact, must have—a clear adjudication of this central, threshold issue. Plaintiffs completely ignore this benefit and other efficiencies to be gained by relating the two cases, and instead make unfounded accusations intended to distract the Court from the basic issue of relatedness, which is now apparent on the face of the current pleadings.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | DATED: September 25, 2024 | **LEWIS RICE LLC** |
| 3 | | By: */s/ Michael J. Hickey* |
| 4 | | Michael J. Hickey, *Pro Hac Vice* |
| | | mhickey@lewisrice.com |
| 5 | | Philip J. Mackey, *Pro Hac Vice* |
| | | pmackey@lewisrice.com |
| 6 | | 600 Washington Avenue, Suite 2500 |
| | | St. Louis, Missouri 63101 |
| 7 | | Telephone: (314) 444-7630 |
| | | Facsimile: (314) 612-7630 |

**KEESAL, YOUNG & LOGAN**
Ben Suter, CASB No. 107680
Stacey M. Garrett, CASB No. 155319
stacey.garrett@kyl.com
310 Golden Shore, Suite 400
Long Beach, California 90802
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

*Attorneys for Defendant/Counterclaim Plaintiff Build-A-Bear Workshop, Inc.*