UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                                Date:  March 25, 2025

Title:   *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

Present:  The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER RE: MOTION TO COMPEL, DKT. 55**

# I.
# BACKGROUND

This is an intellectual property dispute between Plaintiffs Kelly Toys Holdings, LLC, Jazwares, LLC, Kelly Amusement Holdings, LLC, and Jazplus, LLC (collectively, "Kelly Toys" or "Plaintiffs") and Defendant Build-A-Bear Workshop, Inc. ("Defendant" or "Build-A-Bear").  Plaintiffs assert that Defendant's "Skoosherz" toys infringe on Plaintiffs' trade dress rights held in some portion of their "Squishmallows" toys.  See ECF Docket No. ("Dkt.") 1 ("Compl.").

The instant discovery dispute revolves around Defendant's Request for Production ("RFP") Nos. 5 and 84, which ask Plaintiffs to produce physical specimens of all Squishmallows products for inspection, whether or not the products are alleged to practice the trade dress at issue in this case.  See Dkt. 56, Joint Stipulation ("Joint Stip.") at 576–79 (Ex. 11, Plaintiffs' Responses to Defendant's Second Set of RFP Nos. 4–6), 580–82 (Ex. 12, Plaintiffs' Responses to Defendant's Second Set of RFP Nos. 84–96).  Plaintiffs argue that the requests are unduly burdensome and disproportionate given that the number of unique Squishmallows products is over 3000.  Id. at 16–23.  The parties met and conferred pursuant to Local Rule 37, but were unable to resolve their dispute; accordingly, they cooperated in filing a joint stipulation pursuant to Local Rule 37-2.  Id. at 15 n.5 (describing conference), 204–11 (Exs. 7–8, meet and confer letter and response).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                              Date:  March 25, 2025

Title:     *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

On March 12, 2025, Defendant filed the instant motion to compel.[1]  Dkt. 55.
Defendant filed a supplemental memorandum on March 19, 2025.  Dkt. 57 ("Def.'s
Supp.").  The Court finds this matter suitable for resolution without oral
argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  Accordingly, the April 2, 2025
hearing is hereby **VACATED.**

For the reasons discussed below, the motion is **DENIED**.

## II.
## GENERAL STANDARD

Generally, under the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense and proportional to the needs of
> the case, considering the importance of the issues at stake in the action,
> the amount in controversy, the parties' relative access to relevant
> information, the parties' resources, the importance of the discovery in
> resolving the issues, and whether the burden or expense of the proposed
> discovery outweighs its likely benefit.  Information within this scope of
> discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that
bears on, or that reasonably could lead to other matters that could bear on, any issue
that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351
(1978).  However, a court "must limit the frequency or extent of discovery otherwise
allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can

---

[1] Defendant titled the motion as a "motion for an informal discovery conference," citing Local Rule
37-3.  Dkt. 55 at 2.  However, Local Rule 37-3 describes a normal hearing on a discovery motion,
e.g., a motion to compel.  L.R. 37-3.  Furthermore, the motion is brought via joint stipulation
pursuant to Local Rule 37-2.  Accordingly, the Court construes the "motion for an informal
discovery conference" as a motion to compel.

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                              Date:  March 25, 2025

Title:      _Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc._

be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, ... production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).  "In moving to compel the production of documents, the moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery."  Grossman v. Dirs. Guild of Am., Inc., No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  In other words, the moving party bears the burden of demonstrating the sought discovery is relevant.  Cabrales v. Aerotek, Inc., No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829, at *3 (C.D. Cal. May 8, 2018).

In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case."  Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).  However, ultimately, "[i]t has long been settled in this circuit that the party resisting discovery bears the burden of showing why discovery should not be allowed."  United States ex rel. Poehling v. UnitedHealth Grp., Inc., No. CV 16-8697 MWF (SSX), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")).

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                                        Date:  March 25, 2025

Title:      *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

# III.
# DISCUSSION

## A.   DEFENDANT'S REQUESTS ARE OVERBROAD AND/OR DISPORPORTIONATE

As noted above, Defendant requests that Plaintiffs provide a specimen of each
of their approximately 3000 Squishmallows products for physical inspection, whether
or not the product is alleged to fall within Plaintiffs' asserted trade dress rights.  Joint
Stip. at 3–8.  Defendant argues that Plaintiffs' relevance and proportionality
objections are boilerplate, and that, in any case, the requests are relevant and
proportional to the needs of the case.  Id. at 9–15.

Specifically, Defendant argues that it needs to see every allegedly protected
product so that it can determine whether the elements of Plaintiffs' asserted trade
dress are consistent throughout the thousands of toys.  Id. at 9–10.  Defendant argues
that it also needs to see every unprotected product so that it can determine whether
any of them might share certain defining characteristics with the allegedly protected
products, thereby cutting against Plaintiffs argument that consumers attribute
Squishmallows to Kelly Toys purely on the basis of the asserted trade dress.  Id. at
15–16.  With respect to the need for a physical inspection, Defendant argues that
actually touching the products is necessary because Plaintiffs have put the physical
feel of the products at issue by including it as a part of their asserted trade dress rights.
Id. at 10–11.  Defendant argues that any burden is Plaintiffs' own doing by putting
their 3000 products at issue in multiple lawsuits against different competitors.  Id. at
11–12.  Finally, Defendant argues that the discovery is proportional to the needs of
the case considering the factors listed in Rule 26(b)(1).
///
///
///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                              Date:  March 25, 2025

Title:       *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*


**1.      Plaintiffs' objections are not boilerplate**

As an initial matter, the Court declines to find that Plaintiffs have waived their privilege objections as boilerplate.  While Plaintiffs' objections were brief, they explicitly objected to producing specimens for every Squishmallow product on the basis of relevance, proportionality, and burden—the same issues that are currently before the Court now.  See Joint Stip. at 9 ("Plaintiffs object to this Request on the basis of relevance, proportionality, and burden because the production of physical specimens for every Squishmallow that practices the Asserted Trade Dress is unnecessary").

Additionally, through the meet and confer process, as well as the drafting of the joint stipulation, Plaintiffs have further clarified their objections to the point where it is easily possible for the Court to address them on the merits.  Under these circumstances, the Court declines to find the objections waived.  See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1147–49 (9th Cir. 2005) (noting Rule 34 "does not contain an explicit prohibition against boilerplate objections" and rejecting a "per se waiver rule" that deems a privilege waived if it is asserted through a boilerplate objection and not otherwise timely asserted); Anson v. Weinstein, No. CV 17-8360-GW (KSX), 2019 WL 6682167 (C.D. Cal. Aug. 27, 2019) ("Here, however, the deficiencies in Miramax's written responses can be remedied by supplementation.  Therefore, the Court declines to grant Plaintiff's request that all Miramax's [boilerplate] objections to Plaintiff's First Set of RFPs be deemed waived."); Del Socorro Quintero Perez v. United States, No. 13CV1417-WQH-BGS, 2016 WL 304877, at *2 (S.D. Cal. Jan. 25, 2016) (rejecting Plaintiffs request for automatic waiver, noting that "the proper procedure when in receipt of seemingly boilerplate objections is to challenge them on their merits."); Gersh v. Anglin, No. CV 17-50-M-DLC-JCL, 2019 WL 265800, at *3 (D. Mont. Jan. 18, 2019) (reviewing merits of boilerplate objections and citing Nei v. Travelers Home and Marine Insurance Company, 326 F.R.D. 652, 657 (D. Mont. 2018) for the proposition that

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                                      Date:  March 25, 2025

Title:      *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

"even when the objecting party fails to carry its burden, the Court has an obligation to review the discovery requests to ensure that they are not frivolous").

> **2.      Defendants' requests are overbroad given the limited value of a physical inspection in this case**

The Court finds that Defendant's requests to physically inspect a specimen of each and every one of the 3000 Squishmallows products is obviously overbroad.  The Court acknowledges that comparing the various Squishmallows products in order to test the definition and boundaries of Plaintiffs' alleged trade dress is certainly a permissible use of discovery.  However, while physically inspecting each and every product would certainly be a viable method to conduct this comparison, it is not the only method, and it is certainly not the most efficient one.  Indeed, as Plaintiffs note, Defendant may inspect photos of all 3000 products, physically inspect a representative exemplar set of the products, or some combination of both.  These methods, of course, would all be significantly less burdensome to Plaintiffs, and would appear to be far more practical for both parties.  Defendant simply has not justified the significantly higher burden that would be imposed by physically inspecting all 3000 products.

Importantly, it is not clear to this Court that a physical inspection is really necessary at all.  Defendant makes much of the fact that the fifth element of Plaintiffs' alleged trade dress references the "extremely soft and squeezable marshmallow feel" created by the Squishmallow's "short-pile velvety velour-like textured exterior with a light and silky memory foam-like stuffing."  See Dkt. 25, First Amended Complaint ("FAC"), Ex. 3, ¶¶ 9, 11, 14–15, 17.  However, trade dress is usually focused on the combined visual effect of its combined elements, rather than the tactile effect.  See, e.g., Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1259 (9th Cir. 2001) ("Trade dress is the composite tapestry of visual effects.").  Indeed, Plaintiffs' FAC makes clear that they are primarily describing the texture and "feel" of the Squishmallows to further elucidate their overall visual impression.  FAC ¶ 42

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                                  Date:  March 25, 2025

Title:      *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

(preceding their description of the fifth element by noting that "[c]ompanies that
manufacture plush toys also need to choose the material for the exterior of the toy
and the material to fill the inside of the toy" and that "the choices of the exterior and
interior material can contribute to the 'look' of the plush toys").

Defendant argues that Plaintiffs are engaging in "linguistic gymnastics" by
defining the word "feel" in terms of visual impression rather than physical touch.
Def.'s Supp. at 3.  However, to the Court's eye, Plaintiffs' definition appears
consistent with the usage of the term of art "look and feel," which is commonly used
in trade dress cases to refer to the overall visual impression of a product—even
products that cannot be physically "felt," such as a website.  See, e.g., Blue Nile, Inc.
v. Ice.com, Inc., 478 F. Supp. 2d 1240, 1244 (W.D. Wash. 2007) (denying in part the
defendants' motion to dismiss a complaint that alleged trade dress rights in the "look
and feel" of a website).  Indeed, Judge Staton employed the term in this manner in her
order denying Defendant's motion to dismiss in this case.  See Dkt. 36 at 11–13.

Furthermore, despite Defendant's attempts to characterize them differently, the
Ninth Circuit jury instructions and the language Plaintiffs have used in other cases
appear facially consistent with Plaintiffs' position that the Squishmallows' texture and
"feel" is primarily related to their visual appearance.  See Model Civ. Jury Instr. 9th
Cir. § 15.3 (2007)  ("Trade dress is the non-functional physical detail and design of a
product or its packaging, which [indicates] [or] [identifies] the product's source and
distinguishes it from the products of others. Trade dress is the product's total image
and overall appearance, and may include features such as size, shape, color, color
combinations, texture, or graphics.  In other words, trade dress is the form in which a
person presents a product to the market, its manner of display.") (emphasis added);
Def.'s Supp, Ex. A ¶¶ 7–8 (Plaintiffs' expert noting that "[t]he Squishmallows look
and feel is, however, far more than a collection of eyes, fur, stuffing, and stitching. It
is also far more than a two-dimensional picture. It is a product design that provides
both a visual and physical experience to the end-user who smiles at is appearance and
enjoys in its texture and feel.").

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                                    Date:  March 25, 2025

Title:      *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

Ultimately, because it appears likely that any reference to the texture and feel of the Squishmallow products would only be relevant as far as they contribute to the overall visual impression of the products, the Court is not convinced that an actual physical inspection of the Squishmallow products is of critical relevance, as Defendant argues.  However, the Court is reluctant to issue any orders in the context of this discovery dispute that may have the unintended effect of implicitly defining the scope of Plaintiffs' asserted trade dress.  Furthermore, the Court acknowledges that Plaintiffs themselves have taken the position in previous cases that viewing the Squishmallows through photos does not accurately convey the distinct texture and feel that contributes to the overall visual impression.  See Def.'s Supp, Ex. A ¶¶ 7–8.  Accordingly, the Court finds that some degree of physical inspection would be appropriate here, though, as discussed below, an inspection of all 3000 products would be obviously disproportionate to the needs of the case.

3.      **Defendant's requests are disproportionate to the extent that they seek to inspect all 3000 Squishmallow products**

Plaintiff does not take the position that a request for physical inspection of <u>some</u> Squishmallows would be overbroad—only that the request for the inspection of <u>all</u> Squishmallows is unduly burdensome and disproportionate.  The Court agrees.  Defendant argues that "[t]he only way to test Kelly Toys' assertion that its entire line of products practice a particular texture and feel is through physical inspection of that entire product line."  Joint Stip. at 12; <u>see also</u> Def.'s Supp. at 2–3 ("The <u>only</u> way to discern the true scope of Kelly's Toys' claimed trade dress rights is to inspect and compare the Squishmallows supposedly giving rise to these rights and those purportedly lacking these same features yet which are indiscriminately marketed and sold together.").  As noted above, the Court is not convinced a physical inspection is actually necessary to comparing the visual elements of each product, but even assuming that it is, it is not self-evident that physically inspecting all 3000 products is the only way to accomplish Defendant's stated goals.  In fact, Defendant has made no

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                                    Date:  March 25, 2025

Title:     *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

effort to explain with particularity how physically inspecting all 3000 products would meaningfully differ from inspecting a representative exemplar set of, say, 100 products.

Indeed, to the extent that Defendant would be concerned that any exemplar set would not be appropriately representative or would somehow otherwise be skewed to Plaintiffs' advantage, such concerns are mitigated by Plaintiffs' willingness to meet and confer on the products in the set.  Joint Stip. at 18 n.8.  Defendant would be free to use other discovery that it receives from Plaintiffs to determine what specific products would be most helpful to inspect, and work with Plaintiff to craft an ideal composition of the set.

Ultimately, considering the factors listed in Fed. R. Civ. P. 26(b)(1), the Court finds that Defendants' requests to inspect all 3000 Squishmallows products are disproportionate to the needs of the case.  In coming to this conclusion, the Court places significant weight on the fact that Defendant has not sufficiently established that a physical inspection of any Squishmallows is critically necessary, not to mention an inspection of all 3000 of them.  Indeed, courts have found similar requests seeking far fewer individual samples to be overly burdensome and disproportionate.  See, e.g., Rembrandt Diagnostics, LP v. Innovacon, Inc., No. 316CV0698CABNLS, 2017 WL 4391707, at *2–3 (S.D. Cal. Oct. 3, 2017) (finding the production of over 1000 samples in a patent case overly burdensome and disproportionate, in part because the movant had not demonstrated not sufficient justified production of each individual sample rather than a representative set); cf 4WEB, INC. & 4WEB, LLC, Plaintiffs, v. NUVASIVE, INC., Defendant., No. 24-CV-01021-JLS-MMP, 2025 WL 834507, at *3–4 (S.D. Cal. Mar. 17, 2025) (distinguishing Rembrandt because the movant only requested three additional samples and the nonmovant had not sufficiently explained how producing the three additional samples would be burdensome).  Ultimately, even wholly accepting Defendant's arguments as to the parties' relative resources and access to information, the potential importance of the issues at stake, and the potentially high amount in controversy, the Court finds that Defendants have simply

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01169-JLS-MAR                          Date:  March 25, 2025

Title:     *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

not established that the value of inspecting 3000 products outweighs the obvious and significant burden inherent in such a venture.

## D.     COSTS AND FEES

Pursuant to Fed. R. of Civ. P. 37(a)(5)(B) ("Rule 37"), if a discovery motion is denied, the Court must, "after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Id.  However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id.

Here, the Court is denying Defendant's motion in full and essentially ordering the exact course of conduct proposed by Plaintiffs as a compromise to avoid seeking court intervention on this dispute.  Accordingly, the Court is inclined to find that the Defendant's position was not substantially justified, and the Court cannot presently identify any other circumstances that would make an award of expenses unjust. However, given that neither party substantively addressed the issue of costs in the briefing, the Court will give Defendant an opportunity to be heard before making a final determination regarding costs.

## III.
## ORDER

**IT IS THEREFORE ORDERED** that:

1)   Defendant's motion is **DENIED**.
2)   The parties are ordered to meet and confer in good faith to come up with a representative sample of Squishmallows to produce for physical inspection.  To provide the parties with flexibility in their conferring, the Court will not now order that the set be a specific size, nor will it forbid the set from including products that are not alleged to fall within

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:24-cv-01169-JLS-MAR                                      Date:  March 25, 2025

Title:     *Kelly Toys Holdings, LLC et al v. Build-A-Bear Workshop, Inc.*

Plaintiffs' asserted trade dress.  However, the Court admonishes the parties that the Court may impose further sanctions if the issue comes before the Court again, particularly if it is due to the parties' failure to adequately meet and confer in good faith.

3)    Plaintiffs shall file declarations regarding the amount of fees and costs reasonably incurred in bringing the motion, along with any necessary supporting documents, within seven days of the date of this order. Defendant may file objections to Plaintiffs' calculation of fees and costs within seven days of the filing of Plaintiff's declarations.  In addition to any objections as to the total costs, Defendant may include any argument that the motion was substantially justified, or that other circumstances make an award of expenses unjust.

**IT IS SO ORDERED.**

|   |   |
|---|---|
|   | : |
| **Initials of Preparer** | vv |